IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,**

     **Plaintiff,**

v.

**TRIAD ENGINEERING, INC.,
CAST & BAKER CORPORATION,
MICHAEL BAKER INTERNATIONAL,
INC. a/k/a MICHAEL BAKER
CORPORATION, WEST VIRGINIA
PAVING, INC., SENEX EXPLOSIVES
INC., AFFORDABLE ASPHALT
MAINTENANCE CORPORATION,
ENGINEERED ARRESTING SYSTEMS
CORPORATION d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
ROYAL TEN CATE (USA), INC., NOVEL
GEO-ENVIRONMENTAL, LLC, JMD
COMPANY, INC., ARCHITECTS &
ENGINEERS INSURANCE COMPANY,
ERIE INSURANCE GROUP, GREAT
AMERICAN INSURANCE COMPANY,
HDI-GERLING AMERICA INSURANCE
COMPANY, LANCER INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, OHIO
FARMERS INSURANCE COMPANY,
WESTFIELD INSURANCE COMPANY,
XL INSURANCE AMERICA, INC.,
NEW HAMPSHIRE INSURANCE
COMPANY, AIG AEROSPACE
INSURANCE SERVICES, INC.,
CINCINNATI INSURANCE COMPANY,
TRAVELERS INDEMNITY COMPANY,
ACE AMERICAN INSURANCE COMPANY,
JOHN DOE INSURANCE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,**

     **Defendants.**

Civil Action No. 2:15-cv-11818
(Removal from Circuit Court of
Kanawha County, West Virginia
Civil Action No. 15-C-1022)

6960971

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, Defendant Engineered Arresting Systems Corporation, d/b/a Zodiac Arresting Systems America ("Zodiac"), by undersigned counsel, has removed the above-captioned action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. As grounds for removal, Zodiac states as follows:

### I. NATURE OF REMOVED ACTION

1.     The removed case is a civil action filed on May 22, 2015, in the Circuit Court of Kanawha County, West Virginia, assigned Civil Action No. 15-C-1022 and captioned *Central West Virginia Regional Airport Authority, Inc. v. Triad Engineering, Inc., Cast & Baker Corporation, Michael Baker International, Inc. a/k/a Michael Baker Corporation, West Virginia Paving, Inc., Senex Explosives Inc., Affordable Asphalt Maintenance Corporation, Engineered Arresting Systems Corporation d/b/a Zodiac Arresting Systems America, Royal Ten Cate (USA), Inc., Novel Geo – Environmental, LLC, JMD Company, Inc., Architects & Engineers Insurance Company, Erie Insurance Group, Great American Insurance Company, HDI-Gerling America Insurance Company, Lancer Insurance Company, Liberty Mutual Insurance Company, Ohio Farmers Insurance Company, Westfield Insurance Company, XL Insurance America, Inc., New Hampshire Insurance Company, AIG Aerospace Insurance Services, Inc., Cincinnati Insurance Company, Travelers Indemnity Company, ACE American Insurance Company, John Doe Insurance Company 1, John Doe Insurance Company 2, John Doe Insurance Company 3, John Doe Insurance Companies 4-20, and John Does Nos 1 Through 20.* In accordance with 28 U.S.C. § 1446(a) and L.R.Civ.P. 3.4(b) of the Local Rules of Civil Procedure, a copy of the docket sheet and a copy of all process, pleadings, and orders served in the state court action are attached hereto as "Exhibit A."

## II. TIMELINESS OF REMOVAL

2. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after service of the Plaintiff's Amended Complaint upon the West Virginia Secretary of State on July 6, 2015, upon which it was first ascertained that this case is one which is or has become removable based on the doctrine of complete preemption under the Federal Aviation Act of 1958, 49 U.S.C. § 40101, *et seq.* ("FAAct") and/or the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA").

## III. VENUE IS PROPER

3. Venue in this case is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiff's claim occurred in and the property that is the subject of this action is situated in the Southern District of West Virginia, Charleston Division.

## IV. BASIS OF REMOVAL

4. Removal of this case is proper pursuant to 28 U.S.C. §§ 1441 and 1331 ("federal question") because it presents a federal question under the FAAct and/or the ADA based on the doctrine of complete preemption.

