# EXHIBIT A

**CIVIL CASE INFORMATION STATEMENT**
**CIVIL CASES**
IN THE CIRCUIT COURT OF KANAWHA, WEST VIRGINIA

FILED

2015 MAY 22  PM 4: 19

CATHY GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT

I.      CASE STYLE:

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

        Plaintiff,

v.                                          Civil Action No. 15-C-1022
                                            Judge Kaufman

| | | |
|---|---|---|
| TRIAD ENGINEERING, INC., a West Virginia corporation; | 30 | Secretary of State |
| CAST & BAKER CORPORATION, a Pennsylvania corporation; | 30 | Secretary of State |
| MICHAEL BAKER INTERNATIONAL, INC. a/k/a MICHAEL BAKER CORPORATION, A Delaware corporation | 30 | Secretary of State |
| WEST VIRGINIA PAVING, INC., a West Virginia corporation; | 30 | Secretary of State |
| SENEX EXPLOSIVES INC., a Pennsylvania corporation; | 30 | Secretary of State |
| AFFORDABLE ASPHALT MAINTENANCE CORPORATION, a West Virginia Corporation; | 30 | Secretary of State |
| ENGINEERED ARRESTING SYSTEMS CORPORATION, d/b/a ZODIAC ARRESTING SYSTEMS AMERICA, a Delaware Corporation; | 30 | Secretary of State |
| ROYAL TEN CATE (USA), INC., a Delaware Corporation; | 30 | Secretary of State |

SCANNED



PYMT Type K
Rcpt #529153        $200 ✓ $135___
Iss. Sum. ✓6 cc    ___No Sum. Iss
✓Ret. to Atty.      ___$20cm X ___
___Mailed CM/RM    ___$5 clk X ___
___Mailed to sos w/ck#
___Sent to _____ w/ck# _____

| | | |
|---|---|---|
| NOVEL GEO – ENVIRONMENTAL, LLC,<br>A Pennsylvania corporation<br>JMD COMPANY, INC.<br>A Delaware corporation. | 30 | Secretary of State |
| ARCHITECTS & ENGINEERS INSURANCE<br>COMPANY,<br>A Delaware corporation, | 30 | Secretary of State |
| ERIE INSURANCE GROUP,<br>A Pennsylvania corporation, | 30 | Secretary of State |
| GREAT AMERICAN INSURANCE COMPANY,<br>An Ohio corporation, | 30 | Secretary of State |
| HDI-GERLING AMERICA INSURANCE COMPANY,<br>A Illinois corporation, | 30 | Secretary of State |
| LANCER INSURANCE COMPANY,<br>A Delaware corporation, | 30 | Secretary of State |
| LIBERTY MUTUAL INSURANCE COMPANY,<br>A Massachusetts corporation, | 30 | Secretary of State |
| OHIO FARMERS INSURANCE COMPANY,<br>An Ohio corporation, | 30 | Secretary of State |
| WESTFIELD INSURANCE COMPANY,<br>An Ohio corporation, | 30 | Secretary of State |
| XL INSURANCE AMERICA, INC.,<br>A Delaware corporation, | 30 | Secretary of State |
| NEW HAMPSHIRE INSURANCE COMPANY<br>A Pennsylvania corporation, | 30 | Secretary of State |
| AIG AEROSPACE INSURANCE SERVICES, INC.<br>A  Georgia corporation, | 30 | Secretary of State |
| JOHN DOE INSURANCE COMPANY 1, | | |
| JOHN DOE INSURANCE COMPANY 2, | | |
| JOHN DOE INSURANCE COMPANY 3, | | |
| JOHN DOE INSURANCE COMPANY 4-20, | | |

And JOHN DOES NOS 1 THROUGH 20,

     Defendants.

Original and _____ copies of Complaint furnished herewith.

PLAINTIFF: CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, INC.,

DEFENDANT: TRIAD ENGINEERING, INC., et al.

---

II.  TYPE OF CASE:_

III.  JURY DEMAND:  **YES**
    CASE WILL BE READY FOR TRIAL BY:

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE?  **NO**

---

ATTORNEY NAME: Scott S. Segal

_____   Dated: _5/21/15_____

Scott S. Segal (WVSB #4717)
Samuel A. Hrko (WVSB #7727)
THE SEGAL LAW FIRM
810 Kanawha Blvd. East
Charleston, West Virginia 25301
Telephone (304) 344-9100

Timothy C. Bailey (WV # 5839)
Mark A. Barney (WV # 10282)
BUCCI, BAILEY & JAVINS L.C.
Post Office Box 3712
Charleston, West Virginia 25337
(304) 345-0346

Anthony J. Majestro (WVSB 5165)
Powell & Majestro PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
304-346-2889

   Representing Plaintiff

# CASE REASSIGNMENT

This form should be used for the expeditious reassignment of cases pursuant to the new case management system.  It should be forwarded to the Chief Judge's Office.

*FILED*
2015 JUN 16  PH 4: 23
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

June 15, 2015

**Case:** 15-C-1022

CENTRAL REGIONAL WV AIRPORT AUTHORITY

v.

TRIAD ENGINEERING, INC.

Requested by:  __Judge Tod J. Kaufman__  ( TJK )

(Please Check One) Recuse   **X**   Retain _____      Other _____

**Reason:**     See attached recusal memo.

_QCS_     Approved by Chief Judge

**********************************************************

__New Assignment__

Random Rotation by Circuit Clerk: _____Webster  6/16/15_____
                                           (Name of Judge Drawn)

The Clerk is directed to send certified copies of this Case Reassignment to all parties or counsel of record.

ICM:  Scott Segal, Esq.          Timothy Bailey Esq.        Anthony Majestro Esq.
      810 Kanawha Blvd E         Mark Bailey, Esq.          James Powell Esq.
      Chas, WV 25301             PO Box 3712                405 Capitol St Suite P1200
                                 Chas, WV 25337             Chas, WV 25301

 SCANNED

June 16, 2015

15-C-1022

### Recusal Memo to the Chief Judge and File of the Case

*Re: Central West Virginia Regional Airport v. Triad Engineering, Inc., et al.*

### Context of Conflict

On Monday morning, April 27, 2015, while driving to work at 8:30 a.m., the undersigned judge was t-boned by a driver who ran the red light at Tennessee and Randolph Street.  Soon thereafter, because of the seriousness of the wreck, the undersigned judge retained counsel on or about April 29, 2015.

On May 22, 2015, Yeager Airport filed suit (*Central West Virginia Regional Airport v. Triad Engineering, Inc., et al.*, "Yeager," Civil Action No. 15-C-1022) against some twenty companies involved with the design and construction of its runway extension project. The undersigned judge was randomly assigned this case on May 22, 2015.

\*          \*          \*          \*

Subsequent to the judge retaining counsel in his own legal matter, his lawyer sometime in May (after the undersigned judge had been assigned the Yeager case) was retained by one of the parties in "Yeager" as an insurance consultant in the "Yeager" case on the insurance and/or bond issues involved. Thus, a conflict, or at least the appearance of a conflict with the judge, has arisen and must be disclosed. The insurance consulting was not known at the time or foreseeable to the judge when he retained counsel.

Recusal

The "Yeager case" is and essentially will be an "insurance case". Further, the Court understands that, in a case of this many defendants and this much at stake to all parties concerned, that cross claims, adding parties and amending the complaint with additional parties could well occur over considerable time. With a motion to recuse coming late in the case always a possibility, the case would be delayed and a new judge might likely be reassigned at a later date if the present judge was the subject of recusal and attempted to preside, undermining the credibility of the case. Further, the attorney-client relationship issue with the insurance consultant can never be taken out of the case.

Conclusion

Thus, understanding that appearances of fairness and absence of conflict are paramount, that an attorney/client privilege exists between the judge and a significant insurance consultant (who could well be subpoenaed as an expert at trial), the undersigned reluctantly must recuse himself from this case because the ends of justice so require. Case law around the country supports recusal in the event the judge's present lawyer is or could be the dispositive witness/advocate in the ultimate insurance issues, as a matter of law in a case just like this.

Tod J. Kaufman, Judge

## IN THE CIRCUIT COURT OF KANAWHA COUNTY

FILED
2015 JUN 24  AH 11: 41
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

### REQUEST FOR CASE REASSIGNMENT

This form should be used for the expeditious assignment of cases pursuant to the new
case management system.  It should be forwarded to the Chief Judge and filed with the Clerk.

Civil Action No.  15-C-1022

**CENTRAL REGIONAL WV AIRPORT AUTHORITY**
**v.**

**TRIAD ENGINEERING, INC.**

Requested by: _____  Date: __6/23/15__

**Judge Carrie L. Webster**

(Please check one):     __X__ Recuse _____ Retain ____ Other

**REASON:**  Prior to her judicial appointment, the undersigned was employed by and a
practicing attorney at the law firm of Bucci, Bailey and Javins (2000 to 2009), who presently
represents the Plaintiff in the above-styled case.  Thus, during the pendency of her first term
as circuit judge (2010-2016), it has been the practice of the undersigned to recuse herself
from cases involving her former employer, and does so in the instant case so that any
appearance of conflict or bias is avoided.

_JCS_____ Approved by Chief Judge            _____ Denied by Chief Judge

---

### NEW ASSIGNMENT

Random Rotation by Circuit Clerk:  _____**Tabit**__ 6/24/15___

(Name of Assigned Judge)

The Circuit Clerk is **DIRECTED** to send a copy of this *Voluntary Recusal and Case Reassignment*
*Form* to counsel of record and/or any unrepresented parties.

ICM: Anthony Majestro Esq.        Scott Segal Esq.        Timothy Bailey Esq.
405 Capitol St Suite P1200        810 Kanawha Blvd E        213 Hale St
Chas, WV 25301                    Chas WV 25301            P O Box 3712
                                                          Chas, WV 25337

 SCANNED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

        Plaintiff,

v.                                                              Civil Action No. 15-C-1022
                                                     Judge Joanna Tabit

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,
LANCER INSURANCE COMPANY,
A Delaware corporation,

SCANNED



LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

      Defendants.

FILED

2015 JUN 25 PM 1: 12

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## NOTICE OF HEARING

On June 25, 2015, comes the Plaintiff, by and through counsel, and notifies the parties that a hearing on **Emergency Motion to Preserve Real Evidence** will be held on **Thursday, July 2, 2015, beginning at 9:00 a.m.** before the Honorable Joanna Tabit, at the Kanawha County Courthouse, 111 Court Street, Charleston, West Virginia. All parties are invited to attend and protect their interests.

                            **CENTRAL WEST VIRGINIA REGIONAL
                            AIRPORT AUTHORITY, INC.,
                            By Counsel**

Anthony J. Majestro (WVSB 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax:    304-346-2895

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

FILED

2015 JUN 25  PM 1: 12

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

       Plaintiff,

v.

       Civil Action No. 15-C-1022
       Judge Joanna Tabit

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,
LANCER INSURANCE COMPANY,
A Delaware corporation,

LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

   Defendants.

FILED

2015 JUN 25  PM 1: 12

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## CERTIFICATE OF SERVICE

   On June 25, 2015 comes the undersigned counsel and does hereby certify that service of

the attached **Emergency Motion to Preserve Real Evidence** has been made upon all parties by

facsimile transmission, email and/or USPS as indicated on the attached Service List.


                _____
                Anthony J. Majestro (WVSB 5165)

Central West Virginia Regional Airport Authority, Inc. v. Triad Engineering, Inc.
Civil Action No. 15-C-1022 (Judge Tabit)
### SERVICE LIST

*Via Facsimile & Email*
Teresa Dumire, Esq.
Kay Casto & Chaney, PLLC
1085 Van Voorhis Road
Morgantown, WV 26505
Phone: 304-225-0970 x13
Fax: 304-225-0974
Email: tdumire@kaycasto.com

*Via Facsimile & Email*
Kevin A. Nelson, Esq.
Dinsmore & Shohl PC
Huntington Square
900 Lee Street, East, Suite 600
Charleston, WV 25301
Phone: 304-720-7545
Fax: 304-344-4309
kevin.nelson@dinsmore.com

*Via Facsimile & Email*
John C. Palmer, Esq.
Robinson & McElwee, Esq.
Charleston, WV
Phone: 304-347-8324
Fax: 304-344-9566
jcp@ramlaw.com
*Counsel for Defendant Triad Engineering, Inc.*

*Via Facsimile & Email*
Jack Smith, Esq.
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Charleston, WV 25338-3843
Phone: 304-205-6386
Fax: 304-345-0260
jsmith@fsblaw.com
*Counsel for Defendant Royal Ten Cate (USA), Inc.*

*Via USPS*
Ace American Insurance Company
c/o Saverio M. Rocca, Esq.
436 Walnut Street WA04K
Philadelphia, PA 19106

*Via Facsimile & Email*
Michael P. Markins, Esq.
Mannion & Gray Co., LPA
707 Virginia Street, East, Suite 260
Charleston, WV 25301
Phone: 304-932-0151
Fax: 304-513-4243
mmarkins@manniongray.com
*Counsel for Defendant Cast & Baker Corporation*

*Via Facsimile & Email*
Norman T. Daniels, Jr., Esq.
Daniels Law Firm PLLC
BB&T Square
300 Summers Street, Suite 1270
Charleston, WV 25301
Phone: 304-342-6666
Fax: 304-342-6677
normdaniels@danielslawfirm.com
*Counsel for Defendant West Virginia Paving, Inc.*

*Via Facsimile & Email*
Brent Kesner, Esq.
Kesner & Kesner
112 Capitol Street
PO Box 2587
Charleston, WV 25329
Phone: 304-345-5200
Fax: 304-345-5265
Email: bkesner@kesnerlaw.com
*Counsel for Defendant Westfield Insurance Company*

*Via USPS*
Affordable Asphalt Maintenance Corp.
Gary L. Painter
PO Box 207
Parkersburg, WV 26102

Central West Virginia Regional Airport Authority, Inc. v. Triad Engineering, Inc.
Civil Action No. 15-C-1022 (Judge Tabit)
**SERVICE LIST**

*Via USPS*
AIG Aerospace Insurance Services, Inc.
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

*Via USPS*
Architects & Engineers Insurance Company
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

*Via USPS*
Cincinnati Insurance Company
c/o Mark Welsh
6200 South Gilmore Road
Fairfield, OH 45014

*Via USPS*
Engineered Arresting Systems Corporation
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

*Via USPS*
Erie Insurance Group
100 Erie Insurance Place
PO Box 1699
Erie PA 16530

*Via USPS*
Great American Insurance Company
301 E. Fourth Street
Cincinnati, OH 45202

*Via USPS*
HDI-Gerling America Insurance Company
Stephen Youngerman
11150 W. Olympic Blvd, Suite 900
Glendale, CA 90064

*Via USPS*
JMD Company, Inc.
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

*Via USPS*
Lancer Insurance Company
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

*Via USPS*
Michael Baker Int'l, Inc.
The Corporation Trust Company
Corporation Trust Center 1209 Orange Street
Wilmington, DE 19801

*Via USPS*
New Hampshire Insurance Company
George P. Lagos
1750 Elm Street
Manchester, NH 03107

*Via USPS*
Novel Geo-Environmental, LLC
171 Montour Run Road
Moon Twp, PA 15108

*Via USPS*
Ohio Farmers Insurance Company
One Park Circle
Westfield Center, OH 44251

*Via USPS*
Senex Explosives Inc.
710 Millers Runs Road
Cuddy, PA 15031

6

Central West Virginia Regional Airport Authority, Inc. v. Triad Engineering, Inc.
Civil Action No. 15-C-1022 (Judge Tabit)
**SERVICE LIST**

*Via USPS*
Travelers Indemnity Company
c/o Corporation Service Company
209 West Washington Street
Charleston, WV 25302

*Via USPS*
XL Insurance America, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

*Via USPS*
Liberty Mutual Insurance Company
Corporation Service Company
84 State Street
Boston, MA 02109



# POWELL & MAJESTRO PLLC

ATTORNEYS AT LAW

405 CAPITOL STREET
SUITE P-1200
P.O. Box 3081
CHARLESTON, WV 25331

PHONE (304) 346-2889
FAX (304) 346-2895

F I L E D

2015 JUN 25   PH 1: 12

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

WRITER'S E-MAIL
paula@powellmajestro.com

June 25, 2015

***Via Facsimile 304-357-0473***

Kanawha County Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301

           RE:    **Central WV Regional Airport Authority,**
                  **Inc. v. Triad Engineering, Inc., et al.**
                  **Civil Action No. 15-C-1022 (Tabit)**

Dear Clerk:

Pursuant to W.Va. T.C.R. 12.04, please find enclosed for facsimile filing the attached **Notice of Hearing** regarding the **Emergency Motion to Preserve Real Evidence** that was filed yesterday.

Copies of the Notice and Motion were forwarded to counsel as indicated on the Notice of Hearing Certificate of Service. A copy of the Notice of Hearing was provided to Judge Tabit by facsimile transmission.

Should you have any questions regarding this filing, please do not hesitate to call.

Sincerely,

*Paula J Moore*

Paula J. Moore
Paralegal to Anthony J. Majestro

:pjm
Enclosures
cc:     The Honorable Joanna Tabit (Fax: 304-357-9859)
        COS Service List (as indicated)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA
REGIONAL AIRPORT AUTHORITY, INC.,
a West Virginia Corporation,

2015 JUN 29  AM 9: 04

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

       Plaintiff,

v.

Civil Action No.: 15-C-1022
Judge Carrie Webster

TRIAD ENGINEERS, INC., a
West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
a Delaware corporation;
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES, INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION, a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS CORPORATION,
d/b/a ZODIAC ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO-ENVIRONMENTAL, LLC,
a Pennsylvania corporation;
JMD COMPANY, INC., a Delaware corporation;
ARCHITECTS & ENGINEERS INSURANCE COMPANY,
a Delaware corporation;
ERIE INSURANCE GROUP, a Pennsylvania corporation;
GREAT AMERICAN INSURANCE COMPANY,
an Ohio corporation;
HDI-GERLING AMERICA INSURANCE COMPANY,
An Illinois corporation; LANCER INSURANCE COMPANY,
A Delaware corporation; LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts corporation;
OHIO FARMERS INSURANCE COMPANY,
an Ohio corporation; WESTFIELD INSURANCE COMPANY,
An Ohio corporation; XL INSURANCE AMERICAN, INC.,
a Delaware corporation; JOHN DOE INSURANCE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2;
JOHN DOE INSURANCE COMPANY 3;

Page 1 of 4



SCANNED



JOHN DOE INSURANCE COMPANIES 4-20; and
JOHN DOES NOS 1 THROUGH 20,

      Defendants.

