```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**CENTRAL WEST VIRGINIA REGIONAL**
**AIRPORT AUTHORITY, INC.,**

       **Plaintiff**

v.                                        Civil Action No. 2:15-cv-11818

**TRIAD ENGINEERING, INC.;**
**CAST & BAKER CORPORATION;**
**MICHAEL BAKER INTERNATIONAL, INC.;**
**WEST VIRGINIA PAVING, INC.;**
**SENEX EXPLOSIVES INC.;**
**AFFORDABLE ASPHALT MAINTENANCE**
**CORPORATION; ENGINEERED ARRESTING**
**SYSTEMS CORPORATION; ROYAL TEN**
**CATE (USA), INC.; NOVEL GEO-ENVIROMENTAL,**
**LLC; JMD COMPANY, INC.;**
**ARCHITECTS & ENGINEERS INSURANCE**
**COMPANY; ERIE INSURANCE GROUP; GREAT AMERICAN**
**INSURANCE COMPANY; HDI-GERLING AMERICA**
**INSURANCE COMPANY; LANCER INSURANCE COMPANY;**
**LIBERTY MUTUAL INSURANCE COMPANY;**
**OHIO FARMERS INSURANCE COMPANY;**
**WESTFIELD INSURANCE COMPANY; XL INSURANCE**
**AMERICA, INC.; NEW HAMPSHIRE**
**INSURANCE COMPANY; AIG AEROSPACE**
**INSURANCE SERVICES, INC.; CINCINNATI**
**INSURANCE COMPANY; TRAVELERS INDEMNITY**
**COMPANY; ACE AMERICAN INSURANCE COMPANY;**
**JOHN DOE INSURANCE COMPANY 1; JOHN DOE INSURANCE**
**COMPANY 2; JOHN DOE INSURANCE COMPANY 3;**
**JOHN DOE INSURANCE COMPANIES 4-20;**
**JOHN DOES NOS 1 THROUGH 20,**

       **Defendants**

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion for Relief from Order Granting Plaintiff's Motion to Stay, filed on September 14, 2015.

### Background

On August 26, 2015, plaintiff filed a motion to stay all proceedings in this case during the court's consideration of plaintiff's motion to remand. The court inadvertently ruled on the motion to stay prematurely, granting the stay so sought by order entered on September 11, 2015. Because the court acted without awareness that a substantial number of the defendants had filed a timely response to the motion to stay, the court entered another order on September 17, 2015 allowing additional briefing on plaintiff's motion to stay, as well as briefing on defendants' motion seeking relief from the previous order approving the stay. The stay has been left in place during this briefing.

Both sides have made a variety of arguments in the briefing on these motions. Plaintiff has argued that the court

must determine whether it has subject-matter jurisdiction over this case before ruling on additional motions, such as defendants' motions to dismiss.  Pl. Mot. to Stay at *2.  Plaintiff also argues that judicial economy and justice will be enhanced by a stay, because the case may otherwise require substantial resources from parties and the court before subject-matter jurisdiction is established.  Id. at *3.  Similarly, plaintiff notes that discovery rules differ in state and federal courts, and if a federal court sets the terms of discovery, some of this work may need to be redone if the case is remanded.  Pl. Rep. in Supp. of Mot. to Stay and Resp. to Def. Mot. for Relief From Order at *2.

Defendants respond that the various pending motions to dismiss will require resolution of the same jurisdictional issues as the pending motion to remand, and so this court should consider both simultaneously.  Def. Resp. in Opp. to Pl. Mot. to Stay at *4; XL Insurance America's Resp. to Pl. Mot. to Stay at *3.  Defense briefs also note that, if discovery is stayed, plaintiff will be able to conduct factual investigation at the Airport – as plaintiff controls the property – but defendants will be foreclosed from doing so.  Rep. in Supp. of Def. Mot.

