UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


CENTRAL WEST VIRGINIA REGIONAL
AIRPORT AUTHORITY, INC.,

       Plaintiff

v.                            Civil Action No. 2:15-cv-11818

TRIAD ENGINEERING, INC.;
CAST & BAKER CORPORATION;
MICHAEL BAKER INTERNATIONAL, INC.;
WEST VIRGINIA PAVING, INC.;
SENEX EXPLOSIVES INC.;
AFFORDABLE ASPHALT MAINTENANCE
CORPORATION; ENGINEERED ARRESTING
SYSTEMS CORPORATION; ROYAL TEN
CATE (USA), INC.; NOVEL GEO-ENVIROMENTAL,
LLC; JMD COMPANY, INC.;
ARCHITECTS & ENGINEERS INSURANCE
COMPANY; ERIE INSURANCE GROUP; GREAT AMERICAN
INSURANCE COMPANY; HDI-GERLING AMERICA
INSURANCE COMPANY; LANCER INSURANCE COMPANY;
LIBERTY MUTUAL INSURANCE COMPANY;
OHIO FARMERS INSURANCE COMPANY;
WESTFIELD INSURANCE COMPANY; XL INSURANCE
AMERICA, INC.; NEW HAMPSHIRE
INSURANCE COMPANY; AIG AEROSPACE
INSURANCE SERVICES, INC.; CINCINNATI
INSURANCE COMPANY; TRAVELERS INDEMNITY
COMPANY; ACE AMERICAN INSURANCE COMPANY;
JOHN DOE INSURANCE COMPANY 1; JOHN DOE INSURANCE
COMPANY 2; JOHN DOE INSURANCE COMPANY 3;
JOHN DOE INSURANCE COMPANIES 4-20;
JOHN DOES NOS 1 THROUGH 20,

       Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendants' motion for Leave to Amend Notice of Removal, filed September 14, 2015.

## Background

Defendant Engineered Arresting Systems Corporation, doing business as Zodiac Arresting Systems America ("Zodiac"), timely filed a notice of removal in this case on August 5, 2015. On September 14, Zodiac moved to amend its original notice of removal pursuant to 28 U.S.C. § 1653, which provides that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Zodiac's original notice stated that removal was proper under 28 U.S.C. §§ 1331 and 1441 based on the doctrine of complete preemption. Not. of Removal ¶ 4. The proposed amendment would add 28 U.S.C. § 1442, the "federal officer" removal statute, as a basis for removal, and would present substantial new material justifying removal thereunder.

Zodiac's proposed amendment first adds several references to § 1442 and its elements. <u>See</u> Am. Not. Of Removal

2

at *3 (noting "Zodiac's status as a person acting under an
officer of an agency of the United States," and stating that
removal is proper under § 1442 because "at all times relative to
Plaintiffs' Complaint, Zodiac was acting under the authority of
and pursuant to direction and control by the Federal Aviation
Administration").  The proposed amendment also includes more
than a full page of new factual and legal statements that set
out and justify the § 1442 removal theory:

> 12. The FAA's control, oversight, participation and
> final design approval authority of the EMAS
> [engineered material arresting system] system designed
> by Zodiac render this case removable under 28 U.S.C. §
> 1442(a).

> 13. As observed in Virden v. Altria Group, Inc., 304
> F.Supp.2d 832, 843 (N.D. W.Va. 2004), in order to
> remove an action pursuant to 28 U.S.C. § . . .
> 1442(a), a defendant must establish that (1) it is a
> "person" within the meaning of the statute, (2) it
> acted under the direction of a federal officer, (3) it
> has a colorable federal defense to the plaintiffs'
> claims, and (4) there is a causal nexus or connection
> between the plaintiffs' claims and acts it performed
> under color of federal office.

> 14. In the present case, Zodiac meets all criteria
> required to assert Federal Officer Removal
> Jurisdiction. First, Zodiac is a person within the
> meaning of 28 U.S.C. § 1442(a). See Virden., 304
> F.Supp.2d 844 (noting that corporations are considered
> "persons" under 28 U.S.C. § 1442 ).

> Second, based on the level of control and
> oversight exerted by the FAA in the design and
> construction of the EMAS system, Zodiac acted under

the direction of the FAA.