5. Plaintiff's Amended Complaint arises out of the failure of a mechanically stabilized earthen ("MSE") structure and engineered material arresting system ("EMAS") for a Runway Safety Area ("RSA") at Yeager Airport on March 12, 2015 in the Keystone Drive area of Charleston, WV. Yeager Airport is operated by Plaintiff Central West Virginia Regional Airport Authority, Inc. *Am. Compl.* ¶ 45.

6. The MSE, runway extension and EMAS were constructed/installed as part of an RSA extension project for Yeager Airport Runway 5-23 from 2005 to 2007 (the "RSA expansion project"). *Am. Compl.* ¶¶ 31-38.

7. Plaintiff contracted with Triad Engineering, Inc. for design and engineering work

concerning the RSA expansion project. Plaintiff contracted with Cast & Baker Corporation to serve as the contractor for construction work concerning the RSA expansion project. *Am. Compl.* ¶ 37. Plaintiff alleges that Defendants Triad Engineering, Inc., Cast & Baker Corporation, Michael Baker Corporation, West Virginia Paving, Inc., Senex Explosives, Inc., Affordable Asphalt Maintenance Corporation, and Novel Geo-Environmental, LLC were negligent with respect to the design, construction, inspection, analysis, testing, engineering, supervision of and installation of the RSA, EMAS and MSE systems. *Am. Compl.* ¶¶ 49-55. Plaintiff further alleges that Defendants Triad Engineering, Inc., Cast & Baker Corporation, Michael Baker Corporation, West Virginia Paving, Inc., Senex Explosives, Inc., Affordable Asphalt Maintenance Corporation, and Novel Geo-Environmental, LLC are liable for alleged breach of implied warranties, *Am. Compl.* ¶¶ 56-59, alleged breach of contract, *Am. Compl.* ¶¶ 60-64, and alleged breach of quasi-contract, *Am. Compl.* ¶¶ 65-68, in relation to the design, construction, inspection, analysis, testing, engineering, supervision of and installation of the RSA, EMAS and MSE systems.

      8.      Plaintiff alleges that Defendant Royal Ten Cate (USA), Inc. was the manufacturer and/or distributor of Miramesh GR and Miragrid 10XT & 20XT geosynthetic reinforcement materials utilized on the RSA expansion project. *Am. Compl.* ¶ 70.[1] Defendants Zodiac and JMD Company, Inc. were the manufacturer and/or distributor of the EMAS system. *Am. Compl.* ¶ 71. Plaintiff alleges that Defendant Royal Ten Cate (USA), Inc., Zodiac and JMD Company, Inc. are liable under theories of strict product liability, *Am. Compl.* ¶¶ 69-74, alleged breach of express warranty, *Am Compl.* ¶¶ 75-78, alleged breach of implied warranty of fitness for a particular purpose, *Am. Compl.* ¶¶ 79-84, alleged breach of the implied warranty of

---

[1] Royal Ten Cate (USA), Inc. asserts that it is not a proper party and consents to removal without waiving any of its rights, including the defense of lack of personal jurisdiction.

merchantability, *Am. Compl.* ¶¶ 85-89, and alleged negligence, *Am. Compl.* ¶¶ 90-93 in relation to the manufacture and/or distribution of the geosynthetic reinforcement materials and/or EMAS utilized in the RSA expansion project.

9. The remaining Defendants are alleged insurers of Defendants Triad Engineering, Inc., Cast & Baker Corporation, Michael Baker Corporation, West Virginia Paving, Inc., Senex Explosives, Inc., Affordable Asphalt Maintenance Corporation, Novel Geo-Environmental, LLC, Royal Ten Cate (USA), Inc., Zodiac, JMD Company, Inc. and Plaintiff Central West Virginia Regional Airport Authority, Inc. *Am. Compl.* ¶¶ 95, 105. Plaintiff seeks declaratory judgment against these defendants to provide coverage for any and all claims asserted by the Plaintiff in this litigation and that no exclusions apply to any of Plaintiff's claims. *Am. Compl.* ¶¶ 94-109.