## NOTICE OF APPEARANCE ON BEHALF OF WEST VIRGINIA PAVING, INC.

COME NOW Norman T. Daniels, Jr., Nicholas R. Stuchell and Daniels Law Firm, P.L.L.C., and

hereby enter their appearance as counsel of record on behalf of Defendant, *West Virginia Paving, Inc.* in

the above-styled action.

Please direct all future mailings in this matter to:

        Norman T. Daniels, Jr. (WVSB 937)
        Nicholas R. Stuchell (WVSB # 11304)
        Daniels Law Firm, PLLC
        BB&T Square; 300 Summers Street; Suite 1270
        P. O. Box 1433
        Charleston, WV  25325
        Phone: (304) 342-6666; Fax: (304) 342-6677
        NormDaniels@DanielsLawFirm.com
        Nstuchell@DanielsLawFirm.com

                WEST VIRGINIA PAVING, INC.

                By Counsel

*Norman T. Daniels*

Norman T. Daniels, Jr., Esquire (WVSB # 937)
Nicholas R. Stuchell, Esquire (WVSB # 11304)
DANIELS LAW FIRM, PLLC
BB&T Square; 300 Summers Street; Suite 1270
P. O. Box 1433
Charleston, WV   25325
304-342-6666; fax: 304-342-6677
normdaniels@danielslawfirm.com
Nstuchell@danielslawfirm.com

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA
REGIONAL AIRPORT AUTHORITY, INC.,
a West Virginia Corporation,

2015 JUN 29 AM 9: 04

CATHY S. GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT

Plaintiff,

v.

Civil Action No.: 15-C-1022
Judge Carrie Webster

TRIAD ENGINEERS, INC., a
West Virginia corporation; et al

Defendants.

## CERTIFICATE OF SERVICE

I, the undersigned counsel for West Virginia Paving, Inc., hereby certify that on June 25, 2015, I served the foregoing, *Notice of Appearance on Behalf of West Virginia Paving, Inc.* upon the below-listed parties, by depositing a true and exact copy of the same in the regular course of the United States mail, first class postage prepaid, in envelopes addressed as follows:

| | | |
|---|---|---|
| Scott S. Segal, Esquire (WV # 4717)<br>THE SEGAL LAW FIRM<br>810 Kanawha Blvd., East<br>Charleston, WV 25301<br>304-344-9100<br>Scott.segal@segal-law.com<br>*Counsel for Plaintiff* | Timothy C. Bailey, Esq. (WV # 5839)<br>Mark A. Barney, Esq. (WV # 10282)<br>BUCCI BAILEY & JAVINS, LC<br>213 Hale Street; P. O. Box 3712<br>Charleston, WV 25337<br>304-345-0346<br>timbailey@bbjlc.com;<br>mbarney@bbjlc.com<br>*Counsel for Plaintiff* | Anthony J. Majestro, Esq. (WV # 5165)<br>James C. Powell, Esq. (WV # 2957)<br>POWELL & MAJESTRO, PLLC<br>405 Capitol Street; Suite P 1200<br>Charleston, WV 25301<br>304-346-2889<br>amajestro@powellmajestro.com<br>*Counsel for Plaintiff* |
| Teresa Dunmire, Esquire<br>KAY CASTO & CHANEY, PLLC<br>1085 Van Vorrhis Road<br>Morgantown, WV 26505<br>304-225-0970 Ext. 13; 304-225-0974<br>tdunmire@kaycasto.com | Kevin A. Nelson, Esquire<br>DINSMORE & SHOHL PC<br>Huntington Square<br>900 Lee Street, East; Suite 600<br>Charleston, WV 25301<br>304-720-7545; 304-344-4309<br>kevin.nelson@dinsmore.com | John C. Palmer, Esquire<br>ROBINSON & McELWEE<br>Charleston, WV<br>304-347-8324; 304-349-9566<br>jcp@ramlaw.com<br>*Counsel for Triad Engineering, Inc.* |
| Jack Smith, Esquire<br>FLAHERTY SENSABAUGH<br>BONASSO, PLLC<br>200 Capitol Street<br>Charleston, WV 25301<br>304-205-6386; 304-345-0260<br>jsmith@fsblaw.com<br>*Counsel for Royal Ten Cate (USA), Inc.* | Michael P. Markins, Esquire<br>MANNION & GRAY CO., LPA<br>707 Virginia Street, East; Suite 260<br>Charleston, WV 25301<br>304-932-0151; 304-513-4243<br>mmarkins@manniongray.com<br>*Counsel for Cast & Baker<br>Corporation* | Brent Kesner, Esquire<br>KESNER & KESNER<br>112 Capitol Street<br>P. O. Box 2587<br>Charleston, WV 25329<br>304-345-5200; 304-345-5265<br>bkesner@kesnerlaw.com<br>*Counsel for Westfield Insurance Comp.* |
| Ace American Insurance Company<br>c/o Saverio M. Rocca, Esquire<br>436 Walnut Street WA04K<br>Philadelphia, PA 19106 | Affordable Asphalt Maintenance Corp.<br>Gary L. Painter<br>P. O. Box 207<br>Parkersburg, WV 26102 | AIG Aerospace Insurance Services, Inc.<br>Corporation Service Company<br>2711 Centerville Road; Suite 400<br>Wilmington, DE 19808 |

Page 3 of 4

| | | |
|---|---|---|
| Cincinnati Insurance Company<br>c/o Mark Welsh<br>6200 South Gilmore Road<br>Fairfield, OH   45014 | Erie Insurance Group<br>100 Erie Insurance Place<br>P. O. Box 1699<br>Erie, PA   16530 | HDI-Gerling America Insurance Comp<br>Stephen Youngerman<br>11150 W. Olympic Blvd., Suite 900<br>Glendale, CA   90064 |
| Lancer Insurance Company<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE   19801 | New Hamshire Insurance Company<br>George P. Lagos<br>1750 Elm Street<br>Manchester, NH   03107 | Ohio Farmers Insurance Company<br>One Park Circle<br>Westfield Center, OH   44251 |
| Architects & Engineers Insurance Comp<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE   19801 | Engineered Arresting Systems<br>Corporation<br>Corporation Service Company<br>2711 Centerville Road; Suite 400<br>Wilmington, DE   19808 | Great American Insurance Company<br>301 E. Fourth Street<br>Cincinnati, OH   45202 |
| JMD Company, Inc.<br>Corporation Service Company<br>2711 Centerville Road; Suite 400<br>Wilmington, DE   19808 | Michael Baker Int'l, Inc.<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE   19801 | Novel Geo-Environmental, LLC<br>171 Montour Run Road<br>Moon Twp, PA   15108 |
| Senex Explosives, Inc.<br>710 Millers Run Road<br>Cuddy, PA   15031 | Travelers Indemnity Company<br>c/o Corporation Service Company<br>209 West Washington Street<br>Charleston, WV   25302 | Liberty Mutual Insurance Company<br>Corporation Service Company<br>84 State Street<br>Boston, MA   02109 |
| XL Insurance America, Inc.<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE   19801 | | |

Norman T. Daniels, Jr. (WVSB # 937)

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2015 JUL -6  AM 10: 56

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

**Control Number:** 66235

**Defendant:** AFFORDABLE ASPHALT
MAINTENANCE CORPORATION
PO BOX 207
PARKERSBURG, WV 26102 US

**Agent:** GARY PAINTER

**County:** Kanawha

**Civil Action:** 15-C-1022

**Certified Number:** 92148901125134100000711282

**Service Date:** 6/30/2015

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

**SCANNED**
*MC*

14 - 15

## SUMMONS
## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2015 JUL -6 AM 10:

CATHY S.
KANAWHA COUNTY CIRCUIT CL

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

v.                                 Civil Action No. 15-C-1022

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia Corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware Corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware Corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,

2015 JUL -6 AM 10: 57

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,
LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
A Pennsylvania corporation,
AIG AEROSPANCE INSURANCE SERVICES, INC.,
A Georgia corporation,
CINCINNATI INSURANCE COMPANY,
An Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
A Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE COMPANY 4-20,
And JOHN DOES NOS 1 THROUGH 20,

      Defendants.

**To the above-named Defendant:**   **Affordable Asphalt Maintenance Corporation**
                                   **Gary L. Painter**
                                   **P.O. Box 207**
                                   **Parkersburg, WV  26102**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned

and required to serve upon Bucci Bailey & Javins, L.C., plaintiff's attorney, whose address is

Post Office Box 3712, Charleston, West Virginia, 25337, an answer, including any related

counterclaim you may have, to the amended complaint filed against you in the above-styled civil

action, a true copy of which is herewith delivered to you.  You are required to serve your answer

within **30** days after service of this summons upon you, exclusive of the day of service.  If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _____ 6-18-15 _____

_____Cathy S. Gatson, Clerk_____

By CRigh                    Clerk of the Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

2015 JUN 18  AM 11: 21

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.

Civil Action No. 15-C-1022
Judge Kaufman

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

       Defendants.

## AMENDED COMPLAINT

The plaintiff, Central West Virginia Regional Airport Authority, Inc., for its complaint, hereby alleges as follows:

### PARTIES

1.    Plaintiff Central West Virginia Regional Airport Authority, Inc., ("the Authority") is a political subdivision of the State of West Virginia, governed by a board comprised of representatives of Kanawha, Putnam, Lincoln, Boone, and Nicholas Counties, and the City of Charleston.   At all relevant times, plaintiff Authority owned and operated Yeager Airport in Charleston, Kanawha County, West Virginia.

2

2.     Defendant Triad Engineering, Inc. ("Triad") is a West Virginia corporation. Upon information and belief, its principal place of business is now in Pittsburgh, Pennsylvania. At all relevant times, Defendant Triad has been licensed to conduct and has been conducting business in the State of West Virginia.   Triad provided design, engineering, supervision, inspection, monitoring, and advice with regard to the subject project discussed herein.  Additionally, after completion of the subject project, defendant Triad continued to provide such services.

3.     Defendant Cast & Baker Corporation ("Cast") is a Pennsylvania Corporation with its principal place of business in Cannonsburg, Pennsylvania.  At all relevant times, Defendant Cast has been licensed to conduct and has been conducting business in the State of West Virginia, and was the general contractor on the subject project.   Cast provided design, engineering, supervision, inspection, monitoring, advice, construction work and other construction related services on the subject project.  Additionally, after completion of the project, defendant Cast continued to provide such services.

4.     Defendant Michael Baker International, Inc., a/k/a Michael Baker Corporation ("Michael Baker") is a Delaware Corporation.  Michael Baker designed and inspected the RSA and MSE system as described herein.

5.     Defendant West Virginia Paving, Inc. ("WV Paving") is a West Virginia corporation.  Upon information and belief, its principal place of business is in Dunbar, Kanawha County, West Virginia.  At all relevant times, Defendant WV Paving has been licensed to conduct and has been conducting business in the State of West Virginia.  WV Paving provided paving services and products upon which an EMAS system, discussed herein, was installed on the subject project.

3

6.      Defendant Senex Explosives, Inc. ("Senex") is a Pennsylvania corporation.   At all relevant times, Defendant Senex has been licensed to conduct and has been conducting business in the State of West Virginia.  Senex provided explosives and blasting services on the subject project.

7.      Defendant Affordable Asphalt Maintenance Corporation ("Affordable Asphalt") is a West Virginia corporation.  Upon information and belief, its principal place of business is in Mineral Wells, Wood County, West Virginia.  At all relevant times, Defendant Affordable Asphalt has been licensed to conduct and has been conducting business in the State of West Virginia.  Defendant Affordable Asphalt installed the subject EMAS system discussed herein.

8.      Defendant Engineered Arresting Systems Corporation ("Engineered Arresting") is a Delaware corporation.   At all relevant times, Defendant Engineering Arresting has been licensed to conduct and has been conducting business in the State of West Virginia.  Defendant Engineering Arresting designed, sold, distributed and/or manufactured the EMAS system described herein and provided advice and expertise in the selection and installation of the EMAS system.

9.      Defendant Royal Ten Cate (USA), Inc.  ("Royal Ten") is a Delaware corporation. At all relevant times, Defendant Royal Ten has been licensed to conduct and has been conducting business in the State of West Virginia.  Defendant was the manufacturer and/or distributor of the geosynthetic materials utilized on the subject project including the Miramesh GR, and the Miragrid 10XT & 20XT.

10.     Defendant Novel Geo-Environmental, LLC ("Novel') is a Pennsylvania corporation.  At all relevant times, Defendant Novel has been licensed to conduct and has been

4

conducting business in the State of West Virginia.  Defendant Novel provided quality-control services including geotechnical compaction testing and/or analysis for the subject project.

11.     Defendant JMD Company, Inc., ("JMD') is a Delaware corporation.   At all relevant times, Defendant JMD has been licensed to conduct and has been conducting business in the State of West Virginia. Defendant JMD distributed and/or modified the geosynthetic materials utilized on the subject product including the Miramesh GR and Miragrid 10XT & 20XT, and further provided advice and expertise in the selection and installation of the subject products.

12.     Defendant Architects & Engineers Insurance Company ("Architects") is a Delaware corporation.  At all relevant times, Defendant Architects has been licensed to conduct and has been conducting business in the State of West Virginia.

13.     Defendant Erie Insurance Group ("Erie") is a Pennsylvania corporation.   At all relevant times, Defendant Erie has been licensed to conduct and has been conducting business in the State of West Virginia.

14.     Defendant Great American Insurance Company ("Great American") is an Ohio corporation.  At all relevant times, Defendant Great American has been licensed to conduct and has been conducting business in the State of West Virginia.

15.     Defendant, Lancer Insurance Company ("Lancer") is a Delaware corporation.  At all relevant times, Defendant Lancer has been licensed to conduct and has been conducting business in the State of West Virginia.

16.     Defendant, HDI-Gerling America Insurance Company ("HDI-Gerling") is a Illinois corporation.  At all relevant times, Defendant HDI-Gerling has been licensed to conduct and has been conducting business in the State of West Virginia.

5

17.    Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation. At all relevant times, Defendant Liberty has been licensed to conduct and has been conducting business in the State of West Virginia.

18.    Defendant Ohio Farmers Insurance Company ("Ohio") is an Ohio corporation. At all relevant times, Defendant Ohio has been licensed to conduct and has been conducting business in the State of West Virginia.

19.    Defendant Westfield Insurance Company ("Westfield") is an Ohio corporation. At all relevant times, Defendant Westfield has been licensed to conduct and has been conducting business in the State of West Virginia.

20.    Defendant, XL Insurance America, Inc. ("XL") is an Delaware corporation. At all relevant times, Defendant XL has been licensed to conduct and has been conducting business in the State of West Virginia.

21.    Defendant, New Hampshire Insurance Company ("New Hampshire") is a Pennsylvania corporation. At all relevant times, Defendant New Hampshire has been licensed to conduct and has been conducting business in the State of West Virginia.

22.    Defendant, AIG Aerospace Insurance Services, Inc. ("AIG Aerospace") is a Georgia corporation. At all relevant times, Defendant AIG Aerospace has been licensed to conduct and has been conducting business in the State of West Virginia.

23.    Defendant, Cincinnati Insurance Company ("Cincinnati") is an Ohio corporation. At all relevant times, Defendant Cincinnati has been licensed to conduct and has been conducting business in the State of West Virginia.

6

24.     Defendant, Travelers Indemnity Company ("Travelers") is a Connecticut corporation.  At all relevant times, Defendant Travelers has been licensed to conduct and has been conducting business in the State of West Virginia.

25.     Defendant ACE American Insurance Company ("ACE") is a Pennsylvania corporation.  At all relevant times, Defendant ACE has been licensed to conduct and has been conducting business in the State of West Virginia.

26.     Defendants John Doe Insurance Companies Nos. 1 through 20 are potentially unknown insurance companies or other entities.

27.     Defendants John Doe Nos. 1 through 20 are potentially unknown defendants in this action who will be discovered during the course of discovery.

## JURISDICTION AND VENUE

28.     That at all times mentioned herein, the Defendants Triad, Cast, Michael Baker, WV Paving, Senex, Affordable Asphalt, Engineered Arresting, Royal Ten, Novel, Architects, Erie, Great American, HDI-Gerling, Lancer, Liberty, Ohio Farmers, Westfield, XL, New Hampshire and AIG Aerospace are now and/or were corporations doing business in Kanawha County, West Virginia.

29.     Jurisdiction and venue are appropriate in the Circuit Court of Kanawha County, West Virginia, pursuant to W. Va. Code § 56-1-1, in that the events giving rise to this cause of action occurred in Kanawha County, West Virginia; one or more defendant does business in West Virginia; and plaintiff avails itself of the Circuit Court of Kanawha County, West Virginia, pursuant to the principles set forth in W. Va. Code §56-1-1 and W. Va. Code §56-1-1a.

30.     The claims raised herein are claims under West Virginia law and do not concern any federal law or federal constitutional provision.

7

FACTS

31.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 30.

32.     Yeager Airport sits on a man-made plateau that was constructed in the 1940s by removing portions of the ridge and hilltops. In the original grading process, more than 9 million cubic yards of earth and rock were moved with the aid of more than 2 million pounds of explosives.

33.     In and around 2003, the Authority decided to provide a Runway Safety Area (RSA) for its runways, including Runway 5-23. Runway 5-23 is the runway that is the subject of this action.

34.     It was determined that the best manner in which to provide the RSA for Runway 5-23 was a 500 foot extension of the runway's southernmost end and the use of an engineered material arresting system (EMAS). An EMAS system is a system of specialized air-entrained cement blocks at the end of a runway onto which an airplane can travel in an emergency. These blocks are meant to collapse under the weight of the airplane thereby stopping or arresting the airplane's progress and preventing a crash.