for Relief from Order Granting Pl. Mot. to Stay at *3. The defense also suggests that plaintiff is currently conducting work that may alter evidence. Id. at *3. The defense further mentions that, at some time during this briefing, defendants had been "compel[ed] . . . to pay for forensic investigation and testing," as well as other expenses, and that these expenses can only be avoided if the court quickly dismisses the action as to those defendants with meritorious motions to dismiss. Def. Resp. in Opp. to Pl. Mot. to Stay at *10-11.

      Moreover, the defense recently moved to amend its notice of removal to include 28 U.S.C. § 1442 as a basis for removing the action. The defense points out that, even if this court grants plaintiff's motion to remand, the right of appeal under § 1442 means that the action will be pending before the federal courts for some time, and that discovery must commence at some point before a final ruling is reached by the Fourth Circuit. Rep. in Supp. of Def. Mot. for Relief from Order Granting Pl. Mot. to Stay at *1.

      Defendants also contend that there is little precedent from within the Fourth Circuit that supports the granting of a

stay, and that Supreme Court precedent, particularly Hilton v. Braunskill, 481 U.S. 770 (1987), suggests that a stay should not be granted here. See Def. Resp. in Opp. to Pl. Mot. to Stay at *9-10. Finally, defendants note society's interest in speedy resolution of the dispute. Id. at *5.

Both sides additionally made several arguments related to discovery in Carter v. Central Regional West Virginia Airport Authority et al, No. 2:15-cv-13155, a case that arose from the same events as the present action. Until recently, Carter was pending in state rather than federal court, and certain third-party or cross claims made by the Authority in Carter may have duplicated claims presented in this case. Carter has now been removed to the federal system, and is pending before this court. On September 23, the Authority dismissed certain of its cross-claims and third-party claims in Carter against parties that are also defendants in the present action.

## Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In exercising its discretion to grant a stay, a court "must weigh competing interests." Id. at 255. Parties seeking a stay generally "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." Id. at 255; see also Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 127 (4th Cir. 1983) ("The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.").

In the present case, plaintiff has indeed noted "clear and convincing circumstances" justifying a stay that "outweigh[] potential harm" that may be worked by it. This court has not yet determined that it has subject-matter jurisdiction over the present action, and the proposed stay would simply stop other activities while the court considers plaintiff's motion to remand. If the court finds that it lacks jurisdiction, and remands the case to state court, any time that the parties have spent developing legal and factual issues in accordance with federal rather than state law will have been wasted. Similarly,

any time that the federal judiciary will have spent to fashion appropriate discovery rules, or respond to the parties' discovery disputes, will have been in vain.  In a case of such great size, complexity, and public importance, these expenditures of effort will be significant.

The defense points out three possible harms from a stay: defendants' current obligation to pay for work at the airport, plaintiff's one-sided ability to conduct discovery on its own property, and damage to the public's interest in speedy resolution of the case.

First, defendants claim that plaintiff "is currently compelling Defendants to pay for" various types of investigation and stabilization of the runway safety area.  Def. Resp. in Opp. to Pl. Mot. to Stay at *10-11.  Defendants suggest that this obligation arose from discovery orders in the <u>Carter</u> action, and it is unclear whether any part of the obligation remains.  It is further unclear why defendants could not challenge the obligation directly if it is somehow inequitable.  Although defense briefs suggest that the obligation will only terminate if defendants are dismissed from this case, the court will not,

in any event, address defendants' motions to dismiss before disposing of the motion to remand, regardless of whether a stay is in place. The stay thus appears unrelated to whether or when defendants' obligations (if they still remain) will be extinguished.

The second of defendants' contentions is that the Authority may conduct discovery on its own property while a stay is in place. This complaint identifies a result of most discovery limitations in most litigation. Since one party controls something that is the subject of the dispute, the other side cannot gain access to it before discovery begins. But defendants have given no reason why the Authority's current access to the airport would militate in favor of immediate discovery and full briefing of this case before the court determines whether it has subject-matter jurisdiction. Ample time for discovery will be given when this action arrives at its final resting place, whether that be in state or federal court.