   Third, Zodiac has a colorable federal
defense to the Authority's claims. Because the FAA
approved reasonably precise design specifications for
the EMAS system, the EMAS system conformed to those
specifications (as evidenced by the FAA's approval of
Zodiac's design for the EMAS system), and Zodiac was
unaware of any dangers in the use of the EMAS system,
Zodiac can claim protection under the government
contractor defense. See Boyle v. United Technologies
Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L.Ed.2d 442
(1988).

   Fourth, there is a causal connection between
the Authority's claims and acts Zodiac performed under
color of federal office. Specifically, the Authority
alleges that Zodiac was negligent with respect to the
design, construction, inspection, analysis, testing,
engineering, supervision of and installation of the
EMAS system. Zodiac designed, inspected, analyzed and
engineered the EMAS system subject to the oversight,
control and approval of the FAA.

See Am. Not. of Removal at *6-7.  The proposed Amended Notice

contains various other minor changes that mention or support the

§ 1442 argument.  See, e.g., id. at *2 (stating that removal

basis includes § 1442); *7 (mentioning federal officer removal

statute); *9-10 (contending that co-defendants' consent to

remove under § 1442 is unnecessary).

   In its motion to amend the notice, Zodiac concedes

that § 1442 was "not specifically cited in the initial Notice of

Removal."  Mot. for Leave to Amend Not. of Removal of Def.

Engineered Arresting Systems Corp. (hereinafter "Mot. to Amend

4

Not. of Removal") at *1.  But Zodiac contends that "the
allegations [in the original notice] give rise to federal
jurisdiction under 28 U.S.C. § 1442," and that the amendment
will simply allow the notice "to specifically state that
jurisdiction is proper . . . pursuant to 28 U.S.C. § 1442."  Id.
at *1-2.  In Zodiac's view, the original notice supports
"federal officer" removal for two reasons.  First, the
plaintiff's legal theory is that defendants were negligent in
completing several construction projects at the airport, and,
second, the original removal notice states that the FAA
regulates the design, construction, and other components of
these projects.  Id. at *1-2.

Plaintiff opposes the motion to amend, arguing that
Zodiac's proposed addition "does far more than correct defective
allegations" as allowed by 28 U.S.C. § 1653.  Plaintiff
contends, in particular, that defendant does not seek to
"correct[] factual allegations that are incorrect or
'imperfectly stated,'" but instead wishes to add "[e]ntirely new
grounds for jurisdiction," which are "beyond the scope of
section 1653."  Pl. Resp. to Mot. for Leave to Amend Not. of
Removal of Def. Engineered Arresting Systems Corp. (hereinafter
"Pl. Resp.") at *7.  Plaintiff notes that Zodiac's amendment "is

5

both a new ground for removal [and] requires extensive additional allegations . . . that were not present in the original notice of removal." Pl. Resp. at *9.

Zodiac's reply asserts that "[t]he additional allegations" in the amendment "cannot be characterized as facts, but legal conclusions concerning jurisdiction." Rep. in Supp. of Mot. for Leave to Amend Not. of Removal at *2. Zodiac analyzes each proposed addition to its notice, and attempts to show how each addition is a purely legal conclusion, or a factual assertion based on material that was present in the original notice. Id. at *9-12.

## Legal Standard

"[T]he strict time limit of 28 U.S.C. § 1446(b)" requires that defendants file a notice of removal "within thirty days" of receiving copies of an initial pleading. W. Va. v. Minn. Mining & Mfg. Co., 354 F.Supp.2d 660, 668 (S.D.WV 2005). Within these thirty days, amendment is allowed for "either missing or imperfectly stated grounds for removal." Muhlenbeck v. K.I., LLC., 304 F.Supp.2d 797, 799 (E.D.Va. 2004). "After the thirty-day removal period, a defendant may amend its removal petition with leave of court, pursuant to 28 U.S.C. § 1653,

which provides that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'"  Id.

The Fourth Circuit has recently clarified and simplified the standard for amendment under § 1653.  See Wood v. Crane Co., 764 F.3d 316 (4th Cir. 2014).  Whether a notice of removal may be amended under § 1653 depends on whether the amendment would "correct allegations already present in the notice of removal," which is permissible, or whether it "furnish[es] new allegations of a jurisdictional basis," which is not allowed.  Id. at 323.  In general, "amendment is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction."  Id.