10. RSAs, the FAA RSA Program, EMAS system design, materials, proposals, quality assurance, inspection and maintenance are regulated by the Federal Aviation Administration ("FAA"). *See* Advisory Circular Nos. 150/5300-13 (September 29, 1989), 150/5300-13A (September 28, 2012), 150/5220-22B (September 27, 2012) and/or 150/5220-22A (September 30, 2005); FAA Order 5200.8; FAA Order 5200.9; 14 C.F.R. § 139; FAAct, 49 U.S.C. § 40101, *et seq.*; ADA, 49 U.S.C. § 41713.

11. Federal statutes and regulations in the field of airline and aviation safety, including but not limited to the statutes and regulations referenced above, render this case removable under the doctrine of complete preemption.

12. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425 (1987).

13. A corollary to the well-pleaded complaint rule is the "complete preemption doctrine," which provides that a complaint "can be recharacterized as one 'arising under' federal

law if the law governing the complaint is exclusively federal." *Vaden v. Discover Bank,* 556 U.S. 49, 50, 129 S.Ct. 1262 (2009) (citing *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058 (2003)).

14. The complete preemption doctrine applies to claims when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Caterpillar,* 482 U.S. at 393 (quoting *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542 (1987)). The completely preempted state claim will thus be considered, "from its inception, a federal claim," and consequently "arises under" federal law. *Caterpillar,* 482 U.S. at 393 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983)). "[B]ecause the state claims in the complaint are converted into federal claims, the federal claims appear on the face of the complaint." *Darcangelo v. Verizon Communs., Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (citing *Taylor*, 481 U.S. at 63-65).

15. Federal law preempts the entire field of aviation safety. *See, e.g.*, *Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 368-71 (3d Cir. 1999) ("Because the legislative history of the FAA and its judicial interpretation indicate that Congress' intent was to federally regulate aviation safety, we find that *any* state or territorial standards of care relating to aviation safety are federally preempted.") (emphasis in original); *Greene v. B.F. Goodrich Avionics Sys.*, 409 F.3d 784, 795 (6th Cir. 2005) ("We agree with the Third Circuit's reasoning in *Abdullah* that federal law establishes the standards of care in the field of aviation safety and thus preempts the field from state regulation."), *cert. denied* 547 U.S. 1003, 126 S. Ct. 1465 (2006); *Montalvo v. Spirit Airlines,* 508 F.3d 464, 468 (9th Cir. 2007) ("[T]he FAA preempts the entire field of aviation safety through implied field preemption."); *In re Air Crash Near Clarence Ctr.*, 798 F. Supp. 2d 481, 485 (W.D.N.Y. 2011) ("[T]he United States Court of Appeals for the Second Circuit

resolved the first preemption inquiry, holding that 'Congress has indicated its intent to occupy the entire field of aviation safety.' ") (quoting *Goodspeed Airport LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n*, 634 F.3d 206, 212 (2d Cir. 2011)); *Goodspeed*, 634 F.3d at 210 ("Today we join our sister circuits."); *see also French v. Pan Am Express, Inc.*, 869 F.2d 1, 5 (1st Cir. 1989) ("In sum, establishment of a single uniform system of regulation in the area of air safety was one of the primary 'object[s] sought to be obtained] by passage of the [FAAct]."); *Air Line Pilots Ass'n Int'l v. Quesada*, 276 F.2d 892, 894 (2d Cir. 1960) ("The [FAAct] was passed by Congress for the purpose of centralizing in a single authority – indeed, in one administrator – the power to frame rules for the safe and efficient use of the nation's airspace.").