35.     Because of Yeager Airport's location on top of a ridge, extending the runway was not possible without dramatically altering the natural grade of the land.

36.     The Runway 5-23 Extension project involved disturbing at least 42.5 acres of vegetated and forested land, including at least 13.75 acres of clear-cutting. Fill and other materials would have to be brought in to construct a mechanically stabilized earth structure (MSE) or manmade slope so the extension could be built at the same elevation as the existing runway. The plan called for the movement of approximately 750,000 cubic yards of earth. At

8

the time, this would be the largest MSE ever designed and constructed. The total cost for the extensions to both runways was in excess of thirty million dollars.

37. Through a bidding procedure, and based upon certain representations and the amount of Defendant Triad's bid, the Authority contracted with Defendant Triad for the design and engineering work for the runway extension project including, but not limited to, the design and engineering of the MSE. The Authority contracted with Defendant Cast to serve as the contractor for the construction work including, but not limited to, the construction of the MSE. Other named defendants herein provided services and products in conjunction with those contracts.

38. Work started on the Runway 5-23 RSA and the MSE on May 31, 2005. The RSA and the MSE was completed in June of 2007 with the installation of the EMAS blocks.

39. Pursuant to FAA regulations, the EMAS blocks and the runway extension were continually inspected and monitored by the Authority after completion.

40. On July 28, 2013, employees of the Authority were preparing to paint the EMAS blocks with the required coating and noticed separation in and around the EMAS blocks which was not present the week before.

41. The Authority immediately contacted defendants Triad and Cast and informed defendants of this development.

42. Defendants Triad and Cast inspected the EMAS and MSE area and defendants Triad and Cast informed the Authority they did not think there was a problem with the EMAS system nor the MSE on which it was placed. Defendant Triad instructed the Authority to monitor the area through surveys. In fact, defendant Triad informed the Authority that settlement of as much as 24" was within normal range. As instructed, the Authority had surveys

9

conducted of the area and provided those to defendants Triad and Cast. Surveys were conducted eventually by defendant Triad itself along with drilling and installation of monitoring equipment into the MSE.

43. The EMAS and MSE area continued to settle uniformly until early 2015. During February and early March of 2015, the settlement of the EMAS and MSE area worsened and the Authority began to inform persons and organizations with property directly under the EMAS and MSE structure that they should vacate the area for safety.

44. The Authority was so concerned about the condition of the EMAS and MSE area, that a Board meeting was held at 3pm on March 11, 2015, wherein a representative of defendant Triad was asked by a Board member what the chances were of a catastrophic failure of the EMAS and MSE area. The representative of defendant Triad answered, "very slight."

45. On March 12, 2015, at 12:15 pm, less than 24 hours after being told the chances of a catastrophic failure were slight, the Runway 5-23 EMAS and MSE area catastrophically failed sending hundreds of thousands of cubic yards of fill and other material cascading down and onto the Keystone Drive area of Charleston destroying homes, a church, public roads and damming a stream. All utilities in the area, including natural gas, electricity, water, sewer, telephone and fiber-optic services were destroyed. The damages suffered by the residents of Keystone Drive and the Authority total in the millions of dollars.

46. Defendants knew or should have known of prior failures of MSE systems and failed to warn or otherwise advise plaintiff of known failures of MSE systems on other sites.

47. The plaintiff reasonably relied upon the claimed expertise of the defendants with respect to the subject project.

48.    In addition to the loss of millions of dollars invested in the original EMAS and MSE structures' design and construction, the Authority has or will lose millions of dollars in remediation of the damages and the response to the damages caused by the wrongful conduct of the defendants, including the millions of dollars necessary to rebuild the RSA lost when the EMAS and MSE structures catastrophically failed.  Losses were incurred by the Authority and others including persons and property owners near the Authority, public utilities, and businesses. Such losses include, but are not limited to, expenses and costs for providing police, fire and emergency relief.  The harm sustained as a result of defendants' conduct further includes, but is not limited to, all costs associated with the investigation of the slope failure, property damage and loss, aggravation, annoyance, remediation costs, repair costs, construction costs, engineering costs, replacement costs, and other damages including attorney's fees and costs.

## COUNT I: NEGLIGENCE
**Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC**

49.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 48.

50.    These defendants had responsibility for the design, building, inspection, analysis, testing, engineering and installation of the subject runway safety area, EMAS and MSE described herein.

51.    Defendants owed duties to the plaintiff to act in a reasonably prudent manner and breached the duties owed to the plaintiff.

52.    Defendants' breach(es) of the duties owed to the plaintiff include, but are not limited to, the following acts and/or omissions:

a.    Improperly designed and engineered the runway safety area, MSE, EMAS and other related improvements;

11

b.    Improperly designed and engineered the fill material/compaction requirements for the runway safety area, MSE and other related improvements;

c.    Improperly tested and investigated subsurface and other conditions of the runway safety area, MSE and other related improvements;

d.    Failed to take steps to prevent collapse, subsidence and soil consolidation of the runway safety area, MSE and other related improvements;

e.    Failed to properly inspect the construction of the runway safety area, MSE, EMAS and other related improvements;

f.    Failed to properly test or otherwise verify that the fill comprising the runway safety area and MSE met necessary requirements prior to certification;

g.    Failed to properly monitor, warn or instruct as to the safety of the subject work even after concerns were raised with regard to the subject job;

h.    Improperly and negligently constructed and built the EMAS and MSE system;

i.    Improperly and negligently supervised the construction and installation of the EMAS and MSE systems;

j.    Improperly and negligently failed to design, contract, inspect or ensure the proper placement and operation of the drainage system on the subject project;

k.    Improperly and negligently failed to design, construct, inspect or ensure the proper placement and operation of the Miramesh GR and Miragrid 10XT & 20XT on the subject project;

l.    Improperly and negligently failed to warn or otherwise instruct of the risk, dangers and hazards associated with the 1:1 slope on the subject project; and

12

m.     other such duties which will be determined during the course of discovery in this

action.

53.     The defendants further breached the standard of care, including but not limited to

industry standards, in their design, construction, inspection, analysis, testing, engineering,

supervision of and installation of the RSA, EMAS and MSE systems.

54.     The event in question is of a kind which ordinarily does not occur in the absence

of negligence.  Other responsible causes, including the conduct of the plaintiff and third persons,

do not exist.  The indicated negligence is within the scope of the defendants' duties to the

plaintiff.  As such, negligence may be presumed from the facts in this action.

55.     As a direct and proximate result of the aforesaid conduct of the defendants as

described hereinabove, the plaintiffs suffered harms and losses as described herein.

## COUNT II: BREACH OF IMPLIED WARRANTY
**Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC**

56.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 55.

57.     These defendants, by and through their affirmations, representations and conduct,

impliedly warranted that the work and services provided were undertaken with ordinary skill,

care and diligence commensurate with that rendered by members of its profession.

58.     The work and services provided by defendants was not performed with ordinary

skill, care or diligence and was not performed in a skillful, careful, and workmanlike manner.

59.     As a direct result of the defendants' breach of implied warranty, the plaintiff

suffered harms and losses as described herein.

## COUNT III: BREACH OF CONTRACT

13

Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC

60.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 59.

61.    A contract existed between plaintiff and defendants to perform work related to the subject project at the Yeager Airport in Charleston, Kanawha County, West Virginia, or plaintiff was an intended third-party beneficiary of contracts between and among defendants related to the RSA project, including the EMAS and MSE system.

62.    All conditions precedent have been performed by the plaintiff or occurred for performance under the contract.

63.    The defendants, by and through their conduct and/or the conduct of their agents as described herein, have breached material terms of these contracts by failing to perform work or other services in a skillful, careful, and workmanlike manner.

64.    As a result of defendants' breach of contract, the plaintiff suffered harms and losses as described herein.

## COUNT IV: BREACH OF QUASI-CONTRACT

Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC

65.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 64.

66.    The plaintiff relied upon the promises of defendants, including the affirmations, representations and conduct of the defendants, to perform work or other services with ordinary skill, care and diligence in a skillful, careful, and workmanlike manner.

67.    Defendants reasonably expected the plaintiff to rely upon their promises and the plaintiff did, in fact, rely upon the promises of the defendants.

14

68.    As a result of the plaintiff's reasonable reliance upon the promises of the defendants, the plaintiff suffered harms and losses as described herein.  Justice requires that the plaintiff be compensated for the harms and losses, as contained herein.

## COUNT V: STRICT PRODUCT LIABILITY
**Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.**

69.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 68.

70.    Defendant Royal Ten Cate (USA), Inc., was the manufacturer and/or distributor of the Miramesh GR and Miragrid 10XT & 20XT geosynthetic reinforcement materials utilized on the project described herein.

71.    Defendants Engineering Arresting Systems Corporation and JMD Company, Inc., were the manufacturers and/or distributors the EMAS land-based aerospace arresting system and its related components.

72.    The above-identified products and the components designed, manufactured and/or distributed by defendants were defective by design, manufacture and use when the products left the possession of said defendants, in that they were not reasonably safe for their intended uses, and subjected the plaintiff to harms and losses.

73.    Defendants failed to warn or otherwise instruct plaintiff of the dangers associated with their product and the potential consequences.

74.    As a direct and proximate result thereof of said defects, the plaintiff sustained harms and losses as described herein.

## COUNT VI: EXPRESS WARRANTY
**Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.**

15

75.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 74.

76.     That at all times mentioned herein and prior thereto, defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., expressly warranted that their products and their related components were reasonably safe.

77.     That at all times mentioned herein and prior thereto, reliance was placed upon the skill and judgment of defendants and upon the defendants' express warranty as above described.

78.     That at all times mentioned herein, the express warranty was not true and the product were, in fact, not safe or reasonably suited and fit for their intended use, and as a direct result of said breach of express warranty, the plaintiff sustained harms and losses as described herein.

## COUNT VII: IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

79.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 78.

80.     That at all times mentioned herein, the defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., impliedly warranted that their products and their related components were safe and fit for the particular purposes for which the product was to be used, that is, the product was safe and suitable for its particular use at the subject airport.

81.     Defendants, at the time of contracting for the sale of the subject products and thereafter, had reason to know the particular purpose for which the product was required.

82.     That at all times mentioned herein, reliance was placed upon the defendants' skill and judgment and the implied warranty of fitness as described herein.

83.     Defendants failed to warn or otherwise instruct plaintiff of the dangers associated with their products and the potential consequences.

84.     That the above-described products and their related components were, in fact, not fit for use for their intended purpose, and as a proximate result of the breach of said warranty of fitness of use, the plaintiff has sustained harms and losses as described herein.

## COUNT VIII: IMPLIED WARRANTY OF MERCHANTABILITY
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

85.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

86.     That at all times mentioned herein, the defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., impliedly warranted that their products and their related components described herein was of merchantable quality, fit, safe and in proper condition for the ordinary use for which those types of products and their related components were designed and used.

87.     Further, at all times mentioned herein, reliance was placed upon the said implied warranties of merchantability by the plaintiff.

88.     Defendants failed to warn or otherwise instruct plaintiff of the dangers associated with their products and the potential consequences.

89.     That the defendants' products and their related components were not of merchantable quality and were unfit and unsafe for their purpose and as a proximate result of the breach of said warranty of merchantability, plaintiff suffered harms and losses as described herein.

## COUNT IX: NEGLIGENCE
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

90.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 89.

91.    Defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., owed a duty to plaintiff to protect it from foreseeable harms and losses.

92.    That at all times mentioned herein, the defendants were negligent in controlling, designing, installing, manufacturing, maintaining, repairing, inspecting, distributing, selling, reconfiguring, and failing to warn of the dangers and/or inadequacies for their respective products and their related components.

93.    That as a direct and proximate result of the negligence of the said defendants, plaintiff sustained harms and losses as described herein.

## COUNT X : DECLARATORY JUDGMENT
**Defendants Architects and Engineers Insurance Company, Ohio Farmers Insurance Company, Westfield Insurance Company, Liberty Mutual Insurance Company, Lancer Insurance Company, Great American Insurance Company, Erie Insurance Group – Erie Property & Casualty Insurance Company, XL Insurance America, Inc., HDI-Gerling America Insurance Company, Cincinnati Insurance, and The Travelers Indemnity Company**

94.    The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 93 of this Complaint as if set forth herein verbatim.

95.    Upon information and belief, for the claims asserted by the plaintiff herein, the following defendants are insured by the following defendant insurance companies:

- Defendant Triad Engineering, Inc., is insured by defendant Architects and Engineers Insurance Company, A Risk Retention Group under Policy No. AEICPG-13;

18

- Defendant Triad Engineering, Inc., is also insured by defendant Cincinnati Insurance Company under a commercial general liability policy;

- Defendant Triad Engineering, Inc., is additionally insured by defendant Westfield Insurance Company under a commercial general liability policy;

- Defendant Cast & Baker Corporation is insured by defendants Ohio Farmers Insurance Company and Westfield Insurance Company under Bond No.: 0833304;

- Defendant Cast & Baker Corporation is also insured by defendant Westfield Insurance Company under a general commercial liability policy;

- Defendant Cast & Baker Corporation is additionally insured by defendant Travelers Indemnity Company under a general commercial liability policy listing defendant Triad Engineering, Inc., and the plaintiff as an additional insured;

- Defendant Cast & Baker Corporation is additionally insured by defendant Travelers Indemnity Company under a commercial excess liability (umbrella) insurance policy;

- Defendant West Virginia Paving, Inc. is insured by defendant Liberty Mutual under Policy No. RG2-C85-004095-114;

- Defendant Senex Explosives, Inc., is insured by defendant Lancer Insurance Company under Policy Nos. GL8028883, XS8028893, and XS8028903. Defendant Senex Explosive, Inc. is also insured by defendant Great American Insurance Company under Policy No. CPP669684001;

19

- Defendant Affordable Asphalt Maintenance Corporation is insured by defendants Erie Insurance Group -- Erie Insurance Property & Casualty Company and Westfield;

- Defendant Engineered Arresting Systems Corporation, d/b/a Zodiac Arresting Systems America is insured by defendant XL Insurance America, Inc; and

- Defendant Royal Ten Cate (USA), Inc. is insured by defendant HDI-Gerling America Insurance Company.

96.     Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiff seeks declaratory judgment against the defendant insurance companies identified herein this Count to the effect that any and all applicable policies issued by the defendant insurance companies to the named defendants in this action provide coverage for any and all claims asserted by the plaintiffs in this litigation and that no exclusions, including but not limited to, landslide exclusions, apply to any of plaintiff's claims asserted in this action.

## COUNT XI : DECLARATORY JUDGMENT
### Defendants John Doe Insurance Company Nos. 1, 2 and 3

97.     The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 96 of this Complaint as if set forth herein verbatim.

98.     Upon information and belief, at the time of the filing of this Complaint, the insurance carriers for defendants Michael Baker Corporation and Novel Geo are unknown, and will be treated as defendant John Doe Insurance Company No. 1 and defendant John Doe Insurance Company No. 2.

99.    Upon information and belief, defendant Triad has an additional applicable insurance carrier who is unknown at the time of the filing of this Complaint and will be treated as defendant John Doe Insurance Company No. 3.

100.   Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiffs seek declaratory judgment against defendants John Doe Insurance Company Nos 1 through 3, to the effect that any and all applicable policies issued by defendant John Doe insurance company Nos 1 through 3 to defendants Michael Baker Corporation, Novel Geo and/or Triad in this action provide coverage for any and all claims asserted by the plaintiffs in this litigation and that no exclusions, including but not limited to, landslide exclusions, apply to any of plaintiff's claims asserted in this action.

## COUNT XII: DECLARATORY JUDGMENT
### Defendants John Doe Insurance Company Nos. 4 - 20

101.   The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 100 of this Complaint as if set forth herein verbatim.

102.   At the time of the filing of this Complaint, to the extent that any insurance company for the named defendants or any defendant named later are unknown at the time of the filing of this Complaint, these unknown defendant insurance companies will be treated as John Doe Insurance Company Nos. 4 through 20.

103.   Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiffs seek declaratory judgment against defendant John Doe Insurance Company Nos. 4 through 20, to the effect that any and all applicable policies issued by defendant John Doe Insurance Company Nos. 4 through 20 to any current or future defendant in this action provide coverage for any and all claims asserted by the plaintiffs in this

21

litigation and that no exclusions, including but not limited to, landslide exclusions, apply to any of plaintiff's claims asserted in this action.

## COUNT XIII: DECLARATORY JUDGMENT
### Defendants New Hampshire Insurance Company,
### AIG Aerospace Insurance Services, Inc., and ACE American Insurance Company

104.   The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 103 of this Complaint as if set forth herein verbatim.

105.   Upon information and belief, plaintiff is insured by defendants New Hampshire Insurance Company and AIG Aerospace, and ACE American Insurance Company.   Upon information and belief, defendant New Hampshire Insurance Company is plaintiff's property insurer and defendants AIG Aerospace and Ace American Insurance Company are plaintiff's commercial liability insurer.

106.   Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, plaintiff seeks declaratory judgment against defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company to the effect that any and all applicable policies issued by defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company to the plaintiff provide coverage, defense and/or indemnification to the plaintiff for any and all third party claims brought against the plaintiff, including but not limited to any claim brought by surrounding individuals and property owners, and that no exclusions, including but not limited to, landslide exclusions, apply to any third party claim.

## COUNT XIV: DECLARATORY JUDGMENT
### Defendants New Hampshire Insurance Company,
### AIG Aerospace Insurance Services, Inc., and ACE American Insurance Company

22

107. The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 106 of this Complaint as if set forth herein verbatim.

108. Upon information and belief, plaintiff Central West Virginia Regional Airport Authority, Inc. is insured by defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company. Upon information and belief, defendant New Hampshire Insurance Company is plaintiff's property insurer and defendants AIG Aerospace and ACE American Insurance Company are plaintiff's commercial liability insurer.

109. Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiff seeks declaratory judgment against defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company to the effect that any and all applicable policies issued by defendants New Hampshire Insurance Company, AIG Aerospace, and ACE American Insurance Company to the plaintiff provide coverage to the plaintiff for any and all first party claims brought by the plaintiff for damages to its own property and infrastructure related in any manner to this catastrophic event, and that no exclusions, including but not limited to, landslide exclusions, apply to any first party claim.