Defendants also claim that "[s]ite work, sampling, and testing which 'would necessarily alter evidence' is ongoing." Rep. in Supp. of Def. Mot. for Relief from Order Granting Pl.

Mot. to Stay at *3.  During the stay, defendants will be free to request injunctive relief if they believe that plaintiff is undertaking to alter evidence impermissibly, or that defendants must collect certain evidence immediately lest it disappear forever.

Third, the court acknowledges the public's interest in a speedy resolution of this action.  Nevertheless, it is not clear that relief from the stay will resolve this action more quickly, particularly if the court grants the motion to remand.  The public interest would plainly be disserved if federal officials spent substantial time resolving discovery disputes, only to see the case struck from the federal docket in the end.

Defendants' other arguments are also unpersuasive.  Defendants rely heavily on the Supreme Court's opinion in Hilton v. Braunskill, 481 U.S. 781, which has no application here.  Hilton considered the circumstances in which the enforcement of a judgment may be stayed during an appeal.  Post-judgment stays are explicitly governed by provisions of the Federal Rules of Civil Procedure and Appellate Procedure.  See Hilton, 481 U.S. at 776; Fed. R. Civ. P. 62(c) (governing post-judgment stays

pending appeal in district courts); Fed. R. App. P. 8 (governing post-judgment stays pending appeal in appellate courts). These rules do not address stays during ongoing proceedings. The leading authorities regarding ongoing proceedings, as described above, are <u>Landis</u> and its progeny.

Defendants further argue that the motions to dismiss involve the same jurisdictional issues as the motion to remand, and so both should be considered at the same time, without the institution of a stay. Def. Resp. in Opp. to Pl. Mot. to Stay at 8-10. The court, however, must first satisfy itself that it possesses subject-matter jurisdiction. The question of whether preemption exists, and whether it justifies federal jurisdiction, is plainly different from, and properly precedes adjudication of, questions regarding the legal basis of plaintiff's claims under the relevant body of federal law.

Defendants note that, if they are permitted to amend their notice of removal so that it includes a reference to 28 U.S.C. § 1442, this action will remain in federal court for some time because they will be entitled to an appeal if this court grants the motion to remand. Rep. in Supp. of Def. Mot. for

Relief from Order Granting Pl. Mot. to Stay at *1. That may be so. The present motion, however, simply requests a stay while the motion to remand is considered. Defendants' comments about the future beyond that point are not relevant. Moreover, even if this court were to grant a motion to remand, and defendants appealed, there would be no need for briefing on motions to dismiss unless the decision to remand were reversed. Thus, even if defendants are correct that this action will remain in federal courts for some time, it does not follow that a stay will prolong the inevitable.

Finally, any remaining arguments regarding the <u>Carter</u> action are now largely irrelevant since <u>Carter</u> has been removed to the federal courts and the Authority has voluntarily dismissed many of the claims in <u>Carter</u> that may have duplicated claims in this case. And, as explained earlier, the mere fact that plaintiffs may conduct "discovery" upon their own property in connection with this case or <u>Carter</u> does not explain why defendants must be given benefit of discovery processes at this time. Again, however, to the extent that defendants believe the Authority is conducting discovery that may alter evidence, or that particular evidence must be collected immediately, the

court will entertain motions for appropriate injunctive relief.

In sum, neither the arguments discussed herein, nor others offered by the defendants, have persuaded the court to alter the terms of its previously-issued order granting the plaintiff's Motion to Stay. The court reiterates its previous rationale for granting the stay, namely, that it is prudent to determine whether subject-matter jurisdiction exists before asking the litigants to expend considerable time and effort to engage in any other activities related to the action.

The court ORDERS that defendants' motion for relief from the previously-filed order be, and it hereby is, denied. The stay will remain in place until the court disposes of plaintiff's motion to remand, although parties may move for limited relief from the stay if compelling circumstances so warrant.

      **The Clerk is directed to forward copies of this written opinion and order to all counsel of record.**

      DATED: November 5, 2015

      John T. Copenhaver, Jr.
      United States District Judge