The court in Wood gave specific examples of permissible "technical changes," which involved the correction of minor errors or updates of the parties' domiciles.  Id. at 323-24.  A defendant has been allowed to amend a notice of removal stating that a party is a "Kentucky corporation" so that the notice instead states that Kentucky is the party's "principal place of business."  See Nutter v. New Rents, Inc., No. 90-2493, 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991).  In another case, a notice of removal was deemed amended to update a

7

plaintiff's domicile from Ohio to Pennsylvania when either state would have supported diversity jurisdiction.  <u>Yarnevic v. Brink's, Inc.</u>, 102 F.3d 753, 754-55 (4th Cir. 1996). Particularly relevant in <u>Yarnevic</u> was that the defendant had already removed the case properly using plaintiff's previous address, such that "change of domicile information simply added new evidence to rebut [the] motion to remand."  <u>Wood</u>, 764 F.3d at 324 (quoting <u>Yarnevic</u>, 102 F.3d at 755).

Defendant Zodiac contends that Supreme Court cases, or decisions of our court of appeals, distinguish sharply between amendments adding "jurisdictional facts," as opposed to amendments adding "jurisdictional allegations," or legal bases for removal, and that courts generously allow amendments adding the latter but not the former.  <u>See</u> Rep. in Supp. of Mot. for Leave to Amend Not. of Removal at *1-2.

That is not a correct view of the applicable law. First, the text of § 1653 refers to "allegations," which may be either legal or factual.  Probably the most frequent amendment allowed under § 1653 is a change to an assertion regarding a party's citizenship for diversity purposes, which certainly contains a factual component and plainly does not name a new

8

basis for removal.  <u>See</u>, <u>e.g.</u>, <u>Muhlenbeck</u>, 304 F.Supp.2d at 801 ("[D]efendant here alleged all of the grounds necessary for removal in its original removal petition, but it imperfectly alleged its own citizenship."); <u>Britton v. Gardner</u>, No. 3:14-CV-683 RCY, 2015 WL 163382, (E.D.Va. Jan 13, 2015)(allowing defendant to amend notice to state that parties were diverse both when action was filed <u>and</u> at time of removal); <u>see also</u> <u>Wood</u>, 764 F.3d at 323-24 (discussing examples of permissible changes, which include updates to domicile and place of business for diversity purposes).  Amendment has also been granted so that defendants may allege that a party not listed in the original pleadings is the real party in interest — this change, similarly, corrects an allegation that is substantially factual rather than adding a new legal argument for removal.  <u>See</u> <u>Minn.</u> <u>Mining</u>, 354 F.Supp.2d at 671.  On the other hand, amendments that attempt to add new statutes as bases for removal tend not to be permitted.  <u>See</u>, <u>e.g.</u>, <u>A.E.A. ex rel Angelopoulos v. Volvo</u> <u>Penta of the Americas, LLC.</u>, 77 F.Supp.3d 481 (E.D.Va. 2015)(refusing amendment that would have added federal question as a basis for removal when case was originally removed based on admiralty jurisdiction); <u>cf.</u> <u>Wood</u>, 764 F.3d 753 (rejecting defendant's attempt to invoke "federal officer" theory as to a particular part of the case when the defendant had previously

9

refused to do so).

Second, neither Wood nor Newman-Green, Inc. v. Alfonzo-Larain, 490 U.S. 826 (1989), suggests, as Zodiac contends, that new legal allegations are allowed generously while factual amendments are impermissible. In Newman-Green, a plaintiff amended its complaint under § 1653 to drop a non-diverse party from litigation and thus preserve diversity jurisdiction. 490 U.S. at 829. The Supreme Court ruled that § 1653 may not be used to change or remove facts that were accurately pled at the start, if those facts, as initially and correctly pled, made federal jurisdiction impossible. Id. at 830-32. Allowing such a change would "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before," and would thereby go beyond the text and intent of § 1653. See id. at 831.

Newman-Green distinguishes, however, between defective factual allegations and defective facts. Section 1653 may not be used to correct "defects in the jurisdictional facts themselves," such as the defect of non-diverse parties litigating a suit where plaintiff has sought to establish diversity jurisdiction. Id. Nevertheless, factual allegations

10

may be repaired if they were present but incorrectly stated in the initial pleadings, and if a correct statement of the factual allegations would confer jurisdiction, such as when a diverse party's citizenship is improperly stated.