16. Runway Safety Areas are within the preempted field of aviation safety. *See Tweed-New Haven Airport Auth. v. Town of East Haven*, 582 F. Supp. 2d 261, 263 (D. Conn. 2008) ("RSAs are a vital component of airport safety, because they enhance the safety of air travelers by providing an area for aircraft which undershoot, overrun, or veer off the runway."); *see also Burbank-Glendale-Pasadena Airport Auth. v. Los Angeles*, 979 F.2d 1338, 1341 (9th Cir. 1992) ("The proper placement of taxiways and runways is critical to the safety of takeoffs and landings and essential to the efficient management of the surrounding airspace. The regulation of runways and taxiways is thus a direct interference with the movements and operations of aircraft, and is therefore preempted by federal law."). State law actions relating to RSAs, the FAA RSA Program, EMAS system design, materials, design proposals, quality assurance, inspection and maintenance are therefore subject to removal. *See Town of Stratford v. City of Bridgeport*, Civil Action No. 3:10-CV-394, 2010 U.S. Dist. LEXIS 65975 (D. Conn. 2010) (denying plaintiff's motion to remand action alleging breach of contract in relation to RSA construction project); *c.f. Curtin v. Port Auth.*, 183 F. Supp. 2d 664, 671-72 (S.D.N.Y. 2002) ("The comprehensive federal regulatory scheme covering emergency evacuation procedures, the

manifest purpose of the FAA to ensure safety, and the legislative history all favor finding that the standard of care is a matter of federal, not state, law. . . . Accordingly, this action presents a federal question and removal was proper.").

17. Accordingly, this case is properly removable to this Court under 28 U.S.C. § 1441 and/or 1367.

18. Zodiac submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

## IV. STATEMENT OF CONSENT TO REMOVAL

19. In accordance with 28 U.S.C. § 1446(b)(2)(A), *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) and *Stevens v. Thornsbury*, Civil Action No. 2:13-cv-31719, 2014 U.S. Dist. LEXIS 112020 (S.D. W. Va., Aug. 13, 2014), all Defendants consent to removal.[2]

WHEREFORE, Zodiac removes this action now pending in the Circuit Court of Kanawha County, West Virginia as Civil Action No. 15-C-1022, to this Court.

---

[2] National Union Fire Insurance Company of Pittsburgh, PA ("National Union") was not named in the Amended Complaint. To the extent it could be determined that National Union's consent is required to effect removal in accordance with 28 U.S.C. § 1446(b)(2)(A), Zodiac states that National Union has consented to removal.


Dated this the 5th day of August, 2015.

**Engineered Arresting Systems Corporation**
**By Counsel**
s/ John J. Meadows_____
W. Randolph Fife (WVSB # 1197)
John J. Meadows, Esq. (WVSB # 9442)
Devon J. Stewart, Esq. (WVSB # 11712)
707 Virginia Street, East
Chase Tower, Eighth Floor
Post Office Box 1588
Charleston, WV  25326-1588
Telephone:  (304) 353-8154
Telecopier:  (304) 353-8180
Randy.Fife@steptoe-johnson.com
John.Meadows@steptoe-johnson.com
Devon.Stewart@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
   **Of Counsel**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, INC.,**

      **Plaintiff,**

v.

**TRIAD ENGINEERING, INC., CAST & BAKER CORPORATION, MICHAEL BAKER INTERNATIONAL, INC. a/k/a MICHAEL BAKER CORPORATION, WEST VIRGINIA PAVING, INC., SENEX EXPLOSIVES INC., AFFORDABLE ASPHALT MAINTENANCE CORPORATION, ENGINEERED ARRESTING SYSTEMS CORPORATION d/b/a ZODIAC ARRESTING SYSTEMS AMERICA, ROYAL TEN CATE (USA), INC., NOVEL GEO-ENVIRONMENTAL, LLC, JMD COMPANY, INC., ARCHITECTS & ENGINEERS INSURANCE COMPANY, ERIE INSURANCE GROUP, GREAT AMERICAN INSURANCE COMPANY, HDI-GERLING AMERICA INSURANCE COMPANY, LANCER INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, OHIO FARMERS INSURANCE COMPANY, WESTFIELD INSURANCE COMPANY, XL INSURANCE AMERICA, INC., NEW HAMPSHIRE INSURANCE COMPANY, AIG AEROSPACE INSURANCE SERVICES, INC., CINCINNATI INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY, ACE AMERICAN INSURANCE COMPANY, JOHN DOE INSURANCE COMPANY 1, JOHN DOE INSURANCE COMPANY 2, JOHN DOE INSURANCE COMPANY 3, JOHN DOE INSURANCE COMPANIES 4-20, and JOHN DOES NOS 1 THROUGH 20,**