## PUNITIVE DAMAGES
### (All Defendants)

110. Plaintiff hereby incorporates by reference paragraphs 1 through 109 as if fully cited herein.

111. The acts and omissions forming the basis of the aforementioned counts of this Complaint were of such extreme, willful, wanton, and reckless nature, and showed such gross indifference to warrant punitive damages. The acts of the defendants were carried out with a flagrant disregard for the rights of others and with actual awareness that their acts would, in reasonable probability, result in harm.

23

112.    Defendants had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

113.    Punitive damages are justified to punish defendants for their knowing deliberate and wanton acts which resulted in the subject harms and losses.  Punitive damages will serve to deter defendants from continuing to defy their obligations in their pursuit of profits.

114.    Defendants' actions and conduct are and were of such willful, wanton, reckless, and unlawful nature and with such callous disregard, that in order to stop these acts from occurring again, plaintiff is entitled to an award of punitive damages in addition to other damages alleged herein.

115.    That at all times mentioned herein, the acts of the defendants were joint, several and concurrent.

**WHEREFORE**, the plaintiff prays that this Court award compensatory, including but not limited to reimbursement for sums paid to persons and entities as a result of defendants' conduct, and punitive damages against defendants, jointly and severally; declare rights under the existing insurance contracts; award attorney's fees and costs; award pre and post-judgment interest; and grant other such relief as the Court deems equitable and just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**


CENTRAL WEST VIRGNIA
REGIONAL AIRPORT AUTHORITY, INC.,

By Counsel,


24

Timothy C. Bailey (WVSB # 5839)
Mark A. Barney (WVSB # 10282)
BUCCI BAILEY & JAVINS, LC
213 Hale Street
Post Office Box 3712
Charleston, West Virginia  25337
Telephone (304) 345-0346
timbailey@bbjlc.com
mbarney@bbjlc.com

and

Scott S. Segal (WVSB # 4717)
THE SEGAL LAW FIRM
810 Kanawha Blvd. East
Charleston, West Virginia 25301
Telephone (304) 344-9100
Scott.segal@segal-law.com

and

Anthony J. Majestro (WVSB # 5165)
James C. Powell (WVSB # 2957)
Powell & Majestro PLLC
405 Capitol Street, Suite P1200
Charleston, West Virginia  25301
Telephone (304) 346-2889
amajestro@powellmajestro.com

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

v.

                                Civil Action No. 15-C-1022
                                Judge Webster

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY;
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

        Defendants.

## EMERGENCY MOTION TO PRESERVE REAL EVIDENCE

NOW COMES the plaintiff Central West Virginia Regional Airport Authority, Inc.,[1] by

counsel, and hereby moves this Court for an order approving the preservation of real evidence.

Specifically, the plaintiff seeks Court approval of a preservation protocol so as to permit the

Authority to go forward with remediation of the subject project, including the rebuilding of

certain portions of Runway 5-23 at Yeager Airport.  In support of its motion, the plaintiff states

as follows:

---

[1] Hereinafter referred to as "the Authority."

1.     This action was instituted on May 22, 2015, and concerns the catastrophic failure of the mechanically stabilized earth structure ("MSE"); the engineered material arresting system ("EMAS"); and related components, for the Runway 5-23 extension project at Yeager Airport in Charleston, West Virginia.

2.     On March 12, 2015, at 12:15 pm, less than 24 hours after being told the chances of a catastrophic failure were slight, the Runway 5-23 MSE, EMAS and related components at Yeager Airport catastrophically failed sending hundreds of thousands of cubic yards of fill and other material cascading down and onto the Keystone Drive area of Charleston destroying homes, a church, public roads and damming a stream. All utilities in the area, including natural gas, electricity, water, sewer, telephone and fiber-optic services were destroyed. The damages suffered by the residents of Keystone Drive and the Authority total in the millions of dollars.

3.     In an effort to remediate the subject site, on June 3, 2015, the Authority board members voted to approve a contract with Schnabal Contracting to remove portions of the failure of the subject hillside. The first phase of this project will cost nearly five million dollars. The plan sheet for the stabilization project is attached hereto as Exhibit A. Both the Department of the Army, Corps of Engineers, and the West Virginia Department of Environmental Protection have confirmed that permits are not required to perform the remediation work. *See* Exhibit B and C.

4.     Recognizing its duty to preserve evidence, the plaintiff seeks Court approval, and a finding of reasonableness, of the attached preservation protocol: Exhibit D. This protocol provides all parties to the action the opportunity to obtain evidence reasonably calculated to lead to the discovery of admissible evidence.

3

5.    The plaintiff has provided notice of the instant motion to all identifiable defendants in this action.

6.    Should this Court deny the instant motion, the plaintiff will be irreparably harmed. Failure to remediate the site will result in the potential loss of flights at Yeager Airport resulting in the loss of income to the Authority and the loss of travel options to West Virginia consumers. Failure to remediate the site could possibly result in further property damage and personal injury to those homes and persons situated below the site. Correspondingly, the failure to provide defendants the opportunity to inspect and test the area before or during remediation will result in allegations of spoliation of evidence. There is no other relief or mechanism available to the plaintiff to accomplish the goals of mitigating its damages and preserving evidence.

**WHEREFORE**, the plaintiff prays that this Court approve the attached preservation protocol, Exhibit D, find it reasonable and proper, and award other such relief as deemed equitable and just.

|  | **CENTRAL WEST VIRGNIA**<br>**REGIONAL AIRPORT AUTHORITY, INC.,** |
|---|---|
|  | By Counsel, |

Anthony J. Majestro (WVSB # 5165)
James C. Powell (WVSB # 2957)
Powell & Majestro PLLC
405 Capitol Street, Suite P1200
Charleston, West Virginia 25301
Telephone (304) 346-2889
amajestro@powellmajestro.com

4

Scott S. Segal (WVSB # 4717)
THE SEGAL LAW FIRM
810 Kanawha Blvd. East
Charleston, West Virginia 25301
Telephone (304) 344-9100
Scott.segal@segal-law.com

and

Timothy C. Bailey (WVSB # 5839)
Mark A. Barney (WVSB # 10282)
BUCCI BAILEY & JAVINS, LC
213 Hale Street
Post Office Box 3712
Charleston, West Virginia 25337
Telephone (304) 345-0346
timbailey@bbjlc.com
mbarney@bbjlc.com

# CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY

## CHARLESTON, WEST VIRGINIA

## EMERGENCY RUNWAY 5 SAFETY AREA & SLOPE MITIGATION

### CONTRACT NO. 2015-03





**Yeager Airport**

**Schnabel**
ENGINEERING

1380 Wilmington Pike, Suite 100
West Chester, PA. 19382
Phone:  610-696-6066
Fax:  610-696-7771
schnabel-eng.com

CONTACT PERSON:
ALLEN CADDEN, P.E., D.GE
610-696-6066
acadden@schnabel-eng.com

BID  COPY

DRAWING INDEX

SHEET NO.          DESCRIPTION



LOCATION MAP

*EXHIBIT A*



YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

SITE PLAN ( 1" = 100' )

Schnabel



YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

SITE PLAN (1" = 50')











YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION EXCAVATION PLAN (1" = 50')

Schnabel
ENGINEERING



YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS A-A, L1

Schnabel
ENGINEERING



YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS L2, L3

Schnabel





YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS R1, R2







© Schnabel Engineering 2014 All Rights Reserved

YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

NOTES SHEET

Schnabel
ENGINEERING







INSTRUMENTATION SECTION

INSTRUMENTS SHOWN NOT IN CONTRACT, EXCEPT AS NOTED

YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

INSTRUMENTATION SECTION

Schnabel
ENGINEERING













DEPARTMENT OF THE ARMY
HUNTINGTON DISTRICT, CORPS OF ENGINEERS
502 EIGHTH STREET
HUNTINGTON, WEST VIRGINIA 25701-2070

JUN 2 2 2015

REPLY TO
ATTENTION OF:

Regulatory Division
North Branch
LRH-200100088-ELK-Unnamed Tributary Elk River

### APPROVED JURISDICTIONAL DETERMINATION
### NO PERMIT REQUIRED

Mr. Richard A. Atkinson, Airport Director
Central West Virginia Regional Airport Authority
Yeager Airport
100 Airport Road, Suite 175
Charleston, West Virginia 25311

Dear Mr. Atkinson:

I refer to a request dated June 18, 2015, submitted on your behalf by Heritage Technical Associates, Inc., requesting an approved jurisdictional determination (JD) for three potentially non-jurisdictional areas located on property adjacent to the Runway 5 Safety Area at the Yeager Airport at Charleston, in Kanawha County, Ohio. You have also requested the United States Army Corps of Engineers (Corps) review your proposal for possible Department of the Army (DA) permit requirements. The request has been assigned the following file number: LRH-200100088-ELK-Unnamed Tributary Elk River. Please reference the appropriate file number on all future correspondence related to this request.

The Corps' authority to regulate waters of the United States is based on the definitions and limits of jurisdiction contained in 33 CFR 328 and 33 CFR 329. Section 404 of the Clean Water Act requires a DA permit be obtained prior to discharging dredged or fill material into waters of the United States, including wetlands. Section 10 of the Rivers and Harbors Act of 1899 requires a DA permit be obtained for any work in, on, over or under a navigable water.

*Preliminary Jurisdictional Determination*

Based upon a review of the provided information and other information available to us, this office has determined the concrete channel and two erosional channels (1RT Erosional Channel and 2RT Erosional Channel) draining into the concrete channel, as depicted on the drawing titled *Runway 5 Safety Area and Slope Mitigation Areas Reviewed for the Presence of Jurisdictional Waters* and dated June 17, 2015, are not considered jurisdictional waters of the United States and thus are not subject to regulation under Section 404 of the Clean Water Act. This jurisdictional verification is valid for a period of five years from the date of this letter unless new information warrants revision of the delineation prior to the expiration date.

*EXHIBIT B*

-2-

A JD has not been completed for the areas noted as Elk Twomile Creek, UNT 1 of ETM, UNT 1 of ER, UNT 2 of ER, UNT 3 of ER and UNT 4 of ER on the drawing titled *Runway 5 Safety Area and Slope Mitigation Areas Reviewed for the Presence of Jurisdictional Waters* and dated June 17, 2015 because these areas were located outside of the area of interest. This letter contains an approved JD specifically for the non-jurisdictional features noted above. If you object to this determination, you may request an administrative appeal under Corps regulations at 33 CFR 331.

Enclosed you will find a Notification of Appeal Process (NAP) fact sheet and Request for Appeal (RFA) form. If you request to appeal this determination you must submit a completed RFA form to the Great Lakes and Ohio River Division Office at the following address:

Appeals Review Officer
Great Lakes and Ohio River Division
550 Main Street RM 10524
Cincinnati, Ohio 45202-3222
Phone: (513) 684-2699
Fax: (513) 684-2460

In order for an RFA to be accepted by the Corps, the Corps must determine that it is complete, that it meets the criteria for appeal under 33 CFR 331.5, and that it has been received by the Division Office within 60 days of the date of the NAP. Should you decide to submit an RFA form, it must be received at the above address by July 28, 2015. It is not necessary to submit an RFA form to the Division Office if you do not object to the determination in this letter.

*No Permit Required*

Based upon the provided information and a pre-application meeting conducted on June 18, 2015, you propose to perform remedial measures to stabilize a slip area adjacent to Runway Safety Area 5. Unconsolidated fill material in the slip area will be excavated and deposited in areas absent of waters of the United States. In addition, a channel will be constructed through uplands. We have determined your proposal will neither result in discharge of dredged or fill material into waters of the United States nor involve work in, on, over or under a navigable water of the United States. Therefore, no DA permit is required from this office for the proposed activities.

We appreciate your concern for our nation's aquatic resources. If you have any questions concerning the above information, please contact Ms. Teresa Spagna of the North Branch at 304-399-5710, at the above address or by email at teresa.d.spagna@usace.army.mil.

Sincerely,

Ginger Mullins, Chief
Regulatory Division

Enclosures

-3-

Copy Furnished:

Mr. Lantz Rankin
Heritage Technical Associates, Inc.
Post Office Box 4510
Chapmanville, West Virginia 25508

**Central West Virginia Regional Airport Authority**

John D. Rockefeller IV Terminal
100 Airport Road, Suite 175 ▪ Charleston, WV 25311 -1080
Phone: 304-344-8033                    Fax: 304-344-8034
E-Mail: fly@yeagerairport.com          www.yeagerairport.com



June 24, 2015

Mr. Scott Mandirola, Director
Division of Water and Waste Management
West Virginia Department of Environment Protection
601 57th Street SE
Charleston, WV 25304

RE:   Emergency Related Construction at the Yeager Airport

Dear Mr. Mandirola:

Central West Virginia Regional Airport Authority ("CWVRAA") is seeking to
initiate emergency measures in order to remove unstable debris and provide an
engineered flow path for Elk Two Mile Creek in the event that field conditions
cause the current channel to not function adequately. In order to timely initiate
these measures, CWVRAA is requesting immediate authorization for construction
activites needed to respond to this public emergency.

In March of 2015, at Yeager Airport in Charleston, West Virginia, a large portion
of an engineered fill, associated with the Runway 23 Engineered Materials Arrestor
System, slid into Elk Two Mile Creek. The fill material blocked Elk Two Mile
Creek causing local flooding. Currently, for safety reasons, CWVRAA needs to
timely begin to perform remediation actions regarding unconsolidated fill material
that remains within the fill area and the current channel of Elk Two Mile Creek.
Although several months have passed since the initial failure of the fill, the
remaining unstable fill material and the potential for the current channel of Elk
Two Mile Creek to be filled require immediate remediation action. In the time
since the initial failure, CWVRAA has selected the companies which will be
designing and constructing the said remediation. The complexity of the situation
requires that the remediation alternatives be closely analyzed in order to choose the
most efficient and safest alternative.

Once the design of the remediation project is finalized, said remediation
construction will need to be implemented in a timely manner. In order to allow the

remediation to occur without administrative delay, CWVRAA is requesting immediate authorization to conduct the necessary earth disturbance activities. In accordance with the eligibility for emergency related construction policy, located in Section 11.1 of the Fact Sheet, Rationale, and Information for General; NPDES Permit for Construction Stormwater, WV0115924 issued on December 5, 2012, CWVRAA is requesting immediate authorization for construction activities needed to respond to this public emergency. Within thirty (30) calendar days after commencing earth-disturbance activities, a Notice of Intent and a stormwater pollution prevention plan will be submitted to West Virginia Department of Environmental Protection. If you have any further questions, please contact me at 304-344-8033 or email me at rick@yeagerairport.com.

Sincerely,

Richard Atkinson III
*Director, Yeager Airport*

c:     Mr. Lantz Rankin

YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5              **FORENSIC EVALUATION PROGRAM – PHASE 1**      DATE:      6/22/15

| | |
|---|---|
| **Project Name:** | Yeager International Airport – Runway 5 |
| **Project Location:** | Charleston, West Virginia |
| **Subject:** | Runway 5 - Reinforced Soil Slope Slide – Phase 1 Stabilization – Proposed Forensic Sampling and Testing Program |

The following proposed forensic evaluation program has been developed specifically with respect to only the phase 1 slide stabilization measures developed by Schnabel Engineering Consultants. A second phase of the forensic evaluation program will be developed and implemented after the head scarp has been stabilized and safe access to the failed mass debris field is provided. This proposed program is subject to review and comment by parties named in the litigation.

**EMAS**

- Preserve 4 intact 20 inch thick EMAS blocks for future possible testing.

- The EMAS blocks will be stored on site at an agreed upon location by the Airport Authority.

**Asphalt Pavement**

- Survey, map and photograph tension cracks in asphalt pavement below EMAS. Measure thickness of asphalt at crack locations.

**Base Course Material**

- Obtain bulk samples (2 – 5 gallon buckets) of base coarse aggregate underneath the asphalt pavement, at two locations, one each on the east and west sides of the centerline of the EMAS.

- Perform gradation tests in accordance with ASTM D6913 Standard Test Methods for Particle-Size Distribution (Gradation) of Soils Using Sieve Analysis.

**Reinforced and Retained Fill**

- Sample frequency – approximately every 12 feet vertically (4 x 3-foot reinforcement spacing) and in both the sandstone based fill and in the shale based fill. Take additional samples at any observed fill anomalies.

- Sample location – one each on the east and west sides of the EMAS centerline. Record location of each sample.

BY: JGC                                                              Sheet  1  of   4

I N N O V A T I V E   G E O T E C H N I C A L   S O L U T I O N S
7445 Arlington Road
Bethesda, MD 20184



*EXHIBIT D*

- Sample size – three 5 gallon buckets at each location, if sandstone and clay/shale are both present (below and above reinforcement layer) collect 3 bucket samples of each. Do not include material over ¾-inch size, screen on site as necessary. Document, weigh, and photograph oversize material from each location. Samples shall be field described during sampling. Blending of material in the sample buckets will be required before testing.

- Perform the following tests:

  o Gradation tests (ASTM D6913)

  o Atterberg Limits (D4318 - 10e1 Standard Test Methods for Liquid Limit, Plastic Limit, and Plasticity Index of Soils)

  o Proctor Density tests (ASTM D698 Standard Test Methods for Laboratory Compaction Characteristics of Soil Using Standard Effort)

  o Triaxial Compression tests (D4767 Standard Test Method for Consolidated Undrained Triaxial Compression Test for Cohesive Soils)

  o Residual Shear strength testing using sufficient stress reversals to obtain large strains as discussed in the COE laboratory testing procedure EM 1110-2-1906

  o One-dimensional consolidation tests (ASTM D2435 Standard Test Methods for One-Dimensional Consolidation Properties of Soils Using Incremental Loading)

  o Permeability tests (ASTM D2434-68 Standard Test Method for Permeability of Granular Soils).

- The frequency of the above listed tests will be a function of the variability of the soil samples obtained during the sampling process and variability of early test results, as a minimum at least three of each test will be performed.