Wood, of course, said nothing in derogation of the Newman-Green rule.  See Wood, 764 F.3d 316.  As explained above, the law in our circuit asks whether an amendment modifies allegations already present in the original notice, whether factual or legal, or adds new allegations altogether. Id. at 323.  Amendment is only to be allowed "for technical changes, such as the exact grounds underlying diversity jurisdiction." 764 F.3d at 323.

### Analysis of Proposed Amendment

In this case, Zodiac seeks to add statutory references, legal argument, and substantial factual material supporting its theory of "federal officer" removal under § 1442. See Am. Not. Of Removal at *3, 6, 7.

### a. Addition of § 1442 as a basis for removal

Zodiac seeks, first, to add to its notice several

11

references to § 1442, which would make clear that the "federal officer" argument is a basis for removal of the case. Zodiac contends that § 1442 was an "'existing basis' for jurisdiction that can be discerned from the initial Notice of Removal," Rep. in Supp. of Mot. for Leave to Amend Not. of Removal at *9, and points to the following paragraph in the initial notice for support:

> 10. RSAs [Runway safety areas], the FAA RSA Program, EMAS system design, materials, proposals, quality assurance, inspection and maintenance are regulated by the Federal Aviation Administration ("FAA"). See Advisory Circular Nos. 150/5300-13 (September 29, 1989), 150/5300-13A (September 28, 2012), 150/5220-22B (September 27, 2012) and/or 150/5220-22A (September 30, 2005); FAA Order 5200.8; FAA Order 5200.9; 14 C.F.R. § 139; FAAct, 49 U.S.C. § 40101, et seq.; ADA, 49 U.S.C. § 41713.

Not. of Removal ¶ 10.  Zodiac believes that this paragraph mentioning matters regulated by the FAA, combined with plaintiff's allegation that defendants negligently completed airport projects, see Mot. to Amend Not. of Removal at *2-3, mean that the "federal officer" argument was "already present in the [original] notice of removal," Wood, 764 F.3d at 323.

Zodiac's argument is unpersuasive.  The excerpt above in no way refers to removal under § 1442(a).  A mere allegation

that an activity is regulated – even closely regulated – does not show that someone participating in the activity is "acting under a federal officer" in the meaning of § 1442(a).  Indeed, the Supreme Court has squarely rejected this argument.  <u>See</u> <u>Watson v. Philip Morris Companies, Inc.</u>, 551 U.S. 142, 152-53 (2007) ("In our view, the help or assistance necessary to bring a private person within the scope of the statute does <u>not</u> include simply <u>complying</u> with the law. . . . The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone.")(emphasis in original).  Given that the mere statement of FAA regulation in the original notice could not support "federal officer" removal, it did not make that theory "present" in the notice.

     The novelty of Zodiac's § 1442(a) argument is confirmed by a thorough review of the original notice of removal.  The notice clearly expresses Zodiac's intended basis for removal – complete preemption – and does not include § 1442 or the "federal officer" removal theory.  When read in context, it is also clear that ¶ 10 is present simply to bolster the argument for complete preemption by showing that the federal government has regulated the area of air safety.  Its discussion of regulation does not suggest any intention to invoke § 1442.

13

In the opening pages of the notice, Zodiac states that it wishes to remove the case "based on the doctrine of complete preemption," and mentions no other theory:

> **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, Defendant Engineered Arresting Systems Corporation, d/b/a Zodiac Arresting Systems America ("Zodiac"), by undersigned counsel, has removed the above-captioned action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. . . .
>
> 2. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after service of the Plaintiff's Amended Complaint upon the West Virginia Secretary of State on July 6, 2015, upon which it was first ascertained that this case is one which is or has become <u>removable based on the doctrine of complete preemption under the Federal Aviation Act of 1958</u>, 49 U.S.C. § 40101, et seq. ("FAAct") and/or the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"). . . .
>
> 4. Removal of this case is proper pursuant to 28 U.S.C. §§ 1441 and 1331 ("federal question") because it presents a federal question under the FAAct and/or the ADA based on the <u>doctrine of complete preemption</u>.

Not. of Removal 2, ¶2, ¶4 (emphasis added). The notice next explained the factual and legal basis of Zodiac's theory of complete preemption. It described the plaintiff's main claims in the case, which related to the failure of certain construction projects at the airport:

> 5. Plaintiff's Amended Complaint arises out of the
> failure of a mechanically stabilized earthen ("MSE")
> structure and engineered material arresting system
> ("EMAS") for a Runway Safety Area ("RSA") at Yeager
> Airport on March 12, 2015 in the Keystone Drive area
> of Charleston, WV. Yeager Airport is operated by
> Plaintiff Central West Virginia Regional Airport
> Authority, Inc.  Am. Compl. ¶ 45.