      **Defendants.**

Civil Action No. _____
(Removal from Circuit Court of Kanawha County, West Virginia Civil Action No. 15-C-1022)

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2015 I electronically filed the foregoing Notice of Removal via the CM/ECF system, and I caused a true copy to be served on the following counsel of record via U.S. Mail, postage prepaid, in an envelope addressed as follows:

Timothy C. Bailey, Esq.
Mark A. Barney, Esq.
BUCCI, BAILEY & JAVINS L.C.
P.O. Box 3712
Charleston, WV 25337

Anthony J. Majestro, Esq.
James C. Powell, Esq.
POWELL & MAJESTRO PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301

Scott S. Segal, Esq.
THE SEGAL LAW FIRM
810 Kanawha Blvd. East
Charleston, WV 25301

Matthew A. Nelson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
22 Capitol Street, Fifth Floor
Charleston, WV  25301

*and*

Charles R. Bailey, Esq.
Justin C. Taylor, Esq.
Jay M. Potter, Esq.
BAILEY & WYANT, PLLC
P. O. Box 3710
Charleston, WV  25337-3710

*Counsel for Plaintiff Central West Virginia Regional Airport Authority, Inc.*

Kevin A. Nelson, Esq.
Kelby T. Gray, Esq.
DINSMORE & SHOHL, LLP
900 Lee Street, Suite 600
Charleston, WV 25301

Teresa J. Dumire, Esq.
KAY CASTO & CHANEY, PLLC
1085 Van Voorhis Road, Ste. 100
Morgantown, WV 26505

John C. Palmer, IV, Esq.
ROBINSON & McELWEE, PLLC
400 Fifth Third Center
700 Virginia Street, East
Charleston, WV 25301

*and*

John D. Hoblitzell, Esq.
KAY CASTO & CHANEY, PLLC
1500 Chase Tower
P. O. Box 2031
Charleston, WV 25327-2031

*Counsel for Defendant Triad Engineering, Inc.*

Michael P. Markins, Esq.
Jennifer A. Lynch, Esq.
MANNION & GRAY CO., LPA
707 Virginia Street, East, Suite 260
Charleston, WV 25301

*Counsel for Defendant Cast & Baker Corporation*

Kristen L. Moritz, Esq.
GESK MORITZ, LLC
14 East Main Street
Carnegie, PA 15106

*Counsel for Defendant Michael Baker International, Inc.*

Norman T. Daniels, Jr., Esq.
Nicholas R. Stuchell, Esq.
DANIELS LAW FIRM, PLLC
P.O. Box 1433
Charleston, WV 25325

*Counsel for Defendant West Virginia Paving, Inc.*

Lawrence E. Morhous, Esq.
BREWSTER, MORHOUS, CAMERON, CARUTH,
MOORE, KERSEY & STAFFORD, P.L.
418 Bland Street
P. O. Box 529
Bluefield, WV 24701

*Counsel for Defendants Senex Explosives, Inc.*

Ralph E. Burnham, Esq.
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street
Suite 2100
Cincinnati, OH 45202

*Co-Counsel for Defendant Senex Explosives, Inc.*

John L. MacCorkle, Esq.
David P. Cook, Jr., Esq.
MacCORKLE LAVENDER, PLLC
P. O. Box 3283
Charleston, WV 25332-3283

*and*

Peter T. Kirchen, Esq.
KERN WOOLEY, PLLC
1100 Santa Monica Blvd.
Los Angeles, CA 90025

*Counsel for Defendant Affordable Asphalt Maintenance Corporation*

John A. Smith, Esq.
Russell A. Williams, Esq.
FLAHERTY SENSABAUGH BONASSO, PLLC
P. O. Box 3843
Charleston, WV 25338-3843

*Counsel for Royal Ten Cate (USA), Inc.*

Christopher J. McCabe, Esq.
Timothy A. Montgomery, Esq.
NERONE, GIRMAN, WINSLOW & SMITH, P.C.
1500 One Gateway Center
Pittsburgh, PA 15222