- In-situ density testing – perform sand cone density testing and/or Nuclear Density Testing every 6 feet vertically at three locations during the excavation (D1556 - 15 Standard Test Method for Density and Unit Weight of Soil in Place by Sand-Cone Method and ASTM D6938 - 10 Standard Test Method for In-Place Density and Water Content of Soil and Soil-Aggregate by Nuclear Methods (Shallow Depth)). The test method will be dependent on the amount of large particles in the fill. Excavation at the test level shall be performed with a smooth bucket blade to minimize disturbance of the in-situ soil. Use hand shovel to excavate the last 3 inches to the test elevation.



YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5               FORENSIC EVALUATION PROGRAM – PHASE 1        DATE:      6/22/15

- In-situ moisture – obtain samples for moisture testing at each density test location and wherever there are obvious wet areas (ASTM D2216 - 10 Standard Test Methods for Laboratory Determination of Water (Moisture) Content of Soil and Rock by Mass).

- In-situ Large Scale Density Testing. Frequency – one test in per 12 foot vertically. Dimensions – 2-foot diameter ring and two lift heights thickness in sandstone based fill and one lift height thickness in the shale based fill. Perform in-situ water replacement volume measurement. Gradation test and weight measurement of all samples.

**Geogrid Retrieval for Testing**

- Geogrid sampling frequency – every 12 feet vertically. Sample at two locations at each elevation, one in side fill with 10XT geogrid reinforcement and one in front fill with 20XT geogrid reinforcement.

- At the terminal end of the geogrid expose an area of grid that is a roll width (12 feet) wide and a minimum of 10 feet long for observation and sampling. The excavation to expose the geogrid shall be made with a smooth bucket edge to within 2 inches (or greater) above the geogrid. The final 2 inches shall be excavated by hand, to minimize damaging the geogrid.

- Photographic documentation of the condition of the geogrid shall be performed

- Two 6 feet wide by 10 feet long samples of the geogrid shall be obtained at each exposed location, if Miragrid 10XT and 20XT are both exposed at any location samples of each shall be obtained

- Perform wide width tensile testing (5 at each sample location) in accordance with ASTM D6637 Standard Test Method for Determining Tensile Properties of Geogrids by the Single or Multi-Rib Tensile Method, Method B.

**Geogrid Observations and Additional Sample Retrieval**

- At the terminal end of the geogrid expose an area of grid that is approximately 20 feet wide and 30 feet long, or greater, for observation and sampling. The excavation to expose the geogrid shall be made with a smooth bucket edge.  Geogrid overlap observation frequency – every 12 feet vertically.

- Photographic documentation of the condition and overlap of the geogrid shall be performed.

- Overlap geometry and dimensions shall be measured and recorded.

BY: JGC                                                              Sheet   3   of   4

INNOVATIVE GEOTECHNICAL SOLUTIONS
7445 Arlington Road
Bethesda, MD 20184



YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5        **FORENSIC EVALUATION PROGRAM – PHASE 1**     DATE:     6/22/15

- Once the scarp has been lowered to a safe height, excavate to expose the geogrid at the face using a smooth bucket edge (frequency of 3 to 6 feet vertically). Expose w width of geogrid of 8 feet.  Tear geometry, in relation to machine direction (MD) and cross machine direction (XMD), will be photographed and recorded.  Observe at two locations at each elevation, one in side fill with 10XT geogrid reinforcement and one in front fill with 20XT geogrid reinforcement.

- Additionally, once the scarp has been removed and it is safe to work in the debris field, large panels (minimum 6 feet in length) of geogrid that are exposed and readily removable will be mapped, then the exposed panels will be removed, tagged, and stored for possible future testing.

**Photographic Documentation and Mapping**

- During the phase 1 stabilization of the head scarp the following photographic documentation and mapping shall be performed:

    o  Where rock surface is exposed document elevation and extent (3D mapping), type and condition rock, bedding plane geometry, etc.

    o  Location and elevation of 1969 Airport Extension fill

    o  Any wet areas exposed during the excavation

    o  Reinforced and retained backfill demarcation.

    o  Document preparation (ex., stripping, benching, etc.) at the interface between the old existing fill and new (retained backfill).

BY: JGC                                                     Sheet   4   of   4

INNOVATIVE GEOTECHNICAL SOLUTIONS
7445 Arlington Road
Bethesda, MD 20184

the collingroup

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

v.                                                    Civil Action No. 15-C-1022
                                                      Judge Webster

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

6

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

        Defendants.

## CERTIFICATE OF SERVICE

On June 24, 2015, the undersigned counsel does hereby certify that service of the attached **EMERGENCY MOTION TO PRESERVE REAL EVIDENCE** has been made upon named Defendants by service through the West Virginia of Secretary of State with the Complaint and Amended Complaint.

                                  Anthony J. Majestro (WVSB 5165)
                                  J.C. Powell (WVSB 2957)
                                  Powell and Majestro, PLLC
                                  405 Capitol Street, Suite P-1200
                                  Charleston, West Virginia  25301
                                  Phone: 304-346-2889
                                  Fax:    304-346-2895
                                  amajestro@powellmajestro.com

# INCOMING MAIL

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

2015 JUL -6  AM 10: 57

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

**Control Number:** 66229

**Defendant:** TRIAD ENGINEERING, INC.
10541 TEAYS VALLEY ROAD
SCOTT DEPOT, WV 25560 US

**Agent:** TINA MCPHAIL

**County:** Kanawha

**Civil Action:** 15-C-1022

**Certified Number:** 92148901125134100000711268

**Service Date:** 6/30/2015

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office***.

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

16-17

**SUMMONS**
**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

v.

Civil Action No. 15-C-1022

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia Corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware Corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware Corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,

HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,
LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
A Pennsylvania corporation,
AIG AEROSPANCE INSURANCE SERVICES, INC.,
A Georgia corporation,
CINCINNATI INSURANCE COMPANY,
An Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
A Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE COMPANY 4-20,
And JOHN DOES NOS 1 THROUGH 20,

      Defendants.


**To the above-named Defendant:**   **TRIAD ENGINEERING, INC.**
                                     **c/o Tina McPhail**
                                       **10541 Teays Valley Road**
                                       **Scott Depot, WV  25560**


      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned

and required to serve upon Bucci Bailey & Javins, L.C., plaintiff's attorney, whose address is

Post Office Box 3712, Charleston, West Virginia, 25337, an answer, including any related

counterclaim you may have, to the amended complaint filed against you in the above-styled civil

action, a true copy of which is herewith delivered to you.  You are required to serve your answer

within __30__ days after service of this summons upon you, exclusive of the day of service.  If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _____ 6-18-15 _____

_____
**Cathy S. Gatson, Clerk**

By CRigh          Clerk of the Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

                    Plaintiff,


v.                                                          Civil Action No. 15-C-1022
                                                            Judge Kaufman


TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
ŠENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

       Defendants.

## AMENDED COMPLAINT

The plaintiff, Central West Virginia Regional Airport Authority, Inc., for its complaint, hereby alleges as follows:

## PARTIES

1.     Plaintiff Central West Virginia Regional Airport Authority, Inc., ("the Authority") is a political subdivision of the State of West Virginia, governed by a board comprised of representatives of Kanawha, Putnam, Lincoln, Boone, and Nicholas Counties, and the City of Charleston.   At all relevant times, plaintiff Authority owned and operated Yeager Airport in Charleston, Kanawha County, West Virginia.

2.      Defendant Triad Engineering, Inc. ("Triad") is a West Virginia corporation. Upon information and belief, its principal place of business is now in Pittsburgh, Pennsylvania. At all relevant times, Defendant Triad has been licensed to conduct and has been conducting business in the State of West Virginia.   Triad provided design, engineering, supervision, inspection, monitoring, and advice with regard to the subject project discussed herein.  Additionally, after completion of the subject project, defendant Triad continued to provide such services.

3.      Defendant Cast & Baker Corporation ("Cast") is a Pennsylvania Corporation with its principal place of business in Cannonsburg, Pennsylvania.  At all relevant times, Defendant Cast has been licensed to conduct and has been conducting business in the State of West Virginia, and was the general contractor on the subject project.   Cast provided design, engineering, supervision, inspection, monitoring, advice, construction work and other construction related services on the subject project.  Additionally, after completion of the project, defendant Cast continued to provide such services.

4.      Defendant Michael Baker International, Inc., a/k/a Michael Baker Corporation ("Michael Baker") is a Delaware Corporation.  Michael Baker designed and inspected the RSA and MSE system as described herein.

5.      Defendant West Virginia Paving, Inc. ("WV Paving") is a West Virginia corporation.  Upon information and belief, its principal place of business is in Dunbar, Kanawha County, West Virginia.  At all relevant times, Defendant WV Paving has been licensed to conduct and has been conducting business in the State of West Virginia.  WV Paving provided paving services and products upon which an EMAS system, discussed herein, was installed on the subject project.

3

6.      Defendant Senex Explosives, Inc. ("Senex") is a Pennsylvania corporation.   At all relevant times, Defendant Senex has been licensed to conduct and has been conducting business in the State of West Virginia.  Senex provided explosives and blasting services on the subject project.

7.      Defendant Affordable Asphalt Maintenance Corporation ("Affordable Asphalt") is a West Virginia corporation.  Upon information and belief, its principal place of business is in Mineral Wells, Wood County, West Virginia.  At all relevant times, Defendant Affordable Asphalt has been licensed to conduct and has been conducting business in the State of West Virginia.  Defendant Affordable Asphalt installed the subject EMAS system discussed herein.

8.      Defendant Engineered Arresting Systems Corporation ("Engineered Arresting") is a Delaware corporation.   At all relevant times, Defendant Engineering Arresting has been licensed to conduct and has been conducting business in the State of West Virginia.  Defendant Engineering Arresting designed, sold, distributed and/or manufactured the EMAS system described herein and provided advice and expertise in the selection and installation of the EMAS system.

9.      Defendant Royal Ten Cate (USA), Inc.  ("Royal Ten") is a Delaware corporation.  At all relevant times, Defendant Royal Ten has been licensed to conduct and has been conducting business in the State of West Virginia.  Defendant was the manufacturer and/or distributor of the geosynthetic materials utilized on the subject project including the Miramesh GR, and the Miragrid 10XT & 20XT.

10.      Defendant Novel Geo-Environmental, LLC ("Novel') is a Pennsylvania corporation.  At all relevant times, Defendant Novel has been licensed to conduct and has been

conducting business in the State of West Virginia.  Defendant Novel provided quality-control services including geotechnical compaction testing and/or analysis for the subject project.

11.    Defendant JMD Company, Inc., ("JMD") is a Delaware corporation.  At all relevant times, Defendant JMD has been licensed to conduct and has been conducting business in the State of West Virginia. Defendant JMD distributed and/or modified the geosynthetic materials utilized on the subject product including the Miramesh GR and Miragrid 10XT & 20XT, and further provided advice and expertise in the selection and installation of the subject products.

12.    Defendant Architects & Engineers Insurance Company ("Architects") is a Delaware corporation.  At all relevant times, Defendant Architects has been licensed to conduct and has been conducting business in the State of West Virginia.

13.    Defendant Erie Insurance Group ("Erie") is a Pennsylvania corporation.  At all relevant times, Defendant Erie has been licensed to conduct and has been conducting business in the State of West Virginia.

14.    Defendant Great American Insurance Company ("Great American") is an Ohio corporation.  At all relevant times, Defendant Great American has been licensed to conduct and has been conducting business in the State of West Virginia.

15.    Defendant, Lancer Insurance Company ("Lancer") is a Delaware corporation.  At all relevant times, Defendant Lancer has been licensed to conduct and has been conducting business in the State of West Virginia.

16.    Defendant, HDI-Gerling America Insurance Company ("HDI-Gerling") is a Illinois corporation.  At all relevant times, Defendant HDI-Gerling has been licensed to conduct and has been conducting business in the State of West Virginia.

17.     Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation.  At all relevant times, Defendant Liberty has been licensed to conduct and has been conducting business in the State of West Virginia.

18.     Defendant Ohio Farmers Insurance Company ("Ohio") is an Ohio corporation.  At all relevant times, Defendant Ohio has been licensed to conduct and has been conducting business in the State of West Virginia.

19.     Defendant Westfield Insurance Company ("Westfield") is an Ohio corporation. At all relevant times, Defendant Westfield has been licensed to conduct and has been conducting business in the State of West Virginia.

20.     Defendant, XL Insurance America, Inc. ("XL") is an Delaware corporation.  At all relevant times, Defendant XL has been licensed to conduct and has been conducting business in the State of West Virginia.

21.     Defendant, New Hampshire Insurance Company ("New Hampshire") is a Pennsylvania corporation.  At all relevant times, Defendant New Hampshire has been licensed to conduct and has been conducting business in the State of West Virginia.

22.     Defendant, AIG Aerospace Insurance Services, Inc. ("AIG Aerospace") is a Georgia corporation.   At all relevant times, Defendant AIG Aerospace has been licensed to conduct and has been conducting business in the State of West Virginia.

23.     Defendant, Cincinnati Insurance Company ("Cincinnati") is an Ohio corporation. At all relevant times, Defendant Cincinnati has been licensed to conduct and has been conducting business in the State of West Virginia.

24.     Defendant, Travelers Indemnity Company ("Travelers") is a Connecticut corporation.  At all relevant times, Defendant Travelers has been licensed to conduct and has been conducting business in the State of West Virginia.

25.     Defendant ACE American Insurance Company ("ACE") is a Pennsylvania corporation.  At all relevant times, Defendant ACE has been licensed to conduct and has been conducting business in the State of West Virginia.

26.     Defendants John Doe Insurance Companies Nos. 1 through 20 are potentially unknown insurance companies or other entities.

27.     Defendants John Doe Nos. 1 through 20 are potentially unknown defendants in this action who will be discovered during the course of discovery.

### JURISDICTION AND VENUE

28.     That at all times mentioned herein, the Defendants Triad, Cast, Michael Baker, WV Paving, Senex, Affordable Asphalt, Engineered Arresting, Royal Ten, Novel, Architects, Erie, Great American, HDI-Gerling, Lancer, Liberty, Ohio Farmers, Westfield, XL, New Hampshire and AIG Aerospace are now and/or were corporations doing business in Kanawha County, West Virginia.

29.     Jurisdiction and venue are appropriate in the Circuit Court of Kanawha County, West Virginia, pursuant to W. Va. Code § 56-1-1, in that the events giving rise to this cause of action occurred in Kanawha County, West Virginia; one or more defendant does business in West Virginia; and plaintiff avails itself of the Circuit Court of Kanawha County, West Virginia, pursuant to the principles set forth in W. Va. Code §56-1-1 and W. Va. Code §56-1-1a.

30.     The claims raised herein are claims under West Virginia law and do not concern any federal law or federal constitutional provision.

## FACTS

31.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 30.

32.     Yeager Airport sits on a man-made plateau that was constructed in the 1940s by removing portions of the ridge and hilltops.  In the original grading process, more than 9 million cubic yards of earth and rock were moved with the aid of more than 2 million pounds of explosives.

33.     In and around 2003, the Authority decided to provide a Runway Safety Area (RSA) for its runways, including Runway 5-23.  Runway 5-23 is the runway that is the subject of this action.

34.     It was determined that the best manner in which to provide the RSA for Runway 5-23 was a 500 foot extension of the runway's southernmost end and the use of an engineered material arresting system (EMAS).  An EMAS system is a system of specialized air-entrained cement blocks at the end of a runway onto which an airplane can travel in an emergency.  These blocks are meant to collapse under the weight of the airplane thereby stopping or arresting the airplane's progress and preventing a crash.

35.     Because of Yeager Airport's location on top of a ridge, extending the runway was not possible without dramatically altering the natural grade of the land.

36.     The Runway 5-23 Extension project involved disturbing at least 42.5 acres of vegetated and forested land, including at least 13.75 acres of clear-cutting.  Fill and other materials would have to be brought in to construct a mechanically stabilized earth structure (MSE) or manmade slope so the extension could be built at the same elevation as the existing runway. The plan called for the movement of approximately 750,000 cubic yards of earth.  At

8

the time, this would be the largest MSE ever designed and constructed. The total cost for the extensions to both runways was in excess of thirty million dollars.

37.    Through a bidding procedure, and based upon certain representations and the amount of Defendant Triad's bid, the Authority contracted with Defendant Triad for the design and engineering work for the runway extension project including, but not limited to, the design and engineering of the MSE. The Authority contracted with Defendant Cast to serve as the contractor for the construction work including, but not limited to, the construction of the MSE. Other named defendants herein provided services and products in conjunction with those contracts.

38.    Work started on the Runway 5-23 RSA and the MSE on May 31, 2005. The RSA and the MSE was completed in June of 2007 with the installation of the EMAS blocks.

39.    Pursuant to FAA regulations, the EMAS blocks and the runway extension were continually inspected and monitored by the Authority after completion.

40.    On July 28, 2013, employees of the Authority were preparing to paint the EMAS blocks with the required coating and noticed separation in and around the EMAS blocks which was not present the week before.

41.    The Authority immediately contacted defendants Triad and Cast and informed defendants of this development.

42.    Defendants Triad and Cast inspected the EMAS and MSE area and defendants Triad and Cast informed the Authority they did not think there was a problem with the EMAS system nor the MSE on which it was placed. Defendant Triad instructed the Authority to monitor the area through surveys. In fact, defendant Triad informed the Authority that settlement of as much as 24" was within normal range. As instructed, the Authority had surveys

9

conducted of the area and provided those to defendants Triad and Cast.  Surveys were conducted eventually by defendant Triad itself along with drilling and installation of monitoring equipment into the MSE.

43.     The EMAS and MSE area continued to settle uniformly until early 2015.  During February and early March of 2015, the settlement of the EMAS and MSE area worsened and the Authority began to inform persons and organizations with property directly under the EMAS and MSE structure that they should vacate the area for safety.

44.     The Authority was so concerned about the condition of the EMAS and MSE area, that a Board meeting was held at 3pm on March 11, 2015, wherein a representative of defendant Triad was asked by a Board member what the chances were of a catastrophic failure of the EMAS and MSE area.  The representative of defendant Triad answered, "very slight."

45.     On March 12, 2015, at 12:15 pm, less than 24 hours after being told the chances of a catastrophic failure were slight, the Runway 5-23 EMAS and MSE area catastrophically failed sending hundreds of thousands of cubic yards of fill and other material cascading down and onto the Keystone Drive area of Charleston destroying homes, a church, public roads and damming a stream.  All utilities in the area, including natural gas, electricity, water, sewer, telephone and fiber-optic services were destroyed.  The damages suffered by the residents of Keystone Drive and the Authority total in the millions of dollars.

46.     Defendants knew or should have known of prior failures of MSE systems and failed to warn or otherwise advise plaintiff of known failures of MSE systems on other sites.

47.     The plaintiff reasonably relied upon the claimed expertise of the defendants with respect to the subject project.

10

48.    In addition to the loss of millions of dollars invested in the original EMAS and MSE structures' design and construction, the Authority has or will lose millions of dollars in remediation of the damages and the response to the damages caused by the wrongful conduct of the defendants, including the millions of dollars necessary to rebuild the RSA lost when the EMAS and MSE structures catastrophically failed.  Losses were incurred by the Authority and others including persons and property owners near the Authority, public utilities, and businesses.  Such losses include, but are not limited to, expenses and costs for providing police, fire and emergency relief.  The harm sustained as a result of defendants' conduct further includes, but is not limited to, all costs associated with the investigation of the slope failure, property damage and loss, aggravation, annoyance, remediation costs, repair costs, construction costs, engineering costs, replacement costs, and other damages including attorney's fees and costs.

## COUNT I: NEGLIGENCE
**Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC**

49.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 48.

50.    These defendants had responsibility for the design, building, inspection, analysis, testing, engineering and installation of the subject runway safety area, EMAS and MSE described herein.

51.    Defendants owed duties to the plaintiff to act in a reasonably prudent manner and breached the duties owed to the plaintiff.

52.    Defendants' breach(es) of the duties owed to the plaintiff include, but are not limited to, the following acts and/or omissions:

a.    Improperly designed and engineered the runway safety area, MSE, EMAS and other related improvements;

11

b.      Improperly designed and engineered the fill material/compaction requirements for the runway safety area, MSE and other related improvements;

c.      Improperly tested and investigated subsurface and other conditions of the runway safety area, MSE and other related improvements;

d.      Failed to take steps to prevent collapse, subsidence and soil consolidation of the runway safety area, MSE and other related improvements;

e.      Failed to properly inspect the construction of the runway safety area, MSE, EMAS and other related improvements;

f.      Failed to properly test or otherwise verify that the fill comprising the runway safety area and MSE met necessary requirements prior to certification;

g.      Failed to properly monitor, warn or instruct as to the safety of the subject work even after concerns were raised with regard to the subject job;

h.      Improperly and negligently constructed and built the EMAS and MSE system;

i.      Improperly and negligently supervised the construction and installation of the EMAS and MSE systems;

j.      Improperly and negligently failed to design, contract, inspect or ensure the proper placement and operation of the drainage system on the subject project;

k.      Improperly and negligently failed to design, construct, inspect or ensure the proper placement and operation of the Miramesh GR and Miragrid 10XT & 20XT on the subject project;

l.      Improperly and negligently failed to warn or otherwise instruct of the risk, dangers and hazards associated with the 1:1 slope on the subject project; and

12

m.   other such duties which will be determined during the course of discovery in this action.

53.   The defendants further breached the standard of care, including but not limited to industry standards, in their design, construction, inspection, analysis, testing, engineering, supervision of and installation of the RSA, EMAS and MSE systems.

54.   The event in question is of a kind which ordinarily does not occur in the absence of negligence. Other responsible causes, including the conduct of the plaintiff and third persons, do not exist. The indicated negligence is within the scope of the defendants' duties to the plaintiff. As such, negligence may be presumed from the facts in this action.

55.   As a direct and proximate result of the aforesaid conduct of the defendants as described hereinabove, the plaintiffs suffered harms and losses as described herein.

## COUNT II: BREACH OF IMPLIED WARRANTY
**Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC**

56.   The plaintiff realleges and incorporates by reference Paragraphs 1 through 55.

57.   These defendants, by and through their affirmations, representations and conduct, impliedly warranted that the work and services provided were undertaken with ordinary skill, care and diligence commensurate with that rendered by members of its profession.

58.   The work and services provided by defendants was not performed with ordinary skill, care or diligence and was not performed in a skillful, careful, and workmanlike manner.

59.   As a direct result of the defendants' breach of implied warranty, the plaintiff suffered harms and losses as described herein.

## COUNT III: BREACH OF CONTRACT

13

**Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC**

60. The plaintiff realleges and incorporates by reference Paragraphs 1 through 59.

61. A contract existed between plaintiff and defendants to perform work related to the subject project at the Yeager Airport in Charleston, Kanawha County, West Virginia, or plaintiff was an intended third-party beneficiary of contracts between and among defendants related to the RSA project, including the EMAS and MSE system.

62. All conditions precedent have been performed by the plaintiff or occurred for performance under the contract.

63. The defendants, by and through their conduct and/or the conduct of their agents as described herein, have breached material terms of these contracts by failing to perform work or other services in a skillful, careful, and workmanlike manner.

64. As a result of defendants' breach of contract, the plaintiff suffered harms and losses as described herein.

## COUNT IV: BREACH OF QUASI-CONTRACT
**Defendants Triad Engineering, Inc.; Cast & Baker Corporation; Michael Baker Corporation; West Virginia Paving, Inc.; Senex Explosives, Inc.; Affordable Asphalt Maintenance Corporation; and Novel Geo-Environmental, LLC**

65. The plaintiff realleges and incorporates by reference Paragraphs 1 through 64.

66. The plaintiff relied upon the promises of defendants, including the affirmations, representations and conduct of the defendants, to perform work or other services with ordinary skill, care and diligence in a skillful, careful, and workmanlike manner.

67. Defendants reasonably expected the plaintiff to rely upon their promises and the plaintiff did, in fact, rely upon the promises of the defendants.

68.     As a result of the plaintiff's reasonable reliance upon the promises of the defendants, the plaintiff suffered harms and losses as described herein.  Justice requires that the plaintiff be compensated for the harms and losses, as contained herein.

## COUNT V: STRICT PRODUCT LIABILITY
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

69.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 68.

70.     Defendant Royal Ten Cate (USA), Inc., was the manufacturer and/or distributor of the Miramesh GR and Miragrid 10XT & 20XT geosynthetic reinforcement materials utilized on the project described herein.

71.     Defendants Engineering Arresting Systems Corporation and JMD Company, Inc., were the manufacturers and/or distributors the EMAS land-based aerospace arresting system and its related components.

72.     The above-identified products and the components designed, manufactured and/or distributed by defendants were defective by design, manufacture and use when the products left the possession of said defendants, in that they were not reasonably safe for their intended uses, and subjected the plaintiff to harms and losses.

73.     Defendants failed to warn or otherwise instruct plaintiff of the dangers associated with their product and the potential consequences.

74.     As a direct and proximate result thereof of said defects, the plaintiff sustained harms and losses as described herein.

## COUNT VI: EXPRESS WARRANTY
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

15

75.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 74.

76.     That at all times mentioned herein and prior thereto, defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., expressly warranted that their products and their related components were reasonably safe.

77.     That at all times mentioned herein and prior thereto, reliance was placed upon the skill and judgment of defendants and upon the defendants' express warranty as above described.

78.     That at all times mentioned herein, the express warranty was not true and the product were, in fact, not safe or reasonably suited and fit for their intended use, and as a direct result of said breach of express warranty, the plaintiff sustained harms and losses as described herein.

## COUNT VII: IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

79.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 78.

80.     That at all times mentioned herein, the defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., impliedly warranted that their products and their related components were safe and fit for the particular purposes for which the product was to be used, that is, the product was safe and suitable for its particular use at the subject airport.

81.     Defendants, at the time of contracting for the sale of the subject products and thereafter, had reason to know the particular purpose for which the product was required.

82.     That at all times mentioned herein, reliance was placed upon the defendants' skill and judgment and the implied warranty of fitness as described herein.

16

83.     Defendants failed to warn or otherwise instruct plaintiff of the dangers associated with their products and the potential consequences.

84.     That the above-described products and their related components were, in fact, not fit for use for their intended purpose, and as a proximate result of the breach of said warranty of fitness of use, the plaintiff has sustained harms and losses as described herein.

## COUNT VIII: IMPLIED WARRANTY OF MERCHANTABILITY
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

85.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

86.     That at all times mentioned herein, the defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., impliedly warranted that their products and their related components described herein was of merchantable quality, fit, safe and in proper condition for the ordinary use for which those types of products and their related components were designed and used.

87.     Further, at all times mentioned herein, reliance was placed upon the said implied warranties of merchantability by the plaintiff.

88.     Defendants failed to warn or otherwise instruct plaintiff of the dangers associated with their products and the potential consequences.

89.     That the defendants' products and their related components were not of merchantable quality and were unfit and unsafe for their purpose and as a proximate result of the breach of said warranty of merchantability, plaintiff suffered harms and losses as described herein.

## COUNT IX: NEGLIGENCE
### Defendants Royal Ten Cate (USA), Inc., Engineered Arresting Systems Corporation and JMD Company, Inc.

17

90.    The plaintiff realleges and incorporates by reference Paragraphs 1 through 89.

91.    Defendants Royal Ten Cate (USA), Inc., Engineering Arresting Systems Corporation and JMD Company, Inc., owed a duty to plaintiff to protect it from foreseeable harms and losses.

92.    That at all times mentioned herein, the defendants were negligent in controlling, designing, installing, manufacturing, maintaining, repairing, inspecting, distributing, selling, reconfiguring, and failing to warn of the dangers and/or inadequacies for their respective products and their related components.

93.    That as a direct and proximate result of the negligence of the said defendants, plaintiff sustained harms and losses as described herein.

### COUNT X : DECLARATORY JUDGMENT
**Defendants Architects and Engineers Insurance Company, Ohio Farmers Insurance Company, Westfield Insurance Company, Liberty Mutual Insurance Company, Lancer Insurance Company, Great American Insurance Company, Erie Insurance Group – Erie Property & Casualty Insurance Company, XL Insurance America, Inc., HDI-Gerling America Insurance Company, Cincinnati Insurance, and The Travelers Indemnity Company**

94.    The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 93 of this Complaint as if set forth herein verbatim.

95.    Upon information and belief, for the claims asserted by the plaintiff herein, the following defendants are insured by the following defendant insurance companies:

- Defendant Triad Engineering, Inc., is insured by defendant Architects and Engineers Insurance Company, A Risk Retention Group under Policy No. AEICPG-13;

18

- Defendant Triad Engineering, Inc., is also insured by defendant Cincinnati Insurance Company under a commercial general liability policy;

- Defendant Triad Engineering, Inc., is additionally insured by defendant Westfield Insurance Company under a commercial general liability policy;

- Defendant Cast & Baker Corporation is insured by defendants Ohio Farmers Insurance Company and Westfield Insurance Company under Bond No.: 0833304;

- Defendant Cast & Baker Corporation is also insured by defendant Westfield Insurance Company under a general commercial liability policy;

- Defendant Cast & Baker Corporation is additionally insured by defendant Travelers Indemnity Company under a general commercial liability policy listing defendant Triad Engineering, Inc., and the plaintiff as an additional insured;

- Defendant Cast & Baker Corporation is additionally insured by defendant Travelers Indemnity Company under a commercial excess liability (umbrella) insurance policy;

- Defendant West Virginia Paving, Inc. is insured by defendant Liberty Mutual under Policy No. RG2-C85-004095-114;

- Defendant Senex Explosives, Inc., is insured by defendant Lancer Insurance Company under Policy Nos. GL8028883, XS8028893, and XS8028903. Defendant Senex Explosive, Inc. is also insured by defendant Great American Insurance Company under Policy No. CPP669684001;

- Defendant Affordable Asphalt Maintenance Corporation is insured by defendants Erie Insurance Group -- Erie Insurance Property & Casualty Company and Westfield;

- Defendant Engineered Arresting Systems Corporation, d/b/a Zodiac Arresting Systems America is insured by defendant XL Insurance America, Inc; and

- Defendant Royal Ten Cate (USA), Inc. is insured by defendant HDI-Gerling America Insurance Company.

96. Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiff seeks declaratory judgment against the defendant insurance companies identified herein this Count to the effect that any and all applicable policies issued by the defendant insurance companies to the named defendants in this action provide coverage for any and all claims asserted by the plaintiffs in this litigation and that no exclusions, including but not limited to, landslide exclusions, apply to any of plaintiff's claims asserted in this action.

## COUNT XI : DECLARATORY JUDGMENT
### Defendants John Doe Insurance Company Nos. 1, 2 and 3

97. The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 96 of this Complaint as if set forth herein verbatim.

98. Upon information and belief, at the time of the filing of this Complaint, the insurance carriers for defendants Michael Baker Corporation and Novel Geo are unknown, and will be treated as defendant John Doe Insurance Company No. 1 and defendant John Doe Insurance Company No. 2.

99.     Upon information and belief, defendant Triad has an additional applicable insurance carrier who is unknown at the time of the filing of this Complaint and will be treated as defendant John Doe Insurance Company No. 3.

100.    Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiffs seek declaratory judgment against defendants John Doe Insurance Company Nos 1 through 3, to the effect that any and all applicable policies issued by defendant John Doe insurance company Nos 1 through 3 to defendants Michael Baker Corporation, Novel Geo and/or Triad in this action provide coverage for any and all claims asserted by the plaintiffs in this litigation and that no exclusions, including but not limited to, landslide exclusions, apply to any of plaintiff's claims asserted in this action.

## COUNT XII: DECLARATORY JUDGMENT
### Defendants John Doe Insurance Company Nos. 4 - 20

101.    The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 100 of this Complaint as if set forth herein verbatim.

102.    At the time of the filing of this Complaint, to the extent that any insurance company for the named defendants or any defendant named later are unknown at the time of the filing of this Complaint, these unknown defendant insurance companies will be treated as John Doe Insurance Company Nos. 4 through 20.

103.    Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiffs seek declaratory judgment against defendant John Doe Insurance Company Nos. 4 through 20, to the effect that any and all applicable policies issued by defendant John Doe Insurance Company Nos. 4 through 20 to any current or future defendant in this action provide coverage for any and all claims asserted by the plaintiffs in this

21

litigation and that no exclusions, including but not limited to, landslide exclusions, apply to any of plaintiff's claims asserted in this action.

## COUNT XIII: DECLARATORY JUDGMENT
### Defendants New Hampshire Insurance Company,
### AIG Aerospace Insurance Services, Inc., and ACE American Insurance Company

104.    The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 103 of this Complaint as if set forth herein verbatim.

105.    Upon information and belief, plaintiff is insured by defendants New Hampshire Insurance Company and AIG Aerospace, and ACE American Insurance Company.   Upon information and belief, defendant New Hampshire Insurance Company is plaintiff's property insurer and defendants AIG Aerospace and Ace American Insurance Company are plaintiff's commercial liability insurer.

106.    Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, plaintiff seeks declaratory judgment against defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company to the effect that any and all applicable policies issued by defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company to the plaintiff provide coverage, defense and/or indemnification to the plaintiff for any and all third party claims brought against the plaintiff, including but not limited to any claim brought by surrounding individuals and property owners, and that no exclusions, including but not limited to, landslide exclusions, apply to any third party claim.

## COUNT XIV: DECLARATORY JUDGMENT
### Defendants New Hampshire Insurance Company,
### AIG Aerospace Insurance Services, Inc., and ACE American Insurance Company

107.   The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 106 of this Complaint as if set forth herein verbatim.

108.   Upon information and belief, plaintiff Central West Virginia Regional Airport Authority, Inc. is insured by defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company.   Upon information and belief, defendant New Hampshire Insurance Company is plaintiff's property insurer and defendants AIG Aerospace and ACE American Insurance Company are plaintiff's commercial liability insurer.

109.   Pursuant to West Virginia Code § 55-13-1 et seq. and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiff seeks declaratory judgment against defendants New Hampshire Insurance Company, AIG Aerospace and ACE American Insurance Company to the effect that any and all applicable policies issued by defendants New Hampshire Insurance Company, AIG Aerospace, and ACE American Insurance Company to the plaintiff provide coverage to the plaintiff for any and all first party claims brought by the plaintiff for damages to its own property and infrastructure related in any manner to this catastrophic event, and that no exclusions, including but not limited to, landslide exclusions, apply to any first party claim.

## PUNITIVE DAMAGES
### (All Defendants)

110.   Plaintiff hereby incorporates by reference paragraphs 1 through 109 as if fully cited herein.

111.   The acts and omissions forming the basis of the aforementioned counts of this Complaint were of such extreme, willful, wanton, and reckless nature, and showed such gross indifference to warrant punitive damages.   The acts of the defendants were carried out with a flagrant disregard for the rights of others and with actual awareness that their acts would, in reasonable probability, result in harm.

23

112.    Defendants had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

113.    Punitive damages are justified to punish defendants for their knowing deliberate and wanton acts which resulted in the subject harms and losses.  Punitive damages will serve to deter defendants from continuing to defy their obligations in their pursuit of profits.

114.    Defendants' actions and conduct are and were of such willful, wanton, reckless, and unlawful nature and with such callous disregard, that in order to stop these acts from occurring again, plaintiff is entitled to an award of punitive damages in addition to other damages alleged herein.

115.    That at all times mentioned herein, the acts of the defendants were joint, several and concurrent.

**WHEREFORE,** the plaintiff prays that this Court award compensatory, including but not limited to reimbursement for sums paid to persons and entities as a result of defendants' conduct, and punitive damages against defendants, jointly and severally; declare rights under the existing insurance contracts; award attorney's fees and costs; award pre and post-judgment interest; and grant other such relief as the Court deems equitable and just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

**CENTRAL WEST VIRGNIA**
**REGIONAL AIRPORT AUTHORITY, INC.,**

By Counsel,

24

Timothy C. Bailey (WVSB # 5839)
Mark A. Barney (WVSB # 10282)
BUCCI BAILEY & JAVINS, LC
213 Hale Street
Post Office Box 3712
Charleston, West Virginia  25337
Telephone (304) 345-0346
timbailey@bbjlc.com
mbarney@bbjlc.com

and

Scott S. Segal (WVSB # 4717)
THE SEGAL LAW FIRM
810 Kanawha Blvd. East
Charleston, West Virginia 25301
Telephone (304) 344-9100
Scott.segal@segal-law.com

and

Anthony J. Majestro (WVSB # 5165)
James C. Powell (WVSB # 2957)
Powell & Majestro PLLC
405 Capitol Street, Suite P1200
Charleston, West Virginia  25301
Telephone (304) 346-2889
amajestro@powellmajestro.com

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

        Plaintiff,

v.

                                        Civil Action No. 15-C-1022
                                        Judge Webster

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,


    Defendants.


## EMERGENCY MOTION TO PRESERVE REAL EVIDENCE

   NOW COMES the plaintiff Central West Virginia Regional Airport Authority, Inc.,[1] by

counsel, and hereby moves this Court for an order approving the preservation of real evidence.

Specifically, the plaintiff seeks Court approval of a preservation protocol so as to permit the

Authority to go forward with remediation of the subject project, including the rebuilding of

certain portions of Runway 5-23 at Yeager Airport.  In support of its motion, the plaintiff states

as follows:

---

[1] Hereinafter referred to as "the Authority."

2

1.      This action was instituted on May 22, 2015, and concerns the catastrophic failure of the mechanically stabilized earth structure ("MSE"); the engineered material arresting system ("EMAS"); and related components, for the Runway 5-23 extension project at Yeager Airport in Charleston, West Virginia.

2.      On March 12, 2015, at 12:15 pm, less than 24 hours after being told the chances of a catastrophic failure were slight, the Runway 5-23 MSE, EMAS and related components at Yeager Airport catastrophically failed sending hundreds of thousands of cubic yards of fill and other material cascading down and onto the Keystone Drive area of Charleston destroying homes, a church, public roads and damming a stream. All utilities in the area, including natural gas, electricity, water, sewer, telephone and fiber-optic services were destroyed. The damages suffered by the residents of Keystone Drive and the Authority total in the millions of dollars.

3.      In an effort to remediate the subject site, on June 3, 2015, the Authority board members voted to approve a contract with Schnabal Contracting to remove portions of the failure of the subject hillside. The first phase of this project will cost nearly five million dollars. The plan sheet for the stabilization project is attached hereto as Exhibit A. Both the Department of the Army, Corps of Engineers, and the West Virginia Department of Environmental Protection have confirmed that permits are not required to perform the remediation work. *See* Exhibit B and C.

4.      Recognizing its duty to preserve evidence, the plaintiff seeks Court approval, and a finding of reasonableness, of the attached preservation protocol: Exhibit D. This protocol provides all parties to the action the opportunity to obtain evidence reasonably calculated to lead to the discovery of admissible evidence.

5.     The plaintiff has provided notice of the instant motion to all identifiable defendants in this action.

6.     Should this Court deny the instant motion, the plaintiff will be irreparably harmed. Failure to remediate the site will result in the potential loss of flights at Yeager Airport resulting in the loss of income to the Authority and the loss of travel options to West Virginia consumers. Failure to remediate the site could possibly result in further property damage and personal injury to those homes and persons situated below the site. Correspondingly, the failure to provide defendants the opportunity to inspect and test the area before or during remediation will result in allegations of spoliation of evidence. There is no other relief or mechanism available to the plaintiff to accomplish the goals of mitigating its damages and preserving evidence.

**WHEREFORE**, the plaintiff prays that this Court approve the attached preservation protocol, Exhibit D, find it reasonable and proper, and award other such relief as deemed equitable and just.

**CENTRAL WEST VIRGNIA**
**REGIONAL AIRPORT AUTHORITY, INC.,**

By Counsel,

_____
Anthony J. Majestro (WVSB # 5165)
James C. Powell (WVSB # 2957)
Powell & Majestro PLLC
405 Capitol Street, Suite P1200
Charleston, West Virginia 25301
Telephone (304) 346-2889
amajestro@powellmajestro.com

4

Scott S. Segal (WVSB # 4717)
THE SEGAL LAW FIRM
810 Kanawha Blvd. East
Charleston, West Virginia 25301
Telephone (304) 344-9100
Scott.segal@segal-law.com

and

Timothy C. Bailey (WVSB # 5839)
Mark A. Barney (WVSB # 10282)
BUCCI BAILEY & JAVINS, LC
213 Hale Street
Post Office Box 3712
Charleston, West Virginia 25337
Telephone (304) 345-0346
timbailey@bbjlc.com
mbarney@bbjlc.com

# CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY

## CHARLESTON, WEST VIRGINIA

## EMERGENCY RUNWAY 5 SAFETY AREA & SLOPE MITIGATION

### CONTRACT NO. 2015-03



Yeager Airport

Schnabel
ENGINEERING

1380 Wilmington Pike, Suite 100
West Chester, PA 19382
Phone: 610–696–6066
Fax: 610–696–7771
schnabel-eng.com

CONTACT PERSON:
ALLEN CADDEN, P.E., D.GE
610–696–6066
acadden@schnabel-eng.com

BID   COPY



DRAWING INDEX

SHEET NO.        DESCRIPTION

LOCATION MAP
NO SCALE

*EXHIBIT A*





YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

SITE PLAN ( 1" = 50' )













YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS A-A, L1



YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS L2, L3





YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS R1, R2

Schnabel





YEAGER AIRPORT SLOPE MITIGATION
CHARLESTON, WEST VIRGINIA

MITIGATION SECTIONS R5, R6



© Schnabel Engineering 2014 All Rights Reserved

**YEAGER AIRPORT SLOPE MITIGATION**
**CHARLESTON, WEST VIRGINIA**

**NOTES SHEET**

Schnabel
ENGINEERING

This drawing is to be considered NOT FOR CONSTRUCTION unless it bears the Seal AND signature of the Professional Engineer.

T. BRILL



















DEPARTMENT OF THE ARMY
HUNTINGTON DISTRICT, CORPS OF ENGINEERS
502 EIGHTH STREET
HUNTINGTON, WEST VIRGINIA 25701-2070

JUN 22 2015

REPLY TO
ATTENTION OF:

Regulatory Division
North Branch
LRH-200100088-ELK-Unnamed Tributary Elk River

## APPROVED JURISDICTIONAL DETERMINATION
## NO PERMIT REQUIRED

Mr. Richard A. Atkinson, Airport Director
Central West Virginia Regional Airport Authority
Yeager Airport
100 Airport Road, Suite 175
Charleston, West Virginia 25311

Dear Mr. Atkinson:

I refer to a request dated June 18, 2015, submitted on your behalf by Heritage Technical Associates, Inc., requesting an approved jurisdictional determination (JD) for three potentially non-jurisdictional areas located on property adjacent to the Runway 5 Safety Area at the Yeager Airport at Charleston, in Kanawha County, Ohio. You have also requested the United States Army Corps of Engineers (Corps) review your proposal for possible Department of the Army (DA) permit requirements. The request has been assigned the following file number: LRH-200100088-ELK-Unnamed Tributary Elk River. Please reference the appropriate file number on all future correspondence related to this request.

The Corps' authority to regulate waters of the United States is based on the definitions and limits of jurisdiction contained in 33 CFR 328 and 33 CFR 329. Section 404 of the Clean Water Act requires a DA permit be obtained prior to discharging dredged or fill material into waters of the United States, including wetlands. Section 10 of the Rivers and Harbors Act of 1899 requires a DA permit be obtained for any work in, on, over or under a navigable water.

*Preliminary Jurisdictional Determination*

Based upon a review of the provided information and other information available to us, this office has determined the concrete channel and two erosional channels (1RT Erosional Channel and 2RT Erosional Channel) draining into the concrete channel, as depicted on the drawing titled *Runway 5 Safety Area and Slope Mitigation Areas Reviewed for the Presence of Jurisdictional Waters* and dated June 17, 2015, are not considered jurisdictional waters of the United States and thus are not subject to regulation under Section 404 of the Clean Water Act. This jurisdictional verification is valid for a period of five years from the date of this letter unless new information warrants revision of the delineation prior to the expiration date.

*EXHIBIT B*

Case 2:15-cv-11818   Document 1-1   Filed 08/05/15   Page 148 of 170 PageID #: 164

-2-

A JD has not been completed for the areas noted as Elk Twomile Creek, UNT 1 of ETM, UNT 1 of ER, UNT 2 of ER, UNT 3 of ER and UNT 4 of ER on the drawing titled *Runway 5 Safety Area and Slope Mitigation Areas Reviewed for the Presence of Jurisdictional Waters* and dated June 17, 2015 because these areas were located outside of the area of interest. This letter contains an approved JD specifically for the non-jurisdictional features noted above. If you object to this determination, you may request an administrative appeal under Corps regulations at 33 CFR 331.

Enclosed you will find a Notification of Appeal Process (NAP) fact sheet and Request for Appeal (RFA) form. If you request to appeal this determination you must submit a completed RFA form to the Great Lakes and Ohio River Division Office at the following address:

Appeals Review Officer
Great Lakes and Ohio River Division
550 Main Street RM 10524
Cincinnati, Ohio 45202-3222
Phone: (513) 684-2699
Fax: (513) 684-2460

In order for an RFA to be accepted by the Corps, the Corps must determine that it is complete, that it meets the criteria for appeal under 33 CFR 331.5, and that it has been received by the Division Office within 60 days of the date of the NAP. Should you decide to submit an RFA form, it must be received at the above address by July 28, 2015. It is not necessary to submit an RFA form to the Division Office if you do not object to the determination in this letter.

*No Permit Required*

Based upon the provided information and a pre-application meeting conducted on June 18, 2015, you propose to perform remedial measures to stabilize a slip area adjacent to Runway Safety Area 5. Unconsolidated fill material in the slip area will be excavated and deposited in areas absent of waters of the United States. In addition, a channel will be constructed through uplands. We have determined your proposal will neither result in discharge of dredged or fill material into waters of the United States nor involve work in, on, over or under a navigable water of the United States. Therefore, no DA permit is required from this office for the proposed activities.

We appreciate your concern for our nation's aquatic resources. If you have any questions concerning the above information, please contact Ms. Teresa Spagna of the North Branch at 304-399-5710, at the above address or by email at teresa.d.spagna@usace.army.mil.

Sincerely,

for Ginger Mullins, Chief
Regulatory Division

Enclosures

-3-

Copy Furnished:

Mr. Lantz Rankin
Heritage Technical Associates, Inc.
Post Office Box 4510
Chapmanville, West Virginia 25508

**Central West Virginia Regional Airport Authority**



John D. Rockefeller IV Terminal
100 Airport Road, Suite 175 ▪ Charleston, WV 25311-1080
Phone: 304-344-8033                    Fax: 304-344-8034
E-Mail: fly@yeagerairport.com          www.yeagerairport.com

June 24, 2015

Mr. Scott Mandirola, Director
Division of Water and Waste Management
West Virginia Department of Environment Protection
601 57th Street SE
Charleston, WV 25304

RE:  Emergency Related Construction at the Yeager Airport

Dear Mr. Mandirola:

Central West Virginia Regional Airport Authority ("CWVRAA") is seeking to
initiate emergency measures in order to remove unstable debris and provide an
engineered flow path for Elk Two Mile Creek in the event that field conditions
cause the current channel to not function adequately. In order to timely initiate
these measures, CWVRAA is requesting immediate authorization for construction
activites needed to respond to this public emergency.

In March of 2015, at Yeager Airport in Charleston, West Virginia, a large portion
of an engineered fill, associated with the Runway 23 Engineered Materials Arrestor
System, slid into Elk Two Mile Creek. The fill material blocked Elk Two Mile
Creek causing local flooding. Currently, for safety reasons, CWVRAA needs to
timely begin to perform remediation actions regarding unconsolidated fill material
that remains within the fill area and the current channel of Elk Two Mile Creek.
Although several months have passed since the initial failure of the fill, the
remaining unstable fill material and the potential for the current channel of Elk
Two Mile Creek to be filled require immediate remediation action. In the time
since the initial failure, CWVRAA has selected the companies which will be
designing and constructing the said remediation. The complexity of the situation
requires that the remediation alternatives be closely analyzed in order to choose the
most efficient and safest alternative.

Once the design of the remediation project is finalized, said remediation
construction will need to be implemented in a timely manner. In order to allow the

WEST VIRGINIA'S GATEWAY                              *EXHIBIT C*

remediation to occur without administrative delay, CWVRAA is requesting immediate authorization to conduct the necessary earth disturbance activities. In accordance with the eligibility for emergency related construction policy, located in Section 11.1 of the Fact Sheet, Rationale, and Information for General; NPDES Permit for Construction Stormwater, WV0115924 issued on December 5, 2012, CWVRAA is requesting immediate authorization for construction activities needed to respond to this public emergency. Within thirty (30) calendar days after commencing earth-disturbance activities, a Notice of Intent and a stormwater pollution prevention plan will be submitted to West Virginia Department of Environmental Protection. If you have any further questions, please contact me at 304-344-8033 or email me at rick@yeagerairport.com.

Sincerely,

**Richard Atkinson III**
*Director, Yeager Airport*

c:      Mr. Lantz Rankin

YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5

**FORENSIC EVALUATION PROGRAM – PHASE 1**     DATE:     6/22/15

| | |
|---|---|
| **Project Name:** | Yeager International Airport – Runway 5 |
| **Project Location:** | Charleston, West Virginia |
| **Subject:** | Runway 5 - Reinforced Soil Slope Slide – Phase 1 Stabilization – Proposed Forensic Sampling and Testing Program |

The following proposed forensic evaluation program has been developed specifically with respect to only the phase 1 slide stabilization measures developed by Schnabel Engineering Consultants. A second phase of the forensic evaluation program will be developed and implemented after the head scarp has been stabilized and safe access to the failed mass debris field is provided. This proposed program is subject to review and comment by parties named in the litigation.

**EMAS**

- Preserve 4 intact 20 inch thick EMAS blocks for future possible testing.

- The EMAS blocks will be stored on site at an agreed upon location by the Airport Authority.

**Asphalt Pavement**

- Survey, map and photograph tension cracks in asphalt pavement below EMAS. Measure thickness of asphalt at crack locations.

**Base Course Material**

- Obtain bulk samples (2 – 5 gallon buckets) of base coarse aggregate underneath the asphalt pavement, at two locations, one each on the east and west sides of the centerline of the EMAS.

- Perform gradation tests in accordance with ASTM D6913 Standard Test Methods for Particle-Size Distribution (Gradation) of Soils Using Sieve Analysis.

**Reinforced and Retained Fill**

- Sample frequency – approximately every 12 feet vertically (4 x 3-foot reinforcement spacing) and in both the sandstone based fill and in the shale based fill. Take additional samples at any observed fill anomalies.

- Sample location – one each on the east and west sides of the EMAS centerline. Record location of each sample.

BY: JGC                                                    Sheet   1   of   4

INNOVATIVE GEOTECHNICAL SOLUTIONS
7445 Arlington Road
Bethesda, MD 20184



*EXHIBIT D*

YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5          FORENSIC EVALUATION PROGRAM – PHASE 1      DATE:      6/22/15

- Sample size – three 5 gallon buckets at each location, if sandstone and clay/shale are both present (below and above reinforcement layer) collect 3 bucket samples of each. Do not include material over ¾-inch size, screen on site as necessary. Document, weigh, and photograph oversize material from each location. Samples shall be field described during sampling. Blending of material in the sample buckets will be required before testing.

- Perform the following tests:

  o  Gradation tests (ASTM D6913)

  o  Atterberg Limits (D4318 - 10e1 Standard Test Methods for Liquid Limit, Plastic Limit, and Plasticity Index of Soils)

  o  Proctor Density tests (ASTM D698 Standard Test Methods for Laboratory Compaction Characteristics of Soil Using Standard Effort)

  o  Triaxial Compression tests (D4767 Standard Test Method for Consolidated Undrained Triaxial Compression Test for Cohesive Soils)

  o  Residual Shear strength testing using sufficient stress reversals to obtain large strains as discussed in the COE laboratory testing procedure EM 1110-2-1906

  o  One-dimensional consolidation tests (ASTM D2435 Standard Test Methods for One-Dimensional Consolidation Properties of Soils Using Incremental Loading)

  o  Permeability tests (ASTM D2434-68 Standard Test Method for Permeability of Granular Soils).

- The frequency of the above listed tests will be a function of the variability of the soil samples obtained during the sampling process and variability of early test results, as a minimum at least three of each test will be performed.

- In-situ density testing – perform sand cone density testing and/or Nuclear Density Testing every 6 feet vertically at three locations during the excavation (D1556 - 15 Standard Test Method for Density and Unit Weight of Soil in Place by Sand-Cone Method and ASTM D6938 - 10 Standard Test Method for In-Place Density and Water Content of Soil and Soil-Aggregate by Nuclear Methods (Shallow Depth)). The test method will be dependent on the amount of large particles in the fill. Excavation at the test level shall be performed with a smooth bucket blade to minimize disturbance of the in-situ soil. Use hand shovel to excavate the last 3 inches to the test elevation.

BY: JGC                                                         Sheet   2   of   4

INNOVATIVE GEOTECHNICAL SOLUTIONS
7445 Arlington Road
Bethesda, MD 20184



YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5          **FORENSIC EVALUATION PROGRAM – PHASE 1**          DATE:          6/22/15

- In-situ moisture – obtain samples for moisture testing at each density test location and wherever there are obvious wet areas (ASTM D2216 - 10 Standard Test Methods for Laboratory Determination of Water (Moisture) Content of Soil and Rock by Mass).

- In-situ Large Scale Density Testing. Frequency – one test in per 12 foot vertically. Dimensions – 2-foot diameter ring and two lift heights thickness in sandstone based fill and one lift height thickness in the shale based fill. Perform in-situ water replacement volume measurement. Gradation test and weight measurement of all samples.

**Geogrid Retrieval for Testing**

- Geogrid sampling frequency – every 12 feet vertically. Sample at two locations at each elevation, one in side fill with 10XT geogrid reinforcement and one in front fill with 20XT geogrid reinforcement.

- At the terminal end of the geogrid expose an area of grid that is a roll width (12 feet) wide and a minimum of 10 feet long for observation and sampling. The excavation to expose the geogrid shall be made with a smooth bucket edge to within 2 inches (or greater) above the geogrid. The final 2 inches shall be excavated by hand, to minimize damaging the geogrid.

- Photographic documentation of the condition of the geogrid shall be performed

- Two 6 feet wide by 10 feet long samples of the geogrid shall be obtained at each exposed location, if Miragrid 10XT and 20XT are both exposed at any location samples of each shall be obtained

- Perform wide width tensile testing (5 at each sample location) in accordance with ASTM D6637 Standard Test Method for Determining Tensile Properties of Geogrids by the Single or Multi-Rib Tensile Method, Method B.

**Geogrid Observations and Additional Sample Retrieval**

- At the terminal end of the geogrid expose an area of grid that is approximately 20 feet wide and 30 feet long, or greater, for observation and sampling. The excavation to expose the geogrid shall be made with a smooth bucket edge. Geogrid overlap observation frequency – every 12 feet vertically.

- Photographic documentation of the condition and overlap of the geogrid shall be performed.

- Overlap geometry and dimensions shall be measured and recorded.

BY: JGC                                                                 Sheet     3     of     4

INNOVATIVE GEOTECHNICAL SOLUTIONS
7445 Arlington Road
Bethesda, MD 20184



YEAGER AIRPORT
SLOPE MONITORING
RUNWAY 5

**FORENSIC EVALUATION PROGRAM – PHASE 1**     DATE:     6/22/15

- Once the scarp has been lowered to a safe height, excavate to expose the geogrid at the face using a smooth bucket edge (frequency of 3 to 6 feet vertically). Expose w width of geogrid of 8 feet.  Tear geometry, in relation to machine direction (MD) and cross machine direction (XMD), will be photographed and recorded.  Observe at two locations at each elevation, one in side fill with 10XT geogrid reinforcement and one in front fill with 20XT geogrid reinforcement.

- Additionally, once the scarp has been removed and it is safe to work in the debris field, large panels (minimum 6 feet in length) of geogrid that are exposed and readily removable will be mapped, then the exposed panels will be removed, tagged, and stored for possible future testing.

**Photographic Documentation and Mapping**

- During the phase 1 stabilization of the head scarp the following photographic documentation and mapping shall be performed:

  - Where rock surface is exposed document elevation and extent (3D mapping), type and condition rock, bedding plane geometry, etc.

  - Location and elevation of 1969 Airport Extension fill

  - Any wet areas exposed during the excavation

  - Reinforced and retained backfill demarcation.

  - Document preparation (ex., stripping, benching, etc.) at the interface between the old existing fill and new (retained backfill).

BY: JGC

Sheet   4   of   4

**INNOVATIVE GEOTECHNICAL SOLUTIONS**
7445 Arlington Road
Bethesda, MD 20184



IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

       Plaintiff,

v.                                   Civil Action No. 15-C-1022
                                           Judge Webster

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

6

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

       Defendants.

## CERTIFICATE OF SERVICE

    On June 24, 2015, the undersigned counsel does hereby certify that service of the attached **EMERGENCY MOTION TO PRESERVE REAL EVIDENCE** has been made upon named Defendants by service through the West Virginia of Secretary of State with the Complaint and Amended Complaint.

                                        _____

Anthony J. Majestro (WVSB 5165)
J.C. Powell (WVSB 2957)
Powell and Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, West Virginia  25301
Phone: 304-346-2889
Fax:     304-346-2895
amajestro@powellmajestro.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED
2015 JUL -6   AM 10: 56
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

| | |
|---|---|
| **Control Number:** 66230 | **Agent:** Corporation Service Company |
| **Defendant:** WEST VIRGINIA PAVING, INC. | **County:** Kanawha |
| 209 West Washington Street | **Civil Action:** 15-C-1022 |
| Charleston, WV 25302 US | **Certified Number:** 92148901125134100000711275 |
| | **Service Date:** 6/30/2015 |

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

18-19

FILED

## SUMMONS
## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2015 JUL   4 10: 56

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

v.                                 Civil Action No. 15-C-1022

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia Corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware Corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware Corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,

HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,
LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
A Pennsylvania corporation,
AIG AEROSPANCE INSURANCE SERVICES, INC.,
A Georgia corporation,
CINCINNATI INSURANCE COMPANY,
An Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
A Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE COMPANY 4-20,
And JOHN DOES NOS 1 THROUGH 20,
                Defendants.


**To the above-named Defendant:**   **West Virginia Paving, Inc.**
                                       **Corporation Service Company**
                                       **209 West Washington Street**
                                       **Charleston, WV 25302**

        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned

and required to serve upon Bucci Bailey & Javins, L.C., plaintiff's attorney, whose address is

Post Office Box 3712, Charleston, West Virginia, 25337, an answer, including any related

counterclaim you may have, to the amended complaint filed against you in the above-styled civil

action, a true copy of which is herewith delivered to you. You are required to serve your answer

within **30** days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _____ 10-18-15 _____

**Cathy S. Gatson, Clerk**
Clerk of the Court

By CR

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,
a West Virginia corporation,

      Plaintiff,

v.

TRIAD ENGINEERING, INC.,
a West Virginia corporation;
CAST & BAKER CORPORATION,
a Pennsylvania corporation;
MICHAEL BAKER INTERNATIONAL, INC.
a/k/a MICHAEL BAKER CORPORATION,
A Delaware corporation
WEST VIRGINIA PAVING, INC.,
a West Virginia corporation;
SENEX EXPLOSIVES INC.,
a Pennsylvania corporation;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION,
a West Virginia corporation;
ENGINEERED ARRESTING SYSTEMS
CORPORATION, d/b/a ZODIAC
ARRESTING SYSTEMS AMERICA,
a Delaware corporation;
ROYAL TEN CATE (USA), INC.,
a Delaware corporation;
NOVEL GEO – ENVIRONMENTAL, LLC,
A Pennsylvania corporation
JMD COMPANY, INC.
A Delaware corporation.
ARCHITECTS & ENGINEERS INSURANCE
COMPANY,
A Delaware corporation,
ERIE INSURANCE GROUP,
A Pennsylvania corporation,
GREAT AMERICAN INSURANCE COMPANY,
An Ohio corporation,
HDI-GERLING AMERICA INSURANCE COMPANY,
A Illinois corporation,

Civil Action No. 15-C-1022
Judge Kaufman

2015 JUN 18  AM 11: 2[ ]

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

LANCER INSURANCE COMPANY,
A Delaware corporation,
LIBERTY MUTUAL INSURANCE COMPANY,
A Massachusetts corporation,
OHIO FARMERS INSURANCE COMPANY,
An Ohio corporation,
WESTFIELD INSURANCE COMPANY,
An Ohio corporation,
XL INSURANCE AMERICA, INC.,
A Delaware corporation,
NEW HAMPSHIRE INSURANCE COMPANY,
 a Pennsylvania corporation,
AIG AEROSPACE INSURANCE SERVICES, INC.,
a Georgia corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio corporation,
TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
ACE AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,
JOHN DOE INSURNACE COMPANY 1,
JOHN DOE INSURANCE COMPANY 2,
JOHN DOE INSURANCE COMPANY 3,
JOHN DOE INSURANCE  COMPANIES 4-20,
and JOHN DOES NOS 1 THROUGH 20,

      Defendants.

## AMENDED COMPLAINT

The plaintiff, Central West Virginia Regional Airport Authority, Inc., for its complaint,

hereby alleges as follows:

### PARTIES

1.    Plaintiff Central West Virginia Regional Airport Authority, Inc., ("the Authority")

is a political subdivision of the State of West Virginia, governed by a board comprised of

representatives of Kanawha, Putnam, Lincoln, Boone, and Nicholas Counties, and the City of

Charleston.  At all relevant times, plaintiff Authority owned and operated Yeager Airport in

Charleston, Kanawha County, West Virginia.

2

2.      Defendant Triad Engineering, Inc. ("Triad") is a West Virginia corporation. Upon information and belief, its principal place of business is now in Pittsburgh, Pennsylvania. At all relevant times, Defendant Triad has been licensed to conduct and has been conducting business in the State of West Virginia.  Triad provided design, engineering, supervision, inspection, monitoring, and advice with regard to the subject project discussed herein.  Additionally, after completion of the subject project, defendant Triad continued to provide such services.

3.      Defendant Cast & Baker Corporation ("Cast") is a Pennsylvania Corporation with its principal place of business in Cannonsburg, Pennsylvania.  At all relevant times, Defendant Cast has been licensed to conduct and has been conducting business in the State of West Virginia, and was the general contractor on the subject project.  Cast provided design, engineering, supervision, inspection, monitoring, advice, construction work and other construction related services on the subject project.  Additionally, after completion of the project, defendant Cast continued to provide such services.

4.      Defendant Michael Baker International, Inc., a/k/a Michael Baker Corporation ("Michael Baker") is a Delaware Corporation.  Michael Baker designed and inspected the RSA and MSE system as described herein.

5.      Defendant West Virginia Paving, Inc. ("WV Paving") is a West Virginia corporation.  Upon information and belief, its principal place of business is in Dunbar, Kanawha County, West Virginia.  At all relevant times, Defendant WV Paving has been licensed to conduct and has been conducting business in the State of West Virginia.  WV Paving provided paving services and products upon which an EMAS system, discussed herein, was installed on the subject project.

3

6.     Defendant Senex Explosives, Inc. ("Senex") is a Pennsylvania corporation.   At all relevant times, Defendant Senex has been licensed to conduct and has been conducting business in the State of West Virginia.   Senex provided explosives and blasting services on the subject project.

7.     Defendant Affordable Asphalt Maintenance Corporation ("Affordable Asphalt") is a West Virginia corporation.   Upon information and belief, its principal place of business is in Mineral Wells, Wood County, West Virginia.   At all relevant times, Defendant Affordable Asphalt has been licensed to conduct and has been conducting business in the State of West Virginia.   Defendant Affordable Asphalt installed the subject EMAS system discussed herein.

8.     Defendant Engineered Arresting Systems Corporation ("Engineered Arresting") is a Delaware corporation.   At all relevant times, Defendant Engineering Arresting has been licensed to conduct and has been conducting business in the State of West Virginia.   Defendant Engineering Arresting designed, sold, distributed and/or manufactured the EMAS system described herein and provided advice and expertise in the selection and installation of the EMAS system.

9.     Defendant Royal Ten Cate (USA), Inc.  ("Royal Ten") is a Delaware corporation. At all relevant times, Defendant Royal Ten has been licensed to conduct and has been conducting business in the State of West Virginia.   Defendant was the manufacturer and/or distributor of the geosynthetic materials utilized on the subject project including the Miramesh GR, and the Miragrid 10XT & 20XT.

10.     Defendant Novel Geo-Environmental, LLC ("Novel') is a Pennsylvania corporation.   At all relevant times, Defendant Novel has been licensed to conduct and has been

4

conducting business in the State of West Virginia.  Defendant Novel provided quality-control services including geotechnical compaction testing and/or analysis for the subject project.

11.     Defendant JMD Company, Inc., ("JMD') is a Delaware corporation.  At all relevant times, Defendant JMD has been licensed to conduct and has been conducting business in the State of West Virginia. Defendant JMD distributed and/or modified the geosynthetic materials utilized on the subject product including the Miramesh GR and Miragrid 10XT & 20XT, and further provided advice and expertise in the selection and installation of the subject products.

12.     Defendant Architects & Engineers Insurance Company ("Architects") is a Delaware corporation.  At all relevant times, Defendant Architects has been licensed to conduct and has been conducting business in the State of West Virginia.

13.     Defendant Erie Insurance Group ("Erie") is a Pennsylvania corporation.  At all relevant times, Defendant Erie has been licensed to conduct and has been conducting business in the State of West Virginia.

14.     Defendant Great American Insurance Company ("Great American") is an Ohio corporation.  At all relevant times, Defendant Great American has been licensed to conduct and has been conducting business in the State of West Virginia.

15.     Defendant, Lancer Insurance Company ("Lancer") is a Delaware corporation.  At all relevant times, Defendant Lancer has been licensed to conduct and has been conducting business in the State of West Virginia.

16.     Defendant, HDI-Gerling America Insurance Company ("HDI-Gerling") is a Illinois corporation.  At all relevant times, Defendant HDI-Gerling has been licensed to conduct and has been conducting business in the State of West Virginia.

17.     Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation.  At all relevant times, Defendant Liberty has been licensed to conduct and has been conducting business in the State of West Virginia.

18.     Defendant Ohio Farmers Insurance Company ("Ohio") is an Ohio corporation.  At all relevant times, Defendant Ohio has been licensed to conduct and has been conducting business in the State of West Virginia.

19.     Defendant Westfield Insurance Company ("Westfield") is an Ohio corporation. At all relevant times, Defendant Westfield has been licensed to conduct and has been conducting business in the State of West Virginia.

20.     Defendant, XL Insurance America, Inc. ("XL") is an Delaware corporation.  At all relevant times, Defendant XL has been licensed to conduct and has been conducting business in the State of West Virginia.

21.     Defendant, New Hampshire Insurance Company ("New Hampshire") is a Pennsylvania corporation.  At all relevant times, Defendant New Hampshire has been licensed to conduct and has been conducting business in the State of West Virginia.

22.     Defendant, AIG Aerospace Insurance Services, Inc. ("AIG Aerospace") is a Georgia corporation.   At all relevant times, Defendant AIG Aerospace has been licensed to conduct and has been conducting business in the State of West Virginia.

23.     Defendant, Cincinnati Insurance Company ("Cincinnati") is an Ohio corporation. At all relevant times, Defendant Cincinnati has been licensed to conduct and has been conducting business in the State of West Virginia.

6

24.     Defendant, Travelers Indemnity Company ("Travelers") is a Connecticut corporation.  At all relevant times, Defendant Travelers has been licensed to conduct and has been conducting business in the State of West Virginia.

25.     Defendant ACE American Insurance Company ("ACE") is a Pennsylvania corporation.  At all relevant times, Defendant ACE has been licensed to conduct and has been conducting business in the State of West Virginia.

26.     Defendants John Doe Insurance Companies Nos. 1 through 20 are potentially unknown insurance companies or other entities.

27.     Defendants John Doe Nos. 1 through 20 are potentially unknown defendants in this action who will be discovered during the course of discovery.

## JURISDICTION AND VENUE

28.     That at all times mentioned herein, the Defendants Triad, Cast, Michael Baker, WV Paving, Senex, Affordable Asphalt, Engineered Arresting, Royal Ten, Novel, Architects, Erie, Great American, HDI-Gerling, Lancer, Liberty, Ohio Farmers, Westfield, XL, New Hampshire and AIG Aerospace are now and/or were corporations doing business in Kanawha County, West Virginia.

29.     Jurisdiction and venue are appropriate in the Circuit Court of Kanawha County, West Virginia, pursuant to W. Va. Code § 56-1-1, in that the events giving rise to this cause of action occurred in Kanawha County, West Virginia; one or more defendant does business in West Virginia; and plaintiff avails itself of the Circuit Court of Kanawha County, West Virginia, pursuant to the principles set forth in W. Va. Code §56-1-1 and W. Va. Code §56-1-1a.

30.     The claims raised herein are claims under West Virginia law and do not concern any federal law or federal constitutional provision.

7

## FACTS

31.     The plaintiff realleges and incorporates by reference Paragraphs 1 through 30.

32.     Yeager Airport sits on a man-made plateau that was constructed in the 1940s by removing portions of the ridge and hilltops. In the original grading process, more than 9 million cubic yards of earth and rock were moved with the aid of more than 2 million pounds of explosives.

33.     In and around 2003, the Authority decided to provide a Runway Safety Area (RSA) for its runways, including Runway 5-23. Runway 5-23 is the runway that is the subject of this action.

34.     It was determined that the best manner in which to provide the RSA for Runway 5-23 was a 500 foot extension of the runway's southernmost end and the use of an engineered material arresting system (EMAS). An EMAS system is a system of specialized air-entrained cement blocks at the end of a runway onto which an airplane can travel in an emergency. These blocks are meant to collapse under the weight of the airplane thereby stopping or arresting the airplane's progress and preventing a crash.

35.     Because of Yeager Airport's location on top of a ridge, extending the runway was not possible without dramatically altering the natural grade of the land.

36.     The Runway 5-23 Extension project involved disturbing at least 42.5 acres of vegetated and forested land, including at least 13.75 acres of clear-cutting. Fill and other materials would have to be brought in to construct a mechanically stabilized earth structure (MSE) or manmade slope so the extension could be built at the same elevation as the existing runway. The plan called for the movement of approximately 750,000 cubic yards of earth. At

8

the time, this would be the largest MSE ever designed and constructed. The total cost for the extensions to both runways was in excess of thirty million dollars.

37.     Through a bidding procedure, and based upon certain representations and the amount of Defendant Triad's bid, the Authority contracted with Defendant Triad for the design and engineering work for the runway extension project including, but not limited to, the design and engineering of the MSE. The Authority contracted with Defendant Cast to serve as the contractor for the construction work including, but not limited to, the construction of the MSE. Other named defendants herein provided services and products in conjunction with those contracts.

38.     Work started on the Runway 5-23 RSA and the MSE on May 31, 2005. The RSA and the MSE was completed in June of 2007 with the installation of the EMAS blocks.

39.     Pursuant to FAA regulations, the EMAS blocks and the runway extension were continually inspected and monitored by the Authority after completion.

40.     On July 28, 2013, employees of the Authority were preparing to paint the EMAS blocks with the required coating and noticed separation in and around the EMAS blocks which was not present the week before.

41.     The Authority immediately contacted defendants Triad and Cast and informed defendants of this development.

42.     Defendants Triad and Cast inspected the EMAS and MSE area and defendants Triad and Cast informed the Authority they did not think there was a problem with the EMAS system nor the MSE on which it was placed. Defendant Triad instructed the Authority to monitor the area through surveys. In fact, defendant Triad informed the Authority that settlement of as much as 24" was within normal range. As instructed, the Authority had surveys

9