Not. of Removal ¶5.  The notice then stated that these

types of construction projects are regulated by the Federal

Aviation Administration:

> 10. RSAs, the FAA RSA Program, EMAS system design,
> materials, proposals, quality assurance, inspection
> and maintenance are regulated by the Federal Aviation
> Administration ("FAA"). See Advisory Circular Nos.
> 150/5300-13 (September 29, 1989), 150/5300-13A
> (September 28, 2012), 150/5220-22B (September 27,
> 2012) and/or 150/5220-22A (September 30, 2005); FAA
> Order 5200.8; FAA Order 5200.9; 14 C.F.R. § 139;
> FAAct, 49 U.S.C. § 40101, et seq.; ADA, 49 U.S.C. §
> 41713.

Not. of Removal ¶10.  And the notice then set forth the

final step in Zodiac's argument, which was to state that

federal regulations regarding these construction projects,

including those described in ¶ 10, made the action

removable under the doctrine of complete preemption:

> 11. Federal statutes and regulations in the field of
> airline and aviation safety, including but not limited
> to the statutes and regulations referenced above,
> render this case removable under the doctrine of
> complete preemption. . . .

13. A corollary to the well-pleaded complaint rule is
the "complete preemption doctrine," which provides
that a complaint "can be recharacterized as one
'arising under' federal law if the law governing the
complaint is exclusively federal." [(Citations
omitted.)] . . .

14. The complete preemption doctrine applies to claims
when "the pre-emptive force of a statute is so
'extraordinary' that it 'converts an ordinary state
law complaint into one stating a federal claim for
purposes of the well-pleaded complaint rule.'"
[(Citation omitted.)]  The completely preempted state
claim will thus be considered, "from its inception, a
federal claim," and consequently "arises under"
federal law.  [(Citations omitted.)]  . . . .

Not. of Removal ¶11, 13, 14.  The full argument is crisply

summarized by three paragraphs near the end of the notice:

15. Federal law preempts the entire field of aviation
safety.  [(Citations omitted.)]

16. Runway Safety Areas are within the preempted field
of aviation safety.  [(Citations omitted.)]  State law
actions relating to RSAs, the FAA RSA Program, EMAS
system design, materials, design proposals, quality
assurance, inspection and maintenance are therefore
subject to removal.  [(Citations omitted.)]

17. Accordingly, this case is properly removable to
this Court under 28 U.S.C. § 1441 and/or 1367.

Not. of Removal ¶15, 16, 17.  The notice of removal contained a

total of 19 paragraphs, and those not cited here dealt simply

with other parties' consent to removal, id. ¶ 19, Zodiac's

reservation of defenses in the case, id. ¶ 18, additional detail

regarding the "well-pleaded complaint" rule, id. ¶ 12, the identities of the parties and their alleged roles in the dispute, including general statements about the plaintiff's allegations, id. ¶ 7-9, general background information about the dispute, id. ¶ 6, statements regarding venue, id. ¶ 3, and the style of the case and exhibits attached to the notice, id. ¶ 1. No material in the notice referred, even obliquely, to the "federal officer" theory or to removal under § 1442. From the first paragraph to the last, the notice stated that complete preemption was Zodiac's basis for removal. No reader of the notice would have been aware of any other theory.

Zodiac attempts to bolster its argument by citing In re Blackwater Security Consulting, LLC., 460 F.3d 576 (4th Cir. 2006), for the proposition that "a notice of removal amendment to add a citation to § 1442 is proper under § 1653," Rep. in Supp. of Mot. for Leave to Amend Not. of Removal at *5. But the Blackwater opinion simply included a footnote stating that a litigant had waived its right to amend by failing to exercise it earlier in the litigation. 460 F.3d at 590 n.8. The opinion did not discuss whether the notice alleged facts that would have allowed an amendment adding a reference to § 1442. Id. Blackwater thus has no application here.

Zodiac's briefing also attempts to support the addition of the "federal officer" argument using several cases from district courts outside the Fourth Circuit.  These cases largely present factual or procedural scenarios very different from the present dispute, and some also apply rules different from those governing actions within our circuit.

For example, Zodiac cites <u>Bennett Const. Co., Inc. v. Allen Gardens, Inc.</u>, 433 F.Supp. 825, 832 (W.D.Mo. 1977), in which the court used the "federal officer" statute as a basis for its jurisdiction even though the parties' filings did not cite § 1442.  433 F.Supp. at 832.  The question addressed in <u>Bennett</u>, however, was not a motion to amend the notice or remand the action, but instead whether the court had subject-matter jurisdiction at all.  <u>Id.</u> at 830-32.  The <u>Bennett</u> court's use of arguments not invoked by the parties is thus not parallel to the present situation.  Moreover, the parties in <u>Bennett</u> had not objected to "[a]ny procedural irregularities or defects in the removal," such as the failure to list appropriate grounds of removal in the original notice, and the court ruled that any such objections "thus [had been] waived."  433 F.Supp. at 832.

In <u>Nat'l Audobon Soc. v. Dep't of Water & Power</u>, 496
F.Supp. 499 (E.D.Cal. 1980), the court allowed litigants to
amend a removal notice to assert the "federal officer" statute
as a jurisdictional basis and to state the parties' relations to
government officials.  <u>Id.</u> at 502-04.  The court took judicial
notice of the fact that the litigants "act under the direction
of the Secretaries of Interior and Agriculture," even though the
relations were not alleged in previous filings.  <u>Id.</u> at 503.  By
taking judicial notice of these facts, the court essentially
rendered the factual portion of the amendment unnecessary, and
understood the government relations of the litigants to have
been implicit in the original notice.  That situation differs
from the one at present, in which judicial notice of any similar
facts would be inappropriate and the original notice contained
no factual basis for a "federal officer" removal.

The <u>Nat'l Audobon</u> court also stated, more
problematically, that "the change from Section 1441 to Section
1442(a)(1) is no more than a shifting of legal theory and thus
may be properly viewed as merely a clarification of a defective
allegation."  <u>Id.</u> at 504.  Under the Fourth Circuit's rule in
<u>Wood v. Crane Co.</u>, such a "shifting of legal theory" plainly
constitutes the "furnishing [of] new allegations of a

19

jurisdictional basis," and is thus impermissible.  764 F.3d at
323.  Current Ninth-Circuit jurisprudence appears to agree with
the view of our court of appeals, even if matters may have been
different when Nat'l Audobon Soc. was decided.[1]  See, e.g.,
O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1381 (9th Cir.
1988)("As noted above, the defendant must state the basis for
removal jurisdiction in the petition for removal. Furthermore,
the petition must be filed within thirty days of receiving the
complaint.  28 U.S.C. § 1446(b).  The petition cannot be amended
to add a separate basis for removal jurisdiction after the
thirty day period.")(citation omitted); ARCO Envtl. Remediation,
L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d
1108, 1117 (9th Cir. 2000)("The . . . Notice of Removal states
that federal jurisdiction exists under 28 U.S.C. § 1331 and 42
U.S.C. § 9613(b), but does not state that removal jurisdiction

---

[1] In Wood v. Crane Co., the Fourth Circuit stated that "[t]he
Ninth Circuit's approach, which mirrors that of the Fifth
Circuit, has been criticized as contrary to well-settled
practice." 764 F.3d at 326.  This comment apparently refers to
the doctrine that, "[o]nce a case has been properly removed, the
district court has jurisdiction over it on all grounds apparent
from the complaint, not just those cited in the removal notice .
. . ." Id. at 325 (quoting Williams v. Costco Wholesale Corp.,
471 F.3d 975, 977 (9th Cir. 2006))(alteration in original).
Although the Ninth Circuit appears to have taken an unusual
approach to uninvoked jurisdictional grounds after removal is
deemed proper, it follows a rule similar to that described in
Wood regarding amendment for the purpose of establishing
jurisdiction in the first instance.

exists under either the supplemental jurisdiction statute or the
All Writs Act. Because more than thirty days have passed since
this action was filed in Montana state court, the [litigant] may
not amend its Notice of Removal to state alternative bases for
removal jurisdiction. The necessary amendment is more than a
correction of a 'defective allegation of jurisdiction'
permissible under 28 U.S.C. § 1653.").

Ryan v. Dow Chemical Co., 781 F.Supp. 934, 940 (E.D.NY
1992), a case from within the Second Circuit where defendants
were permitted to add references to the "federal officer"
statute to their removal notice, is also factually
distinguishable from the matter at hand.  In Ryan, the original
notice referred, at least obliquely, to the federal military
contractor defense.  781 F.Supp. at 941.  Defendants in this
case did no such thing.  Moreover, Ryan was decided before
Watson, 551 U.S. 142, in which the Supreme Court clarified that
federal regulation alone is not enough to raise the possibility
of "federal officer" removal.  Discussion in the Ryan
defendants' original notice regarding extensive federal
oversight, see Ryan, 781 F.Supp. at 941, may thus have suggested
a "federal officer" argument more than would a similar notice
filed post-Watson.  To the extent, however, that Ryan relies on

21

the Nat'l Audobon rule giving defendants broad ability to assert new grounds of removal, see Ryan, 781 F.Supp. at 940, it does not mirror the rule of our circuit.

     In Harlem River Produce Co. v. Aetna Cas. & Sur. Co., 257 F.Supp. 160 (S.D.NY 1965), the court allowed a defendant to add material to its original notice that asserted removal under § 1441. Id. at 164. Harlem River is substantially different from the matter at hand inasmuch as the facts supporting removal under § 1441 were readily apparent from the original notice of removal and the nature of the suit. See id. at 161, 166 (noting that case involved a breach of contract claim where the United States was a party and amount in controversy was under $10,000, and demonstrating that last two facts were present in the notice of removal). As explained in this opinion, the notice in the present action provided no such factual basis to support the "federal officer" removal.

     Zodiac's attempts to add references to § 1442, or to a "federal officer" removal theory, will thus be declined. These proposed additions "furnish new allegations of a jurisdictional basis" rather than "correct[ing] allegations already present in the notice of removal," and hence are impermissible. Wood v.

22

<u>Crane Co.</u>, 764 F.3d at 323.


  b. <u>Addition of factual material regarding federal supervision</u>


        To support the § 1442 argument, Zodiac also wishes to
add to its notice the following factual allegations, among
others:


       "[B]ased on the level of control and oversight exerted
       by the FAA in the design and construction of the EMAS
       system, Zodiac acted under the direction of the FAA."

       "[T]he FAA approved reasonably precise design
       specifications for the EMAS system, [and] the EMAS
       system conformed to those specifications (as evidenced
       by the FAA's approval of Zodiac's design for the EMAS
       system) . . . ."

       "Zodiac was unaware of any dangers in the use of the
       EMAS system . . . ."

       "Zodiac designed, inspected, analyzed and engineered
       the EMAS system subject to the oversight, control and
       approval of the FAA."


Am. Not. of Removal at *6-7.  Zodiac contends that these
proposed factual amendments were already present in its initial
notice.  Zodiac points to regulatory documents cited in the
original notice, claims that these documents were "incorporated
into the initial Notice of Removal," and contends that the
amendment only adds factual claims present in these documents.
Rep. in Supp. of Mot. for Leave to Amend Not. of Removal at *10-
23

11.  As earlier noted, Zodiac relies on the following citation
in the original notice:

>     See Advisory Circular Nos. 150/5300-13 (September 29,
>     1989), 150/5300-13A (September 28, 2012), 150/5220-22B
>     (September 27, 2012) and/or 150/5220-22A (September
>     30, 2005); FAA Order 5200.8; FAA Order 5200.9; 14
>     C.F.R. § 139; FAAct, 49 U.S.C. § 40101, et seq.; ADA,
>     49 U.S.C. § 41713.

Not. of Removal ¶ 10.  Zodiac appears to suggest, in particular,
that Willingham v. Morgan, 395 U.S. 402 (1969), requires the
court to review and consider the contents of all documents
mentioned in this string citation in deciding whether to admit
the proposed amendment.  See Rep. in Supp. of Mot. for Leave to
Amend Not. of Removal at *3-4, 11-12.

        Again, Zodiac's arguments do not persuade the court.
This string citation plainly does not "incorporate" the cited
materials into the notice of removal.  It simply relies on the
documents to show that various aspects of Zodiac's work were
"regulated by the Federal Aviation Administration."  See Not. of
Removal ¶ 10.  The proposed amendments that refer to the "level
of control and oversight exerted by the FAA," the FAA's
"approv[al] [of] reasonably precise design specifications for
the EMAS system," and the fact that "the EMAS system conformed

24

to those specifications," are therefore all new additions of fact.  Moreover, the suggested amendment that "Zodiac was unaware of any dangers in the use of the EMAS system" particularly stands out as a fact not previously alleged, and as one that does not appear to be covered by any of the statutory or other materials cited in the earlier notice.  None of these proposed factual amendments can be derived from the bald statement of FAA regulation that was present in the original notice.  All of the proposed amendments thus run afoul of § 1653.

Zodiac mistakenly relies on Willingham to suggest that the court must consider all materials cited in passing in the removal notice.  In Willingham, a prisoner in a federal penitentiary filed suit in state court against the warden and chief medical officer of the facility.  395 U.S. at 403.  The officials removed the suit to a federal court, and, in their removal notice, "invoked 28 U.S.C. § 1442(a)(1)," "alleging that anything they may have done to respondent 'was done and made by them in the course of their duties as officers of the United States of America [. . .] and under color of such offices [. . .]." Id.

In deciding whether to remand the action, the Court considered material in the defendant officials' affidavits, which were filed in the action but not cited in the removal notice, as supplying facts that undergirded the removal theory. 395 U.S. at 407, 407 n.3, 408.  The court used the affidavits to show that defendant officials had contact with plaintiff prisoner exclusively within the United States Penitentiary in Leavenworth, Kansas, and while they were serving as the warden and medical officer of the facility.  395 U.S. at 407-08.  The opinion suggested that an amendment would have been granted under § 1653 if it had been requested, and so the Court chose to read the notice as though it had been amended.  See 395 U.S. at 403, 407 n.3. (noting that, although the "material should have appeared in the petition for removal . . . for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits," and citing other cases in which courts reviewed records for material to support clearly-articulated removal theories).

Willingham thus "permit[s] a court to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where . . . those facts

merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice." Wood, 764 F.3d at 325 (quoting USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.12 (3d Cir. 2003)). In Willingham, the Court noted that the defendants' removal notice invoked § 1442(a)(1), that it explained their status as federal officers, and that it stated that the actions complained of, if they occurred, did so during defendants' official duties. 395 U.S. at 403. The affidavits merely added factual detail clarifying the exact place where defendants had encountered plaintiff and the precise nature of their official duties, material that clearly would have been allowed as an amendment under § 1653. Id. at 407-08. In the present case, by contrast, Zodiac made no mention of the "federal officer" theory or § 1442 in its original notice of removal. The facts it wishes to add are also novel in light of the bare assertions of FAA regulation in the original notice of removal. Because Zodiac's proposed amendment goes far beyond clarification of material in the original notice, the Willingham

rule does not apply.[2]

Moreover, if Zodiac were correct that the citation of any document in a removal notice "incorporates" all content from that document into the notice, and that any material in the "incorporated" document could later support an initially unmentioned basis of removal, then the limits on amendments under § 1653 would be nearly eviscerated.  Defendants could cite large swaths of factual and legal materials, and then later amend their notices however they please.  In this case, for example, Zodiac's short string citation in paragraph 10 of the original notice referred to more than seven hundred pages of technical specifications, statutes, and regulations, including two major pieces of federal legislation, without elaboration on the significance of any of it.  It defies the Rules of Civil Procedure to require plaintiffs to pan for gold in an ocean of potential theories of removal raised by voluminous materials cited in passing.  See 28 U.S.C. § 1446 (stating that notices of

---

[2] Zodiac also cites Willingham for the suggestion that "jurisdictional discovery" may be the appropriate course in this situation.  Rep. in Supp. of Mot. for Leave to Amend Not. of Removal at *12.  Zodiac does not elaborate on this argument.  Because the primary barrier to the amendment is Zodiac's failure to mention or justify "federal officer" removal in the original notice, it is not apparent how jurisdictional discovery could be helpful.

removal must "contain[] a <u>short and plain</u> statement of the grounds for removal")(emphasis added).

### Conclusion and Order

The proposed amendments referring to § 1442(a) supply new allegations, not repairs of "defective" allegations in the original notice of removal.  The original notice contains no mention of § 1442(a) or of Zodiac's purported status as a company "acting under a federal officer."  Nor does the original notice supply any relevant factual detail foreshadowing the substantial proposed factual amendments.

The court accordingly ORDERS that defendants' motion for leave to amend the notice of removal be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: February 18, 2016

John T. Copenhaver, Jr.
United States District Judge

29