*and*

Scott H. Kaminski, Esq.
BALGO & KAMINSKI, L.C.
P. O. Box 3548
Charleston, WV 25335-3548

*Counsel for Defendant Novel GEO-Environmental, LLC*

Randall L. Trautwein, Esq.
LAMP BARTRAM LEVY TRAUTWEIN
& PERRY PLLC
P. O. Box 2488
Huntington, WV 25725

*Counsel for Defendant JMD Company, Inc.*

Lee Murray Hall, Esq.
Sarah A. Walling, Esq.
JENKINS FENSTERMAKER PLLC
P. O. Box 2688
Huntington, WV 25726

*Counsel for Defendant Architects & Engineers Insurance Company*

Christopher M. Jacobs, Esq.
DAPPER BALDASARE BENSON BEHLING & KANE, P.C.
Four Gateway Center, 10th Floor
444 Liberty Avenue
Pittsburgh, PA 15222

*Counsel for Defendant Erie Insurance Group*

Michael Bonasso
Russell A. Williams
FLAHERTY SENSABAUGH BONASSO, PLLC
P. O. Box 3843
Charleston, WV 25338-3843

*Counsel for Defendant HDI-Gerling Insurance Company*

Jared M. Tully, Esq.
William M. Harter, Esq.
FROST BROWN TODD, LLC
500 Lee Street East, Suite 401
Charleston, WV 25301

*Counsel for Defendant Liberty Mutual Insurance Company*

Gene W. Bailey, II, Esq.
Carl L. Fletcher, Jr., Esq.
HENDRICKSON & LONG, PLLC
P. O. Box 11070
Charleston, WV  25339-1070

*and*

Andrew J. Natale, Esq.
Marc A. Sanchez, Esq.
Michael J. Frantz, Jr., Esq.
FRANTZ WARD, LLP
200 Public Square, Suite 3000
Cleveland, OH  44114

*Counsel for Defendant Ohio Farmers Insurance Company*


Brent Kesner, Esq.
Jessica Whitmore, Esq.
KESNER & KESNER
P.O. Box 2587
Charleston, WV 25329

*Counsel for Defendant Westfield Insurance Company*


James P. Ruggeri, Esq.
SHIPMAN & GOODWIN, LLP
1875 K Street NW, Suite 600
Washington, DC 20006-1251

*Counsel for Defendant XL Insurance America, Inc.*


Don C. A. Parker, Esq.
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
P. O. Box 273
Charleston, WV 25321-0273

*Counsel for Defendants New Hampshire Insurance Company
and
AIG Aerospace Insurance Services, Inc.*


Adam M. Barnes, Esq.
WALSH BARNES COLLIS & ZUMPELLA, P.C.
Gulf Tower, Suite 1400
707 Grant Street
Pittsburgh, PA  15219
*Counsel for Defendant Cincinnati Insurance Company*

Alan S. Miller, Esq.
PICADIO SNEATH MILLER & NORTON, P.C.
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222

*and*

Peter G. Zurbuch, Esq.
Jeffrey S. Zurbuch, Esq.
BUSCH, ZURBUCH & THOMPSON, PLLC
P. O. Box 1819
Elkins, WV 26241-1819

*Counsel for Defendant Travelers Indemnity Company*

| | |
|---|---|
| | **Engineered Arresting Systems Corporation**<br>**By Counsel** |
| | s/ John J. Meadows<br>W. Randolph Fife (WVSB # 1197)<br>John J. Meadows (WVSB # 9442)<br>Devon J. Stewart (WVSB # 11712)<br>707 Virginia Street, East |
| **STEPTOE & JOHNSON PLLC**<br>**Of Counsel** | Chase Tower, Eighth Floor<br>Post Office Box 1588<br>Charleston, WV 25326-1588<br>Telephone: (304) 353-8154<br>Telecopier: (304) 353-8180<br>Randy.Fife@steptoe-johnson.com<br>John.Meadows@steptoe-johnson.com<br>Devon.Stewart@steptoe-johnson